UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1069 (MRK) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | DECEMBER 9, 2003 |

**MOTION TO COMPEL DEPOSITION
AND DOCUMENT PRODUCTION FROM PLAINTIFF**

The Defendants herein, pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby move to compel the Plaintiff, Eveline Goins, to appear for her deposition and produce documents responsive to the Defendants' Request for Production.

This is an action alleging violations of the Fair Debt Collection Practices Act. The action arises out of the Defendants' attempt to collect a debt with respect to certain alleged bad checks written by the Plaintiff. Plaintiff claims to have received certain allegedly false or misleading letters from the Defendants with respect to their attempt to collect a debt left unsatisfied by Plaintiff's alleged bad checks.

A.    **The Plaintiff Should Be Compelled To Appear At Her Deposition.**

On or about August 14, 2003, the Defendants served the Plaintiff with a notice of deposition. The notice scheduled the Plaintiff's deposition for August 27, 2003. (See copy of the deposition notice attached hereto as Exhibit A). Immediately upon receipt of the notice, Plaintiff's counsel contacted the undersigned expressing concern that the Plaintiff's deposition had been noticed to occur prior to the deposition of the defendant Marvin Brandon, which had

1

been previously scheduled to proceed on September 5, 2003. Based on Plaintiff counsel's concerns, the undersigned assured Plaintiff's counsel in an email message dated August 14, 2003 that the Defendants "intent has always been and remains to accommodate Ms. Goins' schedule by scheduling her deposition for some mutually convenient date AFTER Mr. Brandon's deposition." (Emphasis in the original).

Notwithstanding the undersigned's clear and unequivocal assurances to Plaintiff's counsel that the Defendants would not proceed with the deposition of the Plaintiff until after the deposition of Mr. Brandon on September 5th, the Plaintiff and her counsel inexplicably appeared at the office of the undersigned on August 27, 2003 for the purported purpose of proceeding with the Plaintiff's deposition. Based on the prior communications between counsel, the undersigned was obviously unprepared to proceed with any such deposition.

On September 5, 2003, Plaintiff took the deposition of Marvin Brandon. At that time, Plaintiff's counsel asserted that the Defendants had "had their chance" to take the deposition of the Plaintiff on August 27, 2003. Thereafter, Plaintiff only agreed to be deposed if the deposition took place in New Haven, Connecticut, as opposed to the undersigned's offices in Southport, and the Defendants paid Plaintiff's and Plaintiff counsel's so-called "costs" for their appearance at the August 27th "deposition."

Despite Plaintiff's attempts to unilaterally impose conditions on the Defendants' clear right to take her deposition, the Defendants nonetheless served the Plaintiff with a notice of deposition on or about October 24, 2003. The notice scheduled the Plaintiff's deposition for November 13, 2003. (See copy of the deposition notice attached hereto as Exhibit B). As a courtesy to Plaintiff's counsel, the Defendants noticed the Plaintiff's deposition to take place at

2

Plaintiff counsel's business address at 123 Avon Street in New Haven. Unbeknownst to the undersigned, however, such address is also Plaintiff counsel's personal residence, and therefore was not a suitable location for the deposition.

Upon receiving the Defendants' notice of deposition, Plaintiff's counsel informed the undersigned that the 123 Avon Street address was not a suitable deposition location. At the same time, Plaintiff noticed the deposition of the defendant Jack Boyajian, also for November 13, 2003, with the understanding that Mr. Boyajian's deposition would proceed at the same time and place as the Plaintiff's deposition. In this regard, Plaintiff noticed the deposition of Mr. Boyajian to take place at offices of Sanders, Gale & Russell, 437 Orange Street, New Haven, CT. (See copy of the deposition notice attached hereto as Exhibit C). Accordingly, Defendants were under the obvious understanding that the depositions of both the Plaintiff and Mr. Boyajian would proceed at offices of Sanders, Gale & Russell.

On November 10, 2003, the undersigned informed Plaintiff's counsel that the defendant Jack Boyajian had an unavoidable conflict and could not appear for his deposition on November 13, 2003. It is significant to note that Mr. Boyajian is an out-of-state defendant who resides in New Jersey. In response to being informed that Mr. Boyajian could not appear for his deposition, Plaintiff refused to appear for her deposition based on the assertion that the Defendant had never formally re-served a notice of deposition for an address other than 123 Avon Street, New Haven, CT. This was so despite the seemingly clear understanding leading up to the November 13th depositions of the Plaintiff and Mr. Boyajian that the depositions would proceed at the offices of Sanders, Gale & Russell. Accordingly, while the Plaintiff has already been afforded the opportunity to depose the representative of the Defendants of her choice,

3

Marvin Brandon, she has utilized cat and mouse tactics to obstruct and thwart the Defendants on multiple occasions from taking her deposition and discovering the very basis of her claims. The Plaintiff should be compelled to appear at her deposition.

**B.    The Plaintiff Should Be Compelled To Produce Documents Responsive To The Defendants' Request For Production.**

The Plaintiff has utilized similar tactics to completely deny the Defendants document discovery as well. On or about August 1, 2003, the Defendants served the Plaintiff with a Request for Production via first class mail. (See copy of the Request for Production attached hereto as Exhibit D). The Request sought, among other things, seeks all communications between the Plaintiff and the Defendants, including the allegedly offending letters from Defendants to the Plaintiff.

By email message dated September 23, 2003, the undersigned inquired from Plaintiff's counsel as to the status of the Plaintiff's overdue responses to the Defendants' Request for Production. Plaintiff's counsel replied by claiming that she never received the Defendant's Request. The undersigned immediately forwarded the Request for Production to Plaintiff's counsel by email dated September 24, 2003, leaving no doubt as to Plaintiff's receipt of the Defendant's Request for Production.

On or about October 24, 2003, the undersigned again inquired as to the status of the Plaintiff's responses to the Defendants' Request for Production. Again resorting to gamesmanship that has nothing to do with the merits of this action, the Plaintiff took the position that the forwarding of the Request for Production by email did not constitute "service" and therefore the Request did not warrant a response. Accordingly, in a final attempt to avoid a motion to compel, the Defendants served the Plaintiff with the Request for Production by

4

certified mail on or about October 24, 2003.[1]

On or about November 24, 2003, Plaintiff filed unresponsive, blanket objections to the Defendants' Request for Production, claiming that any response to the Request was due after the discovery deadline of November 15, 2003. Plaintiff asserted such an objection knowing that Defendants had previously attempted to serve such a Request for Production on or about August 1, 2003, which Plaintiff claimed to have never received, and Plaintiff had in fact actually received such Request by email on September 24, 2003.

As a result of the foregoing tactics, Plaintiff has never produced the allegedly offending letters or any other documents on which she bases her claims, either through discovery or, for that matter, as part of any initial disclosures under Federal Rule 26(a)(1). Plaintiff should be compelled to produce documents responsive to the Defendants' Request for Production.

The undersigned counsel certifies in accordance with Federal Rule 37 that the undersigned has attempted to confer in good faith with Attorney Joanne Faulkner, counsel for the Plaintiff, to secure the disclosure sought herein without court action, and such efforts have been unsuccessful.

---

[1] Notwithstanding, it remains the position of the Defendants that the Request for Production was in fact served by first-class mail on or about August 1, 2003, and any later attempts to provide the Request for Production to the Plaintiff were made merely to accommodate and remove any issue with Plaintiff's counsel in view of her claim that she never received the initial mailing of the Request.

WHEREFORE, the Defendants request a court order:

(1) Requiring the Plaintiff to appear for her deposition;

(2) Requiring the Plaintiff him to produce documents responsive to the Defendants' Request for Production;

(3) Awarding the Defendants the costs of this Motion to Compel, including a reasonable attorneys' fee; and

(4) Such other and further different relief that the court may deem just and equitable.

THE DEFENDANTS,

By: _____
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December 2003, to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, CT 06511

_____
Sabato P. Fiano

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1069 (CFD) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | AUGUST 13, 2003 |

## NOTICE OF DEPOSITION

The Defendants, in accordance with Fed. R. Civ. P. 30 and 45, hereby give notice that their attorney will take the deposition of the plaintiff, Eveline Goins, on August 27, 2003, commencing at 10:00 a.m. at the law offices of Kleban & Samor, P.C., 2425 Post Road, Southport, Connecticut 06890, before Goldfarb & Ajello, court reporters, or other competent authority, to be used in the trial of this matter.

The deposition will continue from day to day until concluded. Parties are invited to attend and cross-examine the deponent.

THE DEFENDANTS,

By: _____
Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via certified mail, return receipt requested and via Federal Express priority overnight mail this 13th day of August 2003, to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, CT 06511

_____
Sabato P. Fiano

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELINE GOINS | : CIVIL ACTION NO. |
| | : 3:02 CV 1069 (MRK) |
| vs. | : |
| JBC & ASSOCIATES, P.C. | : |
| JACK H. BOYAJIAN | : |
| MARVIN BRANDON | : OCTOBER 24, 2003 |

## NOTICE OF DEPOSITION

The Defendants, in accordance with Fed. R. Civ. P. 30 and 45, hereby give notice that their attorney will take the deposition of the plaintiff, Eveline Goins, on November 13, 2003, commencing at 10:00 a.m. at the law offices of Joanne S. Faulkner, Esq., 123 Avon Street, New Haven, CT 06511, before Goldfarb & Ajello, court reporters, or other competent authority, to be used in the trial of this matter.

The deposition will continue from day to day until concluded. Parties are invited to attend and cross-examine the deponent.

THE DEFENDANTS,

By: _____
Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

1

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via certified mail, return receipt requested and via Federal Express priority overnight mail this 24th day of October 2003, to:

> Joanne S. Faulkner, Esq.
> 123 Avon Street
> New Haven, CT 06511

_____
Sabato P. Fiano

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                    CASE NO. 3:02CV 1069 (MRK)

JBC & ASSOCIATES ET AL.                               October 29, 2003

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of defendant Boyajian on the 13th day of November, 2003, at 11:00 A.M. to be held at the Offices of Sanders, Gale & Russell, 437 Orange Street, New Haven CT before a competent authority. Thereafter, examination will continue from day to day until completed.

You are invited to attend and cross-examine.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1069 (CFD) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | AUGUST 1, 2003 |

### REQUESTS FOR PRODUCTION

The Defendants JBC & Associates, P.C., Jack H. Boyajian and Marvin Brandon (collectively "the Defendants"), hereby requests that the Plaintiff provide counsel for Defendants with the following documents within thirty (30) days of the date hereof, in accordance with the definitions set forth in Local Rule 26 and Fed. R. Evid. 1001. These requests shall be deemed continuing so as to require supplementary production if you obtain further responsive documents up until the time of trial.

### INSTRUCTIONS

1. These requests shall be deemed to be continuing until the time of trial and require updating as necessary to reflect new information obtained by the Plaintiff or her attorney.

2. If you object to or otherwise decline to respond to any portion of a request, provide all information called for by that portion of the request to which you do not object or which you do not decline to answer.

3. If you object to a request on the ground that it is too broad (i.e., that it calls for information, some of which is relevant to the subject matter of the action and some of which is not), provide such information which is concededly relevant

4. If you object to a request on the ground that to provide the requested documents would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden.

5. For those portions of any request to which you object or otherwise decline to answer, state the reason for your response.

6. If you claim that any documents or information requested are privileged or otherwise protected from discovery, you shall nonetheless provide the following information:

    a. The person asserting the privilege/protection claim;

    b. The nature of the privilege/protection claim;

    c. The factual and legal basis for the privileged claim or specific statutory authority which provides the basis for the failure to respond.

## DOCUMENT REQUESTS

1. All documents evidencing communications between any of the Defendants and you or your attorney concerning or relating to the alleged debt to Wilson Suede & Leather referred to in your complaint.

2. All documents evidencing communications between you or your attorney and the creditor concerning or relating to the alleged debt to Wilson Suede & Leather referred to in your complaint.

3. All returned or cancelled checks concerning or relating to any payments or attempted payments regarding the alleged debt to Wilson Suede & Leather referred to in your complaint.

4. A copy of your petition in bankruptcy and any schedules submitted therewith or attached thereto, including but not limited to Schedules regarding assets, claims, exemptions and creditors.

5. All documents reflecting or evidencing any actual damages you claim to have suffered as a result of the allegations in your complaint, including but not limited to all medical, psychiatric, psychological or other records and/or billing statements reflecting any professional treatment and/or medication you have received.

6. All documents provided by you to Attorney Joanne Faulkner, or any other attorney, concerning or relating to the allegations of your complaint or the alleged debt to Wilson Suede & Leather referred to in your complaint.

7. All account statements regarding any checking account maintained by you during the period from January 1, 1996 to December 31, 1996

THE DEFENDANT,

By: _____
Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 1st day of August, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano