United States District Court
District of Connecticut
FILED AT NEW HAVEN
12/9 2003
Kevin F. Rowe, Clerk
By [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS : CIVIL ACTION NO. 3:02 CV 1069 (MRK)

vs.

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON : DECEMBER 9, 2003

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION FROM PLAINTIFF**

The Defendants hereby file this memorandum of law in support of their Motion to Compel the Plaintiff, Eveline Goins, to appear for her deposition and produce documents responsive to the Defendants' Request for Production.

This is an action alleging violations of the Fair Debt Collection Practices Act. The action arises out of the Defendants' attempt to collect a debt with respect to certain alleged bad checks written by the Plaintiff. Plaintiff claims to have received certain allegedly false or misleading letters from the Defendants with respect to their attempt to collect on a debt left unsatisfied by Plaintiff's alleged bad checks.

The facts relevant to this memorandum are fully set forth in the accompanying Motion to Compel, filed simultaneously herewith.

**Argument**

Federal Rule 37 establishes a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties.

Independent Productions Corp. v. Loew's, Inc., 283 F.2d 730 (2d Cir. 1960); Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 207 (1958). District judges have broad discretion in imposing sanctions under Rule 37 for a party's failure to cooperate with discovery. Corporation of Lloyd's v. Lloyd's U.S., 831 F.2d 33, 36 (2d Cir.1987).

A Rule 37 motion to compel discovery is controlled by Federal Rule 26(b)(1), which sets forth the standard against which the inquiries are to be measured. The scope of discovery extends to "any matter, not privileged, which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1). It is axiomatic that the discovery rules are to be construed liberally in favor of the party seeking discovery. Hickman v. Taylor, 329 U.S. 495 (1947).

As more fully set forth in the accompanying Motion to Compel, Plaintiff has continually attempted to thwart and obstruct the Defendant's right to take her deposition and seek the disclosure of documents through "cat and mouse" tactics that have wholly deprived the Defendants of any discovery whatsoever in this action. Under the circumstances of this case, Defendant must be entitled to examine Plaintiff and, at a minimum, request and review the documents upon which she bases her claims. Plaintiff has not so much as produced the very letters that she claims violate the Fair Debt Collection Practices Act, either by way of discovery or initial disclosures pursuant to Federal Rule 26(a)(1). At the same time, Plaintiff has received the benefit of discovery from the Defendant, including but not limited to having been afforded to opportunity to depose the representative of the Defendants of her choice, Marvin Brandon. Defendants will be manifestly and irreparably prejudiced with respect to asserting or opposing

any dispositive motion in this action as a result of the Plaintiff's tactics. Accordingly, the Defendants' Motion to Compel should be granted.

THE DEFENDANTS,

By:____________________

Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December 2003, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

____________________
Sabato P. Fiano