UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                              CASE NO. 3:02CV 1069 (MRK)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN                                December 15, 2003
MARVIN BRANDON


PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

Plaintiff sued under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692e, -f, and -g, and the Connecticut Unfair Trade Practices Act (CUTPA). Plaintiff seeks statutory damages, punitive damages, attorney's fees and costs. Summary judgment is appropriate, because whether the defendants' collection letter at issue violated the FDCPA is a question of law for the Court under the "least sophisticated consumer" standard. Schweizer v. Trans Union Corp., 136 F.3d 233, 237-38 (2d Cir. 1998), citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) and Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993).

Plaintiff meets the essential three requirements to establish an FDCPA violation: (1) the plaintiff is the consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law. Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 469 (D.N.M. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997); Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1206 (N.D.Ga. 1981).

I.   PLAINTIFF IS A CONSUMER

In response to the Complaint, defendants admitted that plaintiff is a consumer.

II.   DEFENDANTS ARE DEBT COLLECTORS

Defendants admitted that JBC and Brandon are debt collectors. Based on defendant Brandon's deposition, defendant Boyajian is the principal of JBC, drafted and reviewed the letter sent to plaintiff, and makes the significant collection decisions including the letters to be sent, the amount to be demanded, and whether to pursue civil or criminal consequences.

A "debt collector" is "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Boyajian is a debt collector under either test.

III.   PRINCIPLES OF CONSTRUCTION

1.   The FDCPA is a strict liability statute. Proof of only one violation is sufficient to support judgment for plaintiff. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60 (2d Cir. 1993).

2.   The FDCPA is liberally construed in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Financial Systems, Inc., 839 F. Supp. 941, 944 (D. Conn. 1993).

3.   The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998).

4.   "At the outset, it should be emphasized that the use of any false, deceptive, or misleading representation in a collection letter violates § 1692e regardless of whether the representation in question violates a particular subsection of that provision." Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993).

5.      The standard used to determine whether something is deceptive or misleading is whether the "least sophisticated consumer" could have been deceived or misled. Clomon, 988 F.2d at 1318. The "least sophisticated consumer" is a naive, credulous, gullible, ignorant, unthinking, person of "below-average sophistication or intelligence" "with a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Id.

6.      A letter is deceptive or misleading if it is subject to an inaccurate yet reasonable interpretation by the least sophisticated consumer. Russell v. Equifax A.R.S., 74 F.3d 30, 36 (2d Cir. 1996)

7.      Whether a letter is deceptive or misleading from the perspective of the least sophisticated consumer is ordinarily a question of law for the Court, where a defendant has not conceded liability. Schweizer v. Trans Union Corp., 136 F.3d 233, 237 38 (2d Cir. 1998), citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) and Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 63 (2d Cir. 1993).

8.      The FDCPA prohibits collection practices that violate other state or federal laws. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 448 (8th Cir. 2001); Gaetano v. Payco, 774 F. Supp. 1404, 1414 15 (D. Conn. 1990).

## IV. ATTEMPTING TO COLLECT A MULTIPLE OF ANY AMOUNT WAS UNLAWFUL

Defendants were collecting on alleged January 1996 debts totaling $402.78. Their November 2001 demand letter sought payment of $1971.80: "Unless we receive immediate payment of $1971.80 or sufficient documentation that relieves you of this obligation, we reserve the right to use any and all information we have obtained in further civil or criminal proceedings." The amount demanded was over four times the amount of the alleged debt. The

creditor could have added $20 to the amount of each check (unless certain exceptions applied). Conn. Gen. Stat. §52-565a(i). A creditor who jumped through the statutory hoops might be awarded additional damages "to be determined by the court" up to the face amount of the checks. § 52-565a (a)-(h). Since the creditor did not go to court to seek additional damages, and assuming none of the exceptions applied, the maximum amount of the underlying debt was $440.78 (adding $20 for each check). Assuming interest could accrue at 8% (Conn. Gen. Stat. §37-1(a)), only $211.57 could be added to the $440.78. Plainly, the balance on any Wilson Suede & Leather debt could not be anywhere near the $1971.80 figure demanded under threat of criminal or civil proceedings.

The FDCPA prohibits both misrepresenting the amount of the debt (§1692e) and the attempt to collect any amount not allowed by law (§1692f(1)). Defendants violated the FDCPA by seeking a large multiple of any possible underlying debt. Duffy v. Landberg, 215 F.3d 871 (8th Cir 2000); Kojetin v. CU Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000) (per curiam); Picht v. Jon R. Hawks, Ltd., 236 F.3d 446 (8th Cir. 2001).

V.  MENTION OF CRIMINAL PROCEEDINGS WAS UNLAWFUL.

Defendants were collecting on alleged January 1996 debts totaling $402.78. Their demand letter sought payment of $1971.80: "Unless we receive immediate payment of $1971.80 or sufficient documentation that relieves you of this obligation, we reserve the right to use any and all information we have obtained in further civil or criminal proceedings." Brandon admitted that mention of criminal proceeding should not be in JBC's letters because it may be unlawful.

15 U.S.C. § 1692e generally prohibits false, deceptive or misleading representations. Subsection (2) prohibits the false representation of the legal status of the debt. Subsection (4)

4

prohibits the "representation or implication" that nonpayment "will result in the arrest or imprisonment" unless the action is lawful and the debt collector intends to take such action. Subsection (5) prohibits the threat to take any action that cannot be legally taken, or that is not intended to be taken.

The two alleged checks at issue were supposedly written in 1996 for amounts of less than $250.00. At best, any criminal violation would be a Class C misdemeanor. Conn. Gen. Stat. §53a-128(c). The time for criminal proceedings on any such checks expired one year after they were written. Conn. Gen. Stat. §54-193(b). Mention of an unavailable criminal proceeding is one of the seriously unlawful collection tactics which the FDCPA was enacted to prevent.

VI. MENTION OF CIVIL PROCEEDINGS WAS UNLAWFUL

Defendants' letter mentioned the use of "further civil or criminal proceedings." No criminal proceedings were possible. No civil proceedings were intended, according to Mr. Brandon at his deposition. The letter was sent only two months before the longest possible statute of limitations expired (six year contract statute). No defendant could bring suit. Brandon and Boyajian were not admitted to practice in Connecticut. Only Wilson could bring suit. Defendants did not even have copies of the checks to sue upon.

A deceptive threat of civil action is a classic, well-known violation of the FDCPA. *E.g.* Pipiles v. Credit Bureau, Inc., 886 F.2d 22, 25-26 (2d Cir. 1989); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993).

VI. MENTION OF MOTOR VEHICLE AUTHORIZATION WAS FALSE

Defendants' form letter asserted, "Be advised our records reflect you may have used your drivers license and therefore you may have authorized our client to inquire as to your identity and location in its efforts to recover the funds due. Before your state's motor vehicle

5

division is contacted regarding such information . . . ." (Emphasis added.) To the least sophisticated consumer, the letter could well be interpreted as a threat to her driver's license or ability to register a motor vehicle.

More significant is that defendants' assertion is a serious misrepresentation of the law. Federal law since 1994 and parallel state laws severely restricted the ability to obtain information from a driver's license database. 18 U.S.C. § 2721; Conn. Gen. Stat. §14-10. Express consent of the license holder was a condition to obtaining records. §14-10(f)(2)(J); 18 U.S.C. § 2771(b)(11).  Under no circumstances could the mere use of a driver's license "authorize[] our client to inquire" of any state's motor vehicle division. The statement was objectively false.  Of course, since defendants already had plaintiff's identity and location, it did not need to contact any third party. §1692b. Contact with the motor vehicle department was specifically prohibited by the FDCPA §1692c(b) since use of a driver's license is not "direct consent." The representation that anyone could obtain information from the motor vehicle department based solely on permission implied from use of a driver's license was false.

VII. DEFENDANTS VIOLATED STATE LAW

Connecticut's Creditors' Collection Practices Act and Regulations parallel the FDCPA. Reg. Conn. State Agencies §36a-647-5 to 7. Connecticut's Consumer Collections Agency Act and Regulations parallel the FDCPA. Reg. Conn. State Agencies §36a-809-3(f), (g). By violating these parallel state laws, defendants have violated CUTPA, Conn. Gen. Stat. §42-110b. Even if the Banking Department had not already determined by regulation that the practices were unfair or deceptive, a violation of a federal law is a per se violation of CUTPA (unfair or deceptive practices): <u>Dial Corp. v. Manghnani Inv. Corp</u>., 659 F. Supp. 1230, 1238-39 (D. Conn. 1987); <u>Chauvin Intern. Ltd. v. Goldwitz</u>, 927 F. Supp. 40, 49 & n.22 (D. Conn.

1996); <u>Pfizer, Inc. v. Miles, Inc</u>., 868 F. Supp. 437, 442 (D. Conn. 1994); <u>Nabisco Brands, Inc. v. Kaye</u>, 760 F. Supp. 25, 29 (D. Conn. 1991); <u>Zoological and Ecological Research Found., Inc. v. Crabtree-Haas Imports, Inc</u>., 7 CSCR 1144, 1145 (Oct. 19, 1992) (Katz, J.).The state

## CONCLUSION

Plaintiff has presented four serious violations of which the individual defendants, whose principal practice with JBC is debt collection, and who are admitted as lawyers in other jurisdictions, are charged with knowledge. Partial summary judgment as to liability alone should enter for plaintiff for these violations of the FDCPA and state law.

          THE PLAINTIFF

          BY_____
          JOANNE S. FAULKNER ct04137
          123 Avon Street
          New Haven, CT 065l1
          (203) 772-0395

This is to certify that the foregoing was mailed on December 13, 2003, postage prepaid, to:

Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

          _____
          Joanne S. Faulkner