UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:02CV 1069 (MRK)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN                            December 15, 2003
MARVIN BRANDON

PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT

Following are the material facts as to which there is no genuine issue to be tried:

1.  Plaintiff is a consumer within the Fair Debt Collection Practices Act. (Answer to ¶ 4 of the Complaint, Doc. Nos. 1, 8).

2.  Defendant Brandon is a debt collector within the FDCPA. (Def. Response to Adm. 1, copy attached).

3.  Defendant, JBC & Associates, P.C. is a debt collector within the meaning of the FDCPA. (Doc. No. 10)

4.  Plaintiff allegedly owed a debt to Wilson's Suede & Leather incurred for personal, family or household purposes. (Doc. No. 10)

5.  Defendant  JBC & Associates, P.C. communicated with plaintiff in an effort to collect an alleged debt. (Doc. No. 10).

6.  Defendants JBC and Brandon sent plaintiff the form letter of Nov. 21, 2002, appended to her affidavit. Pl. Aff.; Def. Response to Int. 1, attached to Doc. No. 23.

7.  Defendants Boyajian and Brandon reviewed and drafted the form letter sent to plaintiff. Def. Response to Int. 3, attached to Doc. No. 23.

8.   Defendant Boyajian is the president, CEO, and principal of defendant JBC. Brandon Deposition at 6 ("Brandon Dep.") attached; list of attendees at August 17-30, 2003 conference, attached.

9.   Defendant Boyajian reviews the accounts and makes the decisions to send the letters. Brandon Dep at 22-25 attached.

10. Defendant Boyajian makes the decision about the amount demanded in the letters. Brandon Dep. at 34-35 attached.

11. Defendant Boyajian makes the decision whether to sue. Brandon Dep. at 28-29 attached.

12. Defendant Brandon had no intent to sue at the time he sent the letter. Brandon Dep. at 29 attached.

13. Defendants were attempting to collect an underlying amount of $402.78, allegedly arising from two checks dated January 28, 1996 for $158.99 and January 29, 1996 for $243.79, both written to Wilson Suede and Leather. Def. Response to Int. 2, attached to Doc. No. 23.

14. "Letters should not refer to criminal consequences." "It may be a violation of the FDCPA." Brandon Dep. at 48 attached.

15. Neither Brandon nor Boyajian is admitted to practice in Connecticut. Brandon Dep. at 7, 33 attached.

16. Defendants did not have and were not able to obtain copies of the alleged checks. Brandon Dep. at 54-56 attached.

THE PLAINTIFF


BY_____
JOANNE S. FAULKNER ct04137
     123 Avon Street
     New Haven, CT 06511-2422
     (203) 772-0395
     j.faulkner@snet.net