UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                    CASE NO. 3:02CV 1069 (MRK)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN                                      December 18, 2003
MARVIN BRANDON

PLAINTIFF'S OBJECTION TO MOTION TO COMPEL

        Plaintiff objects to defendants' Motion to Compel, since (1) it was signed by Sabato

Fiano, who has no appearance in the case and may not act as counsel for defendants; (2)

plaintiff and her counsel appeared at a duly noticed deposition on August 27, 2003, but

defendants refused to take the deposition meriting sanctions under Fed. R. Civ. P. 37(d) which

should include preclusion of any deposition;[1] (3) plaintiff filed a summary judgment motion

relating to defendants' letter, so that plaintiff's testimony is unnecessary; (4) document

production is moot, since the only document involved is appended to plaintiff's summary

judgment affidavit; (5) depositions are ordinarily precluded absent good cause in FDCPA

cases;[2] (6) defendants did not file a Local Rule 37 affidavit and made no effort to resolve any

issues as mandated by Rule 37(a)(2)(A) and Local Rule 37(a)2 before filing; (7) defendants did

not recite verbatim the requests and responses as mandated by Local Rule 37(a)3. A copy of

plaintiff's responses and objections is appended.

---

[1] See Ruling precluding deposition in Spector v. Trans Union, Civil No. 3:03CV 252 (GLG) (WIG) attached.
[2] Plaintiff appends several decisions granting a motion for protective order (deposition) unless defendant can show good cause therefor. Dotkowski v. GC Services Ltd Partnership, Civil No. 3:96CV1487 (RNC) (DFM) (D. Conn. July 21, 1997); Csugi v. Monterey Financial Services, Civil No. 3:95CV2140 (DJS) (D. Conn. June 12, 1996); Cirkot v. Capital Credit Corporation, Civil No. 3:94CV109 (RNC) (D. Conn. Feb. 23, 1996); Taylor v. Teleservices, Inc., Civil No. 3:95CV2205 (AWT) (D. Conn. May 31, 1996); Bishop v. National Account Systems, Inc., Civil No. 3:91CV 132 (AHN) (TPS) (D. Conn. Jan. 6, 1992).

Defendant's improperly filed and belated Motion to Compel should be denied. Edberg v. CPI, Inc., 2000 WL 1844651 (D. Conn. 2000).

THE PLAINTIFF


BY_____
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    j.faulkner@snet.net


This is to certify that the foregoing was mailed on December 17, 2003, postage prepaid, to:

Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

_____
Joanne S. Faulkner