GRANTED. Defendant may move for leave to take plaintiff's deposition based on a showing that a deposition is necessary and appropriate. SO ORDERED.

Donna F. Martinez, U.S.M.J.
7/21/97

22

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEBBIE DOTKOWSKI

v.

GC SERVICES LTD PARTNERSHIP

CASE NO. 3:96V1487 RNC

June 10, 1997

MOTION FOR PROTECTIVE ORDER

Plaintiff moves for a protective order to prevent duplication, oppression and undue burden and expense to plaintiff, that no deposition be held or that documents be precluded. Fed. R. Civ. P. 26(b)(2)(i), (ii), (iii), 30(b)(5). A deposition in an FDCPA action is rarely appropriate, particularly since this plaintiff is not requesting actual damages, but is instead requesting statutory damages which are, at best, $1,000. Plaintiff relies solely on the defendant's documents, discovery responses and procedures. Either the defendant's documents and actions are in compliance with the statutory requirements or they are not. Defendant's liability is a matter of law. This case is based solely on defendant's documents and other information exclusively within defendant's possession and control.

Thus, Plaintiff's testimony cannot lead to admissible evidence. *Nothing about the underlying transaction can* affect defendant's liability. See Purtle v. Eldridge Auto Sales, Inc., 91 F.3d 797 (6th Cir. 1996). The deposition

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN ASHOT

CASE NO. 3:95CV2140 DJS

NCIAL SERVICES May 8, 1996

MOTION FOR PROTECTIVE ORDER

nt is seeking to schedule plaintiff's ithin the next week. Plaintiff moves for a rder to prevent duplication, oppression and and expense to plaintiff, that no deposition R. Civ. P. 26(b)(2)(i), (ii), (iii).

tion in an FDCPA action is rarely appropriate. response to discovery very specifically sets ion practice violations pursuant to 15 U.S.C. aintiff relies solely on the defendant's scovery responses and procedures. Either the actions are in compliance with the statutory or they are not. Nothing plaintiff can say ndant's liability, which is a matter of law. based solely on defendant's documents and tion exclusively within defendant's possession

ff's testimony cannot lead to admissible othing about the underlying transaction can iability. The deposition should be precluded.

June 12, 1996. No. 3:95cv2140(DJS)(filing 26) The court's prior order filed on May 1, 1996 granting an extension of time to take the Plaintiff's deposition is vacated. The Plaintiff's Motion for Protective Order (document # 26) is GRANTED for the reasons stated in the motion and the accompanying memorandum of law, without prejudice to the Defendant's right to take a deposition at a later date if it can articulate a good reason therefor or if the presentation of proof by the Plaintiff is different than as represented by her attorney in the moving documents.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP A. MADONNA

V. CASE NO. 3:95CV00406 AWT

CAPITAL CREDIT CORPORATION February 16, 1996

MOTION FOR PROTECTIVE ORDER

Defendant has scheduled plaintiff's deposition for February 28 or March 8 (depending on the undersigned's schedule). Plaintiff moves for a protective order to prevent duplication, oppression and undue burden and expense to plaintiff, that no deposition be held. Fed. R. Civ. P. 26(b)(2)(i), (ii), (iii). The complaint alleges collection practice violations, pursuant to 15 U.S.C. § 169e, -f, and -g. There were no oral communications with plaintiff. Plaintiff relies solely on the defendant's documents. **Either the documents show compliance with the statutory requirements or they do not.**

Nothing plaintiff can say affects defendant's liability, which is a matter of law. This case is based solely on defendant's documents and other information exclusively within defendant's possession and control. Either the letters complied with the FDCPA or they didn't. Nothing about the underlying transaction can affect this liability. Plaintiff's testimony cannot lead to admissible evidence. The deposition should be precluded.

GRANTED, based on the plaintiff's representations that he will not testify and is not seeking actual damages. It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT 3/21/96

**February 23, 1996.** Granted. Plaintiff may move for leave to take plaintiff's deposition based on a showing that a deposition is necessary and appropriate. So ordered.

Robert N. Chatigny, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELYN CIRKOT

v.

CAPITAL CREDIT CORPORATION

CASE NO. 3:94CV00109 RNC

February 16, 1996

MOTION FOR PROTECTIVE ORDER

Defendant has scheduled plaintiff's deposition for February 28 or March 8 (depending on the undersigned's schedule). Plaintiff moves for a protective order to prevent duplication, oppression and undue burden and expense to plaintiff, that no deposition be held. Fed. R. Civ. P. 26(b)(2)(i), (ii), (iii). The complaint alleges collection practice violations, pursuant to 15 U.S.C. § 169e, -f, and -g. Plaintiff relies solely on the defendant's documents. **Either the documents show compliance with the statutory requirements or they do not.**

Nothing plaintiff can say affects defendant's liability, which is a matter of law. This case is based solely on defendant's documents and other information exclusively within defendant's possession and control. Either the letters complied with the FDCPA or they didn't. Nothing about the underlying transaction can affect this liability. Plaintiff's testimony cannot lead to admissible evidence. The deposition should be precluded.

For cause, plaintiff alleges:



10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETTY TAYLOR

v. CASE NO. 3:95CV02205 AWT

TELESERVICES, INC. February 19, 1996

**MOTION FOR PROTECTIVE ORDER**

Defendant has scheduled plaintiff's deposition for March 5, 1996. Plaintiff moves for a protective order to prevent duplication, oppression and undue burden and expense to plaintiff, that no deposition be held. Fed. R. Civ. P. 26(b)(2)(i), (ii), (iii). The complaint alleges collection practice violations, pursuant to 15 U.S.C. § 169e, -f, and -g. Plaintiff relies solely on the defendant's documents. **Either the documents show compliance with the statutory requirements or they do not.**

Nothing plaintiff can say affects defendant's liability, which is a matter of law. This case is based solely on defendant's documents and other information exclusively within defendant's possession and control. Either the letters complied with the FDCPA or they didn't. Nothing about the underlying transaction can affect this liability. Plaintiff's testimony cannot lead to admissible evidence. The deposition should be precluded.

For cause, plaintiff alleges:

1. Liability herein is premised solely on the forms

GRANTED. In the event of a change in circumstances, the defendant may move for leave to take the plaintiff's deposition based on a showing that a deposition will not be duplicative, oppressive, or unduly burdensome. It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT 5/31/96

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED OCT 14 11 01 AM '87 CLERK U.S. DISTRICT COURT HARTFORD, CONN

DANIEL BRUNDRETT

v.

CENTURY COLLECTION AGENCY, INC.

CIVIL ACTION NO. N-87-215 AHN

October 10, 1987

## MOTION FOR PROTECTIVE ORDER

1. Defendant has noticed a half-hour deposition for October 14, 1987, and simultaneously moved to dismiss the case for non-payment of a bond. Defendant has filed blanket and belated objections to discovery pending for several months.

2. The deposition notice was postmarked October 8, despite the earlier date of certification, and received mid-afternoon on October 9, 1987. In view of the long Columbus day weekend and the undersigned's prior difficulty in reaching plaintiff and obtaining responses to communications, and the undersigned's other commitments, the notice is unreasonably short.

3. Liability herein is premised on the forms used by defendant, so that the only possible purpose of the deposition is harassment; it is premature insofar as there has been no motion for summary judgment and no determination of liability.

3. Plaintiff requests a protective order to prevent oppression and undue burden and expense, that no deposition be held until after defendant has fully complied with discovery and liability has been determined, and after defendant's Motion to Dismiss is determined.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CYNTHIA RAYFORD
MICHAEL DEROSA

v. CIVIL ACTION NO. N-87-149 EBB

CENTURY COLLECTION AGENCY, INC. October 10, 1987

MOTION FOR PROTECTIVE ORDER

1. Defendant has noticed a half-hour deposition for October 14, 1987, and simultaneously moved to dismiss the case for non-payment of a bond. Defendant has filed blanket and belated objections to discovery pending for several months.

2. The deposition notice was postmarked October 8, despite the earlier date of certification, and received mid-afternoon on October 9, 1987. In view of the long Columbus day weekend and the undersigned's prior difficulty in reaching plaintiffs and obtaining responses to communications, and the undersigned's other commitments, the notice is unreasonably short.

3. Liability herein is premised on the forms used by defendant, so that the only possible purpose of the deposition is harassment; it is premature insofar as there has been no motion for summary judgment and no determination of liability.

3. Plaintiffs request a protective order to prevent oppression and undue burden and expense, that no deposition be held until after defendant has fully complied with discovery and liability has been determined, and after defendant's Motion to Dismiss is determined.

11/12/87 Granted, absent objection, pursuant to Local Rule 9(a)(1) & Ellen B. Burns, USDJ