UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 29  2 34 PM '03
U.S. DISTRICT COURT
N. HAVEN, CONN.

| | |
|---|---|
| EVELINE GOINS | : CIVIL ACTION NO. |
| | : 3:02 CV 1069 (MRK) |
| vs. | : |
| JBC & ASSOCIATES, P.C. | : |
| JACK H. BOYAJIAN | : |
| MARVIN BRANDON | : DECEMBER 24, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
DEPOSITION AND DOCUMENT PRODUCTION FROM PLAINTIFF**

The Defendants hereby file this memorandum of law in support of their Motion to Compel the Plaintiff, Eveline Goins, to appear for her deposition and produce documents responsive to the Defendants' Request for Production.

This is an action alleging violations of the Fair Debt Collection Practices Act. The action arises out of the Defendants' attempt to collect a debt with respect to certain alleged bad checks written by the Plaintiff. Plaintiff claims to have received certain allegedly false or misleading letters from the Defendants with respect to their attempt to collect on a debt left unsatisfied by Plaintiff's alleged bad checks.

The facts relevant to this memorandum are fully set forth in the accompanying Motion to Compel, filed simultaneously herewith.

### Argument

Federal Rule 37 establishes a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties.

1

Independent Productions Corp. v. Loew's, Inc., 283 F.2d 730 (2d Cir. 1960); Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 207 (1958). District judges have broad discretion in imposing sanctions under Rule 37 for a party's failure to cooperate with discovery. Corporation of Lloyd's v. Lloyd's U.S., 831 F.2d 33, 36 (2d Cir.1987).

A Rule 37 motion to compel discovery is controlled by Federal Rule 26(b)(1), which sets forth the standard against which the inquiries are to be measured. The scope of discovery extends to "any matter, not privileged, which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1). It is axiomatic that the discovery rules are to be construed liberally in favor of the party seeking discovery. Hickman v. Taylor, 329 U.S. 495 (1947).

As more fully set forth in the accompanying Motion to Compel, Plaintiff has continually attempted to thwart and obstruct the Defendant's right to take her deposition and seek the disclosure of documents through "cat and mouse" tactics that have wholly deprived the Defendants of any discovery whatsoever in this action. Under the circumstances of this case, Defendant must be entitled to examine Plaintiff and, at a minimum, request and review the documents upon which she bases her claims. Plaintiff has not so much as produced the very letters that she claims violate the Fair Debt Collection Practices Act, either by way of discovery or initial disclosures pursuant to Federal Rule 26(a)(1). At the same time, Plaintiff has received the benefit of discovery from the Defendant, including but not limited to having been afforded to opportunity to depose the representative of the Defendants of her choice, Marvin Brandon. Defendants will be manifestly and irreparably prejudiced with respect to asserting or opposing

any dispositive motion in this action as a result of the Plaintiff's tactics. Accordingly, the Defendants' Motion to Compel should be granted.

## Objections to Request for Production

1.  All documents evidencing communications between any of the Defendants and you or your attorney concerning or relating to the alleged debt to Wilson Suede & Leather referred to in your complaint.

PLAINTIFF'S OBJECTION: The request was signed by a person who has not appeared as counsel in this matter; communications between plaintiff and her attorney are privileged; despite several extensions for discovery requested by and granted to defendant, the request dated October 24, 2003; is untimely [Edberg v. CPA, Inc., 2000 WL 1844651 (D. Conn. 2000)], and void. Odie v. General Motors Corp., 133 F.R.D. 1 (D. Mass. 1990), enforcing 131 F.R.D. 265 (D. Mass. 1990). A party's attorney may not "arrogate[ ] control of discovery to himself . . . and change the date of compliance to suit his own convenience and that of his client." Damiani v. R.I. Hosp., 704 F.2d 12, 16 (1st Cir. 1983). Parties have an unflagging duty to comply with case management orders. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998). A party who flouts the scheduling order ignores the court's inherent interest in administering its docket and "robs [scheduling orders] of their utility." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir.2002).

**DEFENDANTS' RESPONSE:**    On or about August 1, 2003, the Defendants served the Plaintiff with a Request for Production via first class mail. The Request sought, among other things, seeks all communications between the Plaintiff and the Defendants, including the allegedly offending letters from Defendants to the Plaintiff.

3

By email message dated September 23, 2003, the undersigned inquired from Plaintiff's counsel as to the status of the Plaintiff's overdue responses to the Defendants' Request for Production. Plaintiff's counsel replied by claiming that she never received the Defendant's Request. The undersigned immediately forwarded the Request for Production to Plaintiff's counsel by email dated September 24, 2003.

On or about October 24, 2003, the undersigned again inquired as to the status of the Plaintiff's responses to the Defendants' Request for Production. Plaintiff's counsel *again* took the position that the discovery requests were never "served," arguing that the forwarding of the Request for Production by email did not constitute "service" and therefore the Request did not warrant a response. In a final attempt to avoid a motion to compel, the Defendants served the Plaintiff with the Request for Production by certified mail on or about October 24, 2003. Plaintiff now asserts that Defendants' Request for Production, claiming that any response to the Request was due after the discovery deadline of November 15, 2003.

Plaintiff's objection is based in gamesmanship that has nothing to do with the merits of this action or any search for the truth. It is the position of the Defendants that the Request for Production was in fact served by first-class mail on or about August 1, 2003, and any later attempts to provide the Request for Production to the Plaintiff were made merely to accommodate and remove any issue with Plaintiff's counsel in view of her claim that she never received the initial mailing of the Request. In any event, there is no doubt that Plaintiff received the Defendant's Request for Production on or about September 24, 2003. Accordingly, Defendants have done nothing to "flout" the case management order of the Court.

As a result of the foregoing tactics, Plaintiff has never produced the allegedly offending

letters or any other documents on which she bases her claims, either through discovery or, for that matter, as part of any initial disclosures under Federal Rule 26(a)(1). Plaintiff should be compelled to produce documents responsive to the Defendants' Request for Production.

Finally, Defendants' request does not seek privileged communications of any kind.

2. All documents evidencing communications between you or your attorney and the creditor concerning or relating to the alleged debt to Wilson Suede & Leather referred to in your complaint.

PLAINTIFF'S OBJECTION:    Same objection as to No. 1.

**DEFENDANTS' RESPONSE:    Same response as to No. 1.**

3. All returned or cancelled checks concerning or relating to any payments or attempted payments regarding the alleged debt to Wilson Suede & Leather referred to in your complaint.

PLAINTIFF'S OBJECTION:    Same objection as to No. 1.

**DEFENDANTS' RESPONSE:    Same response as to No. 1.**

4. A copy of your petition in bankruptcy and any schedules submitted therewith or attached thereto, including but not limited to Schedules regarding assets, claims, exemptions and creditors.

PLAINTIFF'S OBJECTION:    Same objection as to No. 1 (except as to privilege objection); outside the scope of discovery since there is no claim or defense related to any bankruptcy.

**DEFENDANTS' RESPONSE:    Defendants agree to waive this request.**

5. All documents reflecting or evidencing any actual damages you claim to have suffered as a result of the allegations in your complaint, including but not limited to all medical, psychiatric,

psychological or other records and/or billing statements reflecting any professional treatment and/or medication you have received.

PLAINTIFF'S OBJECTION:    Same objection as to No. 1 (except as to privilege objection).

**DEFENDANTS' RESPONSE:    Same response as to No. 1.**

6.    All documents provided by you to Attorney Joanne Faulkner, or any other attorney, concerning or relating to the allegations of your complaint or the alleged debt to Wilson Suede & Leather referred to in your complaint.

PLAINTIFF'S OBJECTION:    Same objection as to No. 1.

**DEFENDANTS' RESPONSE:    Same response as to No. 1.**

7.    All account statements regarding any checking account maintained by you during the period from January 1, 1996 to December 31, 1996

PLAINTIFF'S OBJECTION:    Same objection as to No. 1.

**DEFENDANTS' RESPONSE:    Same response as to No. 1.**

THE DEFENDANTS,

By: _____
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

6

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 24th day of December 2003, to:

> Joanne S. Faulkner, Esq.
> 123 Avon Street
> New Haven, CT 06511

*[signature]*
Sabato P. Fiano