UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS : CIVIL ACTION NO.
: 3:02 CV 1069 (MRK)
:
:
vs. :
:
:
JBC & ASSOCIATES, P.C. :
JACK H. BOYAJIAN :
MARVIN BRANDON : FEBRUARY 17, 2004

### DEFENDANT'S LOCAL RULE 56(a)(2) STATEMENT

The defendants herein hereby deny and object to the following numbered statements contained in the Plaintiff's Local Rule 56(a)(1) statement and state that there is a genuine issue of fact as to such statement or that the statement is not supported with admissible evidence:

12. Defendant Brandon had no intent to sue at the time he sent the letter. Brandon dep. At 29 attached.

RESPONSE: This statement is denied to the extent that that it seeks to suggest anything more than that the Defendant Brandon *himself* did not have a personal intent to sue at the time JBC sent the letter to the Plaintiff. There is a genuine issue of fact as to whether JBC or Brandon, as an attorney employed by and acting on behalf of JBC, had an intent to sue at the time JBC sent the letter to the Plaintiff. (See Brandon Dep. At 28-29); (See Boyajian Dep. At 70-78, 87-88 and 90-91).

DEF.LOCAL RULE 56 (A)(2) STATEMENT          1

13. Defendants were attempting to collect an underlying amount of $402.78, allegedly arising from two checks dated January 28, 1996 for $158.99 and January 29, 1996 for $243.79, both written to Wilson Suede and Leather.

RESPONSE: Denied. JBC was attempting to collect upon four (4) bad checks written by the Plaintiff, two (2) of which were made payable to Wilson Suede & Leather ("Wilson") in respective face amounts of $243.79 and $158.99, and two (2) of which were made payable to Bob's Stores ("Bob's") in the respective face amounts of $178.95 and $354.17. (See Deposition Transcript of Jack Boyajian, pp. 61-62, 70-78 90-91).

14. "Letters should not refer to criminal consequences" "It may be a violation of the FDCPA." Brandon Dep. At 48 attached.

RESPONSE: This statement is denied to the extent that that it seeks to suggest anything more than that as a general matter, and under certain circumstances not specified in any way in the testimony, reference to criminal consequences may violate the FDCPA. Defendants specifically deny this statement to the extent the Plaintiff seeks to contort or construe the testimony to imply that the letter at issue in this case violated the FDCPA. Defendants further deny that the letter at issue referred to "criminal consequences," as opposed to merely reserving JBC's right to use any information provided to it by the Plaintiff in future, theoretically possible proceedings.

Additionally, the following genuine issues of fact exist precluding summary judgment in favor of the plaintiff:

1. Factual questions as to the number and identity of checks referred to in the letter in question.

DEF.LOCAL RULE 56 (A)(2) STATEMENT              2

2. Factual questions as to the manner and factual context in which the balance claimed in connection with the checks was calculated.

3. Whether Plaintiff suffered any ascertainable loss of money or property as a result of any alleged violation.

4. Factual questions regarding the ability or willingness to refer matters, including Plaintiff's, to Connecticut counsel for potential legal action.

5. Factual questions regarding the defendant's ability or willingness to refer matters in Connecticut for criminal prosecution.

THE DEFENDANTS,

By: _____
Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 17th day of February 2004, to:

        Joanne S. Faulkner, Esq.
        123 Avon Street
        New Haven, CT 06511

        _/s/ S.P.F._
        Sabato P. Fiano