UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1069 (MRK) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | August 24, 2004 |

SUPPLEMENTAL SUBMISSION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The defendant, per order of the Court, submits the following additional material, concerning the pending motion for partial summary judgment: Declaration of Jack Boyajian concerning the (1) Connecticut driver's license number provided in connection with the dishonored checks; and /or (2) the nature of other letters sent to plaintiff.

<u>The Connecticut Driver's License:</u>  In connection with being assigned to collect on the approximately two dozen dishonored checks alleged written by plaintiff Goins, JBC was supplied with the number of the Connecticut driver's license that was used as identification when the check was written. See photocopy of check and screen print from the defendant's regularly maintained business records.

JBC has no record Ms. Goins ever disputed the subject debts under the FDCPA. Accordingly, JBC was entitled to assume for purpose of the FDCPA that the debt was valid. The letter in question afforded the additional opportunity to advise JBC whether a fraud or identity

1

theft was involved with the checks. She did not do so. The letter requested that Ms. Goins confirm the accuracy of the drivers license number on file preliminary to any contact with DMV. This was merely a means to determine that the driver's license number would permit JBC, as agent for the creditor, to fall with the statutory exception permitting access to DMV information under the relevant federal or state statute. The letter does not misrepresent that actual authority has been given and merely seeks to pursue information authorized to be provided under state and/or federal law. No consequences to Ms. Goins licensed status are intended or threatened, and even a fictional "least sophisticated consumer" should not be permitted to leap to such absurd conclusions.

<u>Ms. Goins receipt of other letters:</u> During the period of from 1997 to 2001, Ms. Goins was the subject of certain collection efforts on more than two dozen dishonored checks. At various and multiple times during that period up to and including the year 2001, Ms. Goins was sent letters detailing the amounts due or claimed to be due associated with those checks. See declaration of Jack Boyajian.

Plaintiff's motion seeks to attack the amount sought in the subject letter. Those amounts, however, have been explained. Defendant submits that plaintiff having received a letter detailing the amounts associated with the two checks to Wilson Suede and the two Bob's stores, that a question of fact exists as to whether defendant's follow up letter is false or misleading.

                RESPECTFULLY SUBMITTED,


      By:_____
            Jonathan D. Elliot (Ct 05762)
            Kleban & Samor, P.C.
            2425 Post Road
            Southport, CT 06890
            (203) 254-8963


**CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 24th day of August 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511


_____
Jonathan D. Elliot