UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                             CASE NO. 3:02CV 1069 (MRK)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN                                               September 14, 2004
MARVIN BRANDON

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

<u>Civil Proceedings.</u>  Even if the defendants "would have been free to institute civil proceedings" in the two months before the statute of limitations ran, they had no intent to do so when they mentioned suit, so the assertion was deceptive or misleading as a matter of law. Their intent at the time of the letter is the crucial issue under Second Circuit authority. Second Circuit authority precludes a debt collector from making any implication that suit will be filed unless suit is intended. <u>Bentley v. Great Lakes Collection Bureau,</u> 6 F. 3d 60, 62 (2d Cir. 1993) ("FDCPA specifically prohibits the threat to take any action 'that is not intended to be taken' . . . and the 'least sophisticated consumer' would interpret this language to mean that legal action was authorized, likely, and imminent"). <u>See also</u> <u>Pipiles v. Credit Bureau of Lockport, Inc.</u>, 86 F.2d 22, 26-27 (2d Cir. 1989) ("The clear import of the language, taken as a whole, is that *some* type of legal action has already been or is about to be initiated and can be averted from running its course only by payment").

As the Court noted, paragraphs 1-11 of plaintiffs' Local Rule 56(a)1 Statement are uncontroverted. Those facts include: Defendant Boyajian makes the decision whether to sue. Neither Brandon nor Boyajian is admitted to practice in Connecticut. Defendants did not have and were not able to obtain copies of the alleged checks (paragraph 16, also undisputed).

Defendant Brandon had no intent to sue at the time he sent the letter (paragraph 12, also undisputed as stated). Brandon was the person acting on behalf of the entity at the time, and his intent is the entity's intent. Defendants' Deposition Exhibit G, Fact Sheet, attached to their opposition, shows no activity after the letter other than a telephone call on November 26, 2001, a few days after the letter, with the annotation, "Debtr refusing to pay."

The Second Circuit properly interpreted the plain language of the FDCPA, which generally prohibits "any false, deceptive, or misleading misrepresentation or means (§1692e) and specifically prohibits the threat to take any action that is not intended to be taken. §1692e(5). The Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50104 (1988) (hereinafter "FTC Staff Commentary") Commentary § 807(5) says:

> 3. <u>Statement of possible action.</u> A debt collector may not state <u>or imply</u> that he or any third party may take any action unless such action is <u>legal</u> and there is a <u>reasonable likelihood</u> at the time the statement is made, that such action will be taken. A debt collector may state that certain action is possible, if it is true that such action is legal and is <u>frequently taken</u> by the collector or creditor with respect to similar debts; however, if the debt collector has reason to know <u>there are facts that make the action unlikely in the particular case</u>, a statement that the action was possible would be misleading. (Emphasis added.)

Defendants' "law firm" letter said to the least sophisticated consumer, "Unless we receive immediate payment . . . we reserve the right to . . . in further civil proceedings." Defendants knew that they had no check to present in any civil proceeding as evidence (facts that make the action unlikely). Moreover, it would not be legal for JBC, Brandon, or Boyajian to sue for the referenced $1,971.80 amount because it included amounts not owed. Plainly it would not be legal for them to bring civil proceedings in Connecticut since they were not admitted, but the least sophisticated consumer would not know that. "We" – used repeatedly in

the sentence – could not engage in "further civil proceedings" for the multiple reasons just stated. There was simply no possible present intent to bring "further civil proceedings."

Defendants tried to raise an issue of fact about whether civil proceedings were intended by speculating, with no supporting evidence, that maybe JBC or Boyajian intended to sue at the time of the letter – but they had not done so by the time this suit was filed four months after the statute of limitations had expired.

The Court ruled that the attorney letter "was misleading as a matter of law with respect to the amount demanded." Slip Op. at 5. The implication that civil proceedings would be brought for nonpayment of a sum that was not due was likewise misleading as a matter of law.

Ascertainable loss. The Court properly ruled that the collection letter incorrectly overstated the amount of the debt. At page 10, the Court stated that plaintiff does not claim she suffered ascertainable loss. She does so claim; her contention is that she need not prove an amount of actual damage to show ascertainable loss. She merely needs to show she did not get what she bargained for – compliance with the laws which are part of every contract.[1] Being accused of owing an amount she does not owe is itself ascertainable loss. Cox v. Sears, Roebuck & Co., 647 A.2d 454, 464 (N.J. 1994); Sorge v. Transworld Systems, Inc., Civil No. 3:94CV71 (JBA) (D. Conn. Sept. 19, 1996); Rizeck v. Connecticut Coast Fitness Centers Inc., 7 Conn. Ops. 469, 471 (Apr. 30, 2001) (rejecting the need to prove actual damages). "It is enough if the consumer received something different from what had been bargained for." [citing *Hinchliffe v. American Motors Corp.,* 184 Conn. 607, 612 (1981)].

---

[1] All statutes in existence at the time of the contract become part of the contract as a matter of law. Harlach v. Metropolitan Prop. & Liab. Ins., 221 Conn. 185, 192, 602 A.2d 1007 (1992) (Covello, J.). See also Walsh v. Waldron & Sons, 112 Conn. 579, 582, 153 A. 298 (1931); Ciarleglio v. Benedict & Co., 127 Conn. 291, 293, 16 A.2d 593 (1940).

Wrongful collection calls cause an ascertainable loss. Bruce v. Home Depot, U.S.A., Inc., 308 F. Supp. 2d 71, 78 (D. Conn. 2004) (collection efforts constituted ascertainable loss); Pabon v. Recko, 122 F. Supp. 2d 311, 313 (D. Conn. 2000) (violation of public policy in collection as CUTPA violation).

Moreover, Congress found that "Abusive collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy" and "directly affect interstate commerce." §1692(a), (c). The focus of these harms is the individual. One purpose of the FDCPA is redressing individual injury. In Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir.1982), the court said the FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." Consequently, § 1692e of the FDCPA is meant to redress injury to the individual. Statutory damages are provided in recognition of the difficulty in showing actual damages once liability is established. Baker v. G.C. Services Corp., 677 F.2d at 780-81; Fischl v. GMAC, 708 F.2d 143, 148 (5th Cir. 1983).

Thus, the FDCPA presumes there is some ascertainable loss by enacting statutory damages in an amount quantified by factors such as the nature of the defendant's violations, since actual damages are difficult to prove under a strict liability statute. §1692k. By awarding liability directly to the injured debtor, the FDCPA presumes the type of injury that creates ascertainable loss, even if actual damages are difficult to prove.

Mrs. Goins received a deceptive collection letter. She responded to it by consulting an attorney about her rights. The dislocation of time and resources that she incurred due to the letter is ascertainable loss. [She also filed bankruptcy after receiving the letter, as defendants point out.]

CONCLUSION

In view of the plain language and remedial purpose of the FDCPA as well as controlling Second Circuit authority, the Court should reconsider its ruling on the two issues raised herein.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

This is to certify that the foregoing was mailed on September 13, 2004, postage prepaid, to:

Sabatino Fiano
Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

____/s/ Joanne S. Faulkner___
Joanne S. Faulkner

5