UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1069 (MRK) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | OCTOBER 5, 2004 |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
MOTION FOR RECONSIDERATION

In an FDCPA case, it is sufficient to establish liability that plaintiff prove a single violation E.g. Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2d Cir. 1993). In this case, the plaintiff moved for partial summary judgment on a number of issues. The Court granted the Plaintiff's motion with respect to two points and denied it with respect to others. Unsatisfied that she did not prevail on all issues, the plaintiff has moved for reconsideration on the basis of little more than her own dissatisfaction with the Court's ruling and arguments which were made or could have been made in connection with the earlier briefing and argument of the motion in question.

The plaintiff's insistence on having a judicial resolution of every issue that she has raised, whether by trial or by summary judgment, is yet another indication of her desire to perpetuate this litigation, to generate additional attorney's fees and to burden the defendant with additional costs of defense. The entire exercise is unnecessary in light of the defendant's willingness to stipulate, for the sole purpose of avoiding additional costs that could easily exceed $1,000.00, that the statutory damages

in this action be fixed at the maximum $1,000.00, without prejudice to any rights the defendant may have to appeal any final judgment herein and to contest any petition for attorney's fees by the plaintiff's counsel. Wholly apart from whether a decision on the merits of all issues is even necessary, the plaintiff's motion for reconsideration distorts the law and ignores the questions of fact that preclude judgment as a matter of law for the plaintiff on the issues not decided in her favor.

  The letter in question in this case merely states that defendant "reserved the right" to use information in proceedings at a time when the creditors clearly possessed a right to pursue a claim. Plaintiff put forward no conclusive evidence as to JBC's intentions or ability to refer accounts for litigation in Connecticut. The fact that Attorney Brandon indicated that he had no specific intention to give is irrelevant in light of the fact that decisions regarding litigation would be made by others. It is not necessary that JBC have already decided to litigate the matter in order to "reserve the right" to do so. The cases cited by plaintiff are not to the contrary and do not support judgment for the plaintiff as a matter of law.

  The plaintiff's assertions concerning ascertainable loss are also misguided. CUTPA requires that the plaintiff affirmatively show that any alleged violation cause an "ascertainable loss of money or property, real or personal." Conn. Gen. Stat. §46b-110g(a). The plaintiff has not pleaded, and cannot prove, such a loss.

  The plaintiff has acknowledged that she has suffered no actual damages. She did not plead any

2

facts of ascertainable loss and has sought to introduce no evidence of any pecuniary loss resulting from any alleged violation. Even if JBC sought to collect amounts in excess of that actually owed, plaintiff Goins made no payments and ultimately discharged all of her liabilities in bankruptcy.

Although defendants acknowledge that proof of a precise amount of actual damages is not a prerequisite to a CUTPA recovery, that does not mean that every violation of a statute equates to a violation of CUTPA. The plaintiff's claim that she did not get "what she bargained for – compliance with the laws which are part of every contract" has no application here. Plaintiff has no contractual relationship with defendants. She is not their customer or client and bargained with them for no goods or services.

The cases relied upon by plaintiff do not stand for the propositions for which they are cited, or they are otherwise distinguishable. In Bruce v. Home Depot, 308 F. Supp.2d 71 (D. Conn. 2004) the consumer claim involved fraud-- that Home Depot couldn't perform or didn't intend to perform services that it contracted to perform and then sought to collect thereon. The plaintiff had been deprived of the services bargained for. Similarly, Cox v. Sears, Roebuck, 647 A.2d 454 (N.J. 1994), a New Jersey action not binding here, also involved a merchant-consumer relationship, unlike the instant case. In Pabon v. Recko, 122 F. Supp.2d 311 (D. Conn. 2000), the court did not even consider the question of ascertainable loss. The court instead denied a motion to dismiss and stated, "it is conceivable that the plaintiff could prove a set of facts to support a CUTPA claim against the defendant." The Court did not

3

equate wrongful collection activity with entitlement to an affirmative recovery.

The plaintiff's position that any violation of law equates to a successful CUTPA claim is a gross distortion of the law. Moreover, the plaintiff continues to ignore that, as a matter of law, CUTPA is not applicable to make claims against adversary attorneys except in limited circumstances not present here. E.g. <u>Jackson v. R.G. Whipple, Inc.</u>, 225 Conn. 705 (1993).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for reconsideration should be denied.

                      THE DEFENDANTS

By:_____
     Jonathan D. Elliot
     Sabato P. Fiano
     Kleban & Samor, P.C.
     2425 Post Road
     Southport, CT 06490
     (203) 254-8968
     Fed. Bar No. CT05762

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 5th day of October 2004, to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, CT 06511

_____
Sabato P. Fiano