UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                               CASE NO. 3:02CV 1069 (MRK)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN                                         October 12, 2004
MARVIN BRANDON

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Civil Proceedings. Defendant Boyajian has now admitted that there was no intent to sue plaintiff at the time of the November 2001 letter. Boyajian Declaration ¶ 15, attached.[1] The intent at the time of the letter is the crucial issue under Second Circuit authority previously cited, including Bentley v. Great Lakes Collection Bureau, 6 F. 3d 60, 62 (2d Cir. 1993).

Remedies. Defendants are not lawyers in Connecticut and are not exempt from CUTPA's punitive damage provision or other state remedies.  Because they are lawyers elsewhere, and the violations herein are multiple and serious, plaintiff seeks the maximum $1,000 statutory damages against each defendant. In re Belile, 209 B.R. 658 (E.D. Pa. 1997). A purpose of statutory damages is to provide an incentive to comply with the law. Strange v. Wexler, 796 F. Supp. 1117 (N.D. Ill. 1992). These defendants each sorely need that incentive. Moreover, to the extent they insist on their status as attorneys, they are subject to appropriate relief in the inherent power of the Court, such as disgorgement of gains acquired from their illegal activity, and an injunction relief against the deception of mentioning legal proceedings when no decision has been made to sue.

---

[1] The full Declaration is at Doc. No. 64 in Goins v. Brandon, Civil No. 3:02CV1537 (AVC), concerning a letter sent the same day on a different account, later consolidated with the accounts at issue herein.

CONCLUSION

In view of the plain language and remedial purpose of the FDCPA and CUTPA, as well as controlling Second Circuit authority, the Court should reconsider its ruling on the two issues raised herein.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1
(203) 772-0395

This is to certify that the foregoing was mailed on October 9, 2004, postage prepaid, to:

Sabatino Fiano
Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

____/s/ Joanne S. Faulkner___
Joanne S. Faulkner

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 01537 (AVC) |
| vs. | : | |
| MARVIN BRANDON | : | SEPTEMBER 10, 2004 |

### DECLARATION OF JACK H. BOYAJIAN

I, Jack H. Boyajian, do hereby state:

1. I am over the age of eighteen and make the enclosed declaration based upon my familiarity with the records and operations of JBC & Associates P.C. ("JBC"), a professional corporation engaged in the practice of law. I make this declaration in opposition to the plaintiff's motion for summary judgment. The procedures described herein existed s of the time that the plaintiff was sent the letter at issue in this case.

2. I am a shareholder of a New Jersey law firm, JBC & Associates, Inc. and am responsible for the management of the firm and was so employed at the time that JBC engaged in collection activity with respect to plaintiff Goins.

3. Defendant Marv Brandon, is an attorney who is a salaried employee of the firm.

4. On or about November 22, 2001 a letter was sent from JBC & Associates, P.C. over Mr. Brandon's name to Eveline Goins ("Ms. Goins") concerning

state of the debtor and the place where the relevant transaction occurred. There is another scrub of the file against a National Change of Address database to aid in identifying incorrect addresses. Letters for Files with addresses known to be invalid or incorrect are not mailed. If mail is returned, no additional mail will be sent until new address information is obtained from a reasonably reliable source.

13. Daily incoming mail is sorted by staff into categories such as returned mail, payments, disputes and general correspondence. In response to such mail, accounts will be notated to indicated disputes, claims of fraud or bankruptcy if the accounts have not been already so classified. In response to certain situations, under attorney supervision, files may be closed and returned to the client.

14. JBC responds to disputes and sends verification of the indebtedness to debtors. Correspondence requiring attorney involvement is directed to one or more of the attorneys in the office, including Marv Brandon, who communicates with debtors and their counsel, responds to disputes and negotiates on account files assigned to him.

15. JBC attorneys make recommendations as to whether suit is warranted in particular cases, and JBC is authorized by clients to return local counsel on their behalf in order to initiate suit. Other actions are pursued in which JBC acts as counsel of record for creditor. In the case of Goins a decision had not yet been made whether litigation would be pursued, although it remained possible.

SP 15,2004 13:41   ROA HUTTON        800-507-5841                                    Page 1

This is to certify that, under penalty of perjury, I hereby state that I have read the foregoing declaration, the contents of which I believe to be true and correct to the best of my knowledge and belief.

Dated:                                  _____
                                              Jack IL Boyajian

SEP 15 2004  14:02        800 507 5841                      99%           P.01