UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:02cv1069 (MRK) |
| | : | |
| JBC & ASSOCIATES, P.C., | : | |
| JACK H. BOYAJIAN, | : | |
| MARVIN BRANDON, | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

Presently before the Court is Plaintiff Eveline Goins' Motion for Reconsideration [doc. #54] seeking reconsideration of this Court's September 3, 2004 decision ("Decision") [doc. #53] in which the Court granted in part Ms. Goins' Motion for Partial Summary Judgment [doc. #32]. The Court DENIES Plaintiff's Motion for Reconsideration [doc. #54].

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.* 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted). Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257." Ms. Goins points to no new evidence or case law and makes no new arguments that the Court overlooked in its

prior decision.¹  That alone would be sufficient grounds to deny Ms. Goins' motion.

Furthermore, even considering the arguments set forth in Ms. Goins' motion, the Court sees no basis for altering its Decision.  First, Ms. Goins asks the Court to reconsider its ruling that the following statement was not deceptive or misleading as a matter of law under § 1692(e)(5) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(e)(5): that JBC "reserved the right" to use the information provided by Plaintiff in "further . . . civil proceedings."  Decision at 8-9.  "In order to establish a violation of § 1692e(5) because of the indication in the communication complained of that nonpayment might lead to suit, plaintiff would have to show that a lawsuit – a routine debt collection practice where negotiations fail – could be ruled out." *Sluys v. Hand*, 831 F. Supp. 321, 327 (S.D.N.Y. 1993).  The evidence Ms. Goins cites in her motion for reconsideration – which is substantially the same evidence she relied on in her summary judgment pleadings – falls far short of ruling out the possibility that Defendants could have brought a civil lawsuit against her.

Ms. Goins has already conceded that no legal bar prevented Defendants from using information they obtained from her in civil proceedings to recover on the alleged debt, since the statute of limitations had not yet expired on Defendant's claims.  *See* Pl.'s Mem. of Law [doc. #33] at 5.  In spite of this concession, Ms. Goins persists in arguing that based on representations by Defendants Jack Boyajian and Mark Brandon that they had not yet decided to sue Ms. Goins in November 2001, the reference to "civil proceedings" in their November 2001 letter was

---

¹ The only purportedly "new" evidence is a sworn statement from Defendant Jack Boyjian, that was proffered by Defendants in another case about a different letter sent to Ms. Goins.  *See* Boyajian Aff. [doc. #64] in *Goins v. Brandon*, Civ. No. 3:02CV1537(AVC).  This affidavit provides no new information and in any event, it would not cause the Court to alter its Decision.

deceptive or misleading *as a matter of law*.  The Court remains unpersuaded.

The case on which Ms. Goins relies for the proposition that "Second Circuit authority precludes a debt collector from making any implication that suit will be filed unless suit is intended," *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993), is easily distinguishable.  In *Bentley*, the Second Circuit held the following statement in a collection letter violated § 1692(e)(5): that plaintiff's creditors "have instructed us to proceed with whatever legal means is necessary to enforce collection."  6 F.3d at 62.  The Second Circuit concluded that this language was false because "in fact, [the creditors] had not authorized the [collection agency] 'to proceed with whatever legal means is necessary to enforce collection' " and it was misleading because the least sophisticated consumer "would interpret this language to mean that legal action was authorized, likely and imminent." *Id*. at 62.

Unlike the situation in *Bentley*, JBC's letter did not falsely claim that legal action was authorized or even imminent.  Defendants simply "reserved the right" to use information that they received from Ms. Goins in a civil proceeding.  "[I]t is enough to say that a lawsuit was indeed always a viable alternative in the circumstances presented by [Ms. Goins]'s unpaid account, even if not necessarily a likely one." *Madonna v. Academy Collection Serv., Inc.*, No. 3:95cv875 (AVC), 1997 WL 530101 at *9 (D. Conn. Aug. 12, 1997) (Cabranes, J., sitting by designation) (distinguishing *Bentley*).

Moreover, as Defendants point out, the fact that Mr. Brandon may not have subjectively intended to sue Ms. Goins at the time of the November 2001 letter is irrelevant, since Mr. Brandon explained at his deposition that it was Mr. Boyajian who made the decisions at JBC about whether to bring lawsuits.  *See* Brandon Dep. at 28-29, attached to Pl's 56(a)(1) Stmt. [doc.

#34]. *Id*. Ms. Goins makes much of Mr. Boyajian's sworn statement that "[i]n the case of Goins a decision had not yet been made whether litigation would be pursued, although it remained possible." Boyajian Aff. ¶ 15, attached to Pl.'s Reply Supp. Recons. [doc. #57]. But this statement does not aid Ms. Goins' cause for the simple reason that Mr. Boyajian *explicitly* leaves open the possibility of a civil lawsuit in the event Ms. Goins failed to cure her unpaid debts. A comment by Judge Cabranes in the *Madonna* case aptly sums up this Court's view of Ms. Goins' claim in this case: "Plaintiff would have this court hold that unless a creditor has already decided to sue in a particular case, a collector is prohibited from making any mention of even the possibility of suit. This proposition finds no support in the statute or in the case law." *Madonna*, 1997 WL 530101 at *7-8.

Second, Ms. Goins asks the Court to reconsider its denial of summary judgment on her claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a. In her reconsideration motion, Ms. Goins simply restates her argument that "she merely needs to show she did not get what she bargained for – compliance with the laws which are part of every contract." Pl.'s Memo. Supp. Recons. at 3. Ms. Goins' argument, which the Court has already rejected, is based on a misreading of applicable law.

As the Court explained in its Decision, the Second Circuit has clearly stated that "[a]lthough plaintiffs are not required to prove a specific amount of actual damages to make out a *prima facie* case under the CUTPA, the ascertainable loss requirement is a 'threshold barrier' that must be satisfied in order to state a CUTPA claim." *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 238 (2d Cir. 1998); *Kforce, Inc. v. Alden Personnel Inc.*, 288 F. Supp. 2d 513, 519 (S.D.N.Y. 2003) (CUTPA claims requires showing of ascertainable loss of "money or property,

real or personal, as a result of a method, act or practice prohibited by Section 42-110b."). A plaintiff suing a collection agency for sending a false or misleading letter can discharge her burden by showing some "injury or loss that resulted from receipt of the [offending] letter." *Maguire*, 147 F.3d at 238.

To be sure, there is language in Connecticut case law suggesting that a plaintiff need only show that she received something other than "that for which [s]he bargained," but in making that statement, the courts had before them a plaintiff who had "purchased an item partially as a result of an unfair or deceptive practice or act." *Hinchcliffe v. American Motors Corp.*, 184 Conn. 607, 614-15 (1981) (buyers of a motor vehicle sued the seller for fraud and breach of implied and express warranties). Ms. Goins, by contrast, does not allege that she purchased any item based on the Defendants' false or misleading letter and that is not the basis of her lawsuit. Therefore, her reliance on the above-quoted language is misplaced.

Ms. Goins also suggests (for the first time) that she can show ascertainable loss because she responded to Defendants' letter "by consulting an attorney about her rights" and that "she also filed for bankruptcy after receiving the letter." Pl.'s Mem. Supp. Recons. [doc. # 55] at 4. However, Ms. Goins still does not allege any actual loss or injury. Moreover, with respect to her bankruptcy filing, Ms. Goins fails to allege that "she would have acted differently had the letter not been sent." *Maguire v. Citicorp Retail Services, Inc.*, No. 3:95CV2113(AHN), 1997 WL 280540 at *6 (D. Conn. 1997), rev'd on other grounds, 147 F.3d 242 (1998). Indeed, in *Maguire*, a case with startlingly similar facts, the plaintiff Karen Maguire, like Ms. Goins, also filed for bankruptcy and consulted an attorney after receiving an allegedly deceptive collection letter. In spite of these facts, the Second Circuit held that where "[t]here is no evidence in the record that

[the plaintiff] paid the debt, acted in reliance on the letter, suffered emotional loss or harm, or responded to the letter in any way," the plaintiff could not sustain a claim under CUTPA. *Maguire*, 147 F.3d at 238. The same result applies here.

For the foregoing reasons, Plaintiff's Motion for Reconsideration [**doc. #54**] is DENIED.

IT IS SO ORDERED.

/s/        Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: November 24, 2004.