UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02-CV-01069 (MRK)(WIG) |
| | : | |
| JBC & ASSOCIATES, P.C., ET AL. | : | |
| Defendants. | : | OCTOBER 28, 2005 |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S FEE APPLICATION

The matter before the court is plaintiff's fee application dated September 8, 2005 in which plaintiff's counsel, Joanne Faulkner, seeks an award of $19,271 in attorney's fees and $156 in expenses. Partial summary judgment was granted in favor of the plaintiff by ruling dated September 3, 2004, and the parties then reached a settlement with respect to plaintiff's alleged damages out of court. Thereafter, plaintiff applied for an award of reasonable attorney's fees to be determined by the court under the FDCPA, 15 U.S.C. § 1692k(a)(3). Plaintiff's claim for $19,271 in fees is based on a rate of $350 per hour for 55.06 hours. Defendants object to plaintiff's fee application on the following grounds: (1) the hours spent on the case were excessive; (2) the fee application contains duplicative and wasteful hours; (3) $350 per hours is not a reasonable rate for all tasks billed; and (4) the nature of the case demands overall reduction of the lodestar figure.

## I.    **BACKGROUND**

In June 2002, plaintiff filed a two-page complaint in this case, alleging a violation of the

FDCPA in the first count and a violation of state law in the second count (the Creditors'

Collection Practices Act, § 36a-645 or the Consumer Collection Agency Act, § 36a-800, and the

Conn. Unfair Trade Practices Act, § 42-110a, of the Connecticut General Statutes).  This case is

the first of three actions plaintiff has filed employing Joanne Faulkner as counsel against the

defendants in connection with the defendants' attempts to recover on unpaid debts by the

plaintiff.  Plaintiff and her counsel filed an action entitled Eveline Goins v. Marvin Brandon on

September 3, 2002 (No. 3:02-CV-01537 (AVC)) and another action entitled Eveline Goins v.

JBC & Associates, P.C., Jack H. Boyajian, Marvin Brandon on April 9, 2003 (No. 3:03-CV-636

(JBA)).  There is considerable overlap and repetition between and among the three cases which

involve the same parties, or subsets of parties, debts unpaid by the same plaintiff, and the same

statutory framework.

## II.    **ARGUMENT**

A.    The Proposed Attorney's Fees Include Excessive, Duplicative and Wasteful Time.

An attorney's fee award under 15 U.S.C. § 1692k(a)(3) is left to the discretion of the

District Court.  When determining what constitutes reasonable attorney's fees, the court should

consider the degree of success obtained by the prevailing plaintiff (if the plaintiff had only partial

or limited success, a reduction in the award of attorney's fees may be appropriate) and the

reasonableness of the hours expended by counsel for the prevailing party.  Teng v. Metropolitan

Retail Recovery, 851 F. Supp. 2d 61, 70-71 (E.D.N.Y. 1994) (citing U.S. Supreme Court precedent pertaining to the calculation of reasonable attorney's fees). In deciding the reasonableness of attorney's fees, the District Court in Connecticut has considered these additional factors: (1) time and labor expended by counsel; (2) the magnitude and complexity of the litigation; (3) risk of litigation; (4) quality of representation; (5) requested fee in relation to the settlement; and (6) public policy considerations. In re State Police, 1999 U.S.Dist. LEXIS 21491, at *20-21 (D.Conn. 1999). Finally, the starting point for calculating a prevailing party's attorney's fees under 15 U.S.C. § 1692k(a)(3) is known as the lodestar method, which consists of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 396-97 (S.D.N.Y. 1999).

A strong presumption exists that the lodestar formula (number of hours reasonably expended multiplied by a reasonable hourly rate) represents a reasonable fee. Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air, 478 U.S. 546, 565 (1986). However, the court should "exclude excessive redundant or otherwise unnecessary hours" before awarding fees. Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Gradisher v. Check Enforcement Unit, Inc., No. 1:00-CV-401, 2003 WL 187416, at *2 (W.D. Mich. 2003) (internal citation omitted). Excessive and unreasonable hours may be excluded by either weighing each individual entry or by making an "across-the-board" reduction in the total number of hours. Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir. 1998). The

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

court in <u>Carroll v. Wolpoff & Abramson</u>, 53 F.3d 626 (4th Cir 1995) ruled that the language of the statute allows the district court to use its discretion in awarding "reasonable" attorney's fees, and therefore the court is not required to follow the "lodestar formula" (where the court affirmed the district court's decision to award only $500 in attorney's fees where plaintiff had requested nearly $10,000 for "at most a technical violation.").

Plaintiff has billed or proposes to bill, 55.06 hours in a small FDCPA case, involving a single letter with a miscalculation covering two debts of the plaintiff and a technical violation, and simple legal issues. Plaintiff's Fee Affidavit includes two hours for time yet to be expended as well as 2.3 hours preparing and filing the fee application itself. The actual time purportedly billed is valued at $18,571. Considering her expertise in FDCPA litigation and consumer law, plaintiff's counsel should have been able to perform specific tasks in substantially less time. <u>See</u> <u>Martinez v. Stern</u>, 266 B.R. 523, 543 (S.D. Fla. 2001) (noting a high priced experienced FDCPA attorney could have accomplished the case in less time when reducing the award); <u>Savino v. Computer Credit, Inc.</u>, 71 F. Supp. 2d 173, 177 (E.D.N.Y. 1999) (estimating that a reasonable, experienced attorney in FDCPA could have achieved results on a single legal issue with 20 hours of work); <u>Altergott v. Modern Collection Techniques</u>, 864 F. Supp. 778, 781 (N.D. Ill. 1994) (noting the considerable skill and experience of attorney in consumer cases makes the amount of time spent on a relatively simple task "considerably more suspect"). For example, plaintiff's counsel spent 2.3 hours drafting her brief and affidavit for fees (Pl.'s Aff.), even though she represents herself as an expert in FDCPA litigation and undoubtedly has been required to provide

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

this information in numerous other cases when seeking to have her fees paid. In fact, in the three cases representing Eveline Goins against the defendants, Joanne Faulkner has filed virtually identical fee applications, memoranda and affidavits. A copy of plaintiff's fee applications and affidavits in the two other cases is attached as Exhibits 1 and 2.

In addition, plaintiff's counsel spent an excessive amount of time on various discovery motions, arguments, and extraneous pleadings in such a simple, straightforward case. The court can consider whether the nature of the case is the type that demands extensive discovery, numerous hours of legal research, or extensive efforts to brief or prepare for the case. DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d Cir. 1985). In doing so, the district court "may look to its own familiarity with the case and its experience generally" to determine whether efforts by plaintiff's counsel were excessive. Id. at 236.

Here, plaintiff's counsel did not need to devote extensive time to discovery and other issues raised in her deposition of Jack Boyajian when the defendants' position was straightforward -- that the debt calculation included other unpaid obligations and referred to other collection letters. See Savino v. Computer Credit, Inc., 71 F. Supp. 2d 173, 176–77 (E.D.N.Y. 1999) (finding discovery could have been completed in three hours where there was a single issue as to whether a single letter complied with FDCPA requirements). Nor did she need to spend 9.5 hours drafting her motion for partial summary judgment (Pl.'s Aff.), which was eight pages in length. See Gradisher v. Check Enforcement Unit, No. 1:00-DV-401, 2003 WL 187416, at *5 (W.D. Mich. 2003) (comparing the hours billed to the length of the motions and

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

number of cases cited to reduce the number of hours spent working on them); Savino, 71 F.

Supp. 2d at 177 (estimating a highly experienced FDCPA attorney could research and draft a full

summary judgment motion in approximately 10 hours). In this case, because plaintiff moved for

partial summary judgment in all three of the matters involving these defendants, the framework

for the motion was established and repeated. Yet plaintiff's counsel purports to bill 31.45 hours

for the three motions for summary judgment in these cases.

 Not only did plaintiff's counsel spend an excessive amount of time on tasks related to this

case, she also appears to have performed a great deal of duplication and redundancy of labor

considering that plaintiff's counsel filed two additional cases against the defendants surrounding

the same collection efforts against the plaintiff. For example, plaintiff's counsel devoted 16.90

hours to discovery and the deposition of Jack Boyajian in the instant matter (Pl.'s Aff.), even

though she previously spent 11.14 hours on the discovery and deposition of co-defendant,

Marvin Brandon, in the second case, Goins v. Brandon, where similar issues arose regarding

another letter to plaintiff on the same day. This amount of time is excessive and raises question

as to whether discovery was prolonged to fish for information to use against defendants in her

other two actions, merely to inflate the time devoted to this fee application, or to cover matters

essential to establishing liability in this case.

 Along with an eight-page motion for partial summary judgment dated December 15,

2003, plaintiff also filed her Rule 56 Statement of Facts with multiple exhibits including

transcripts used in each of the subsequent pending cases brought against the defendants. Plaintiff

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

filed a nine-page reply memorandum supporting her motion for partial summary judgment, a motion for reconsideration of the Court's summary judgment ruling in her favor with a six-page memorandum in support, and also served discovery requests in addition to deposing Mr. Boyajian. The file also contains a motion for reimbursement of fees, a motion to compel and a motion to reconsider denial of the same with a memorandum in support, as well as a motion for sanctions.

Counsel are expected by the court to exercise some professional restraint and not pursue strategies to increase the cost and complexity of litigation. Argentieri v. Fisher Landscapes, Inc., 15 F. Supp. 2d 55 (D. Mass. 1998). And in Connecticut, in a case sharply critical of plaintiff's counsel, Joanne Faulkner, the court emphasized that the FDCPA was not intended to create "a cottage industry for the production of attorney's fees." Murphy v. Equifax Check Service, Inc., No. 3:96 CV 2410 (GLG), 1999 WL 66213, at *4 (D. Conn. 1999). Counsel's handling of the present case is rife with excess and unnecessary acceleration of the time and expense of litigation.

On April 2, 2005, plaintiff's counsel filed a fee application in the third and last matter involving these claims, Goins v. JBC & Associates, P.C., et al. Interestingly, in that case, plaintiff's counsel charged for her time at the rate of only $300 per hour, and submitted a total of 84.07 hours. Defendants filed a memorandum in opposition to said fee application on the grounds that the hours spent on the case were excessive and that the hourly rate charged was not reasonable, among other things. In the instant case, and the second matter, Goins v. Brandon,

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

plaintiff's counsel has reduced the number of hours for which she seeks reimbursement but has increased her fee to $350 per hour. Plaintiff's counsel's actions raise questions as to whether, given defendants' opposition to her previous fee application, she has downwardly adjusted the excessive, duplicative amount of time she has devoted to these cases, but upwardly adjusted her fee to compensate. Plaintiff's counsel's actions suggest that her fee is arbitrary and inconsistent, at best.

This is not the first time that plaintiff's counsel has tried to increase her own fee award. She has been rebuked by the District Court of Connecticut in the past for pursuing litigation to increase her fee award, rather than to vindicate the purposes of the FDCPA. See Artese v. Academy Collection Service, Inc., No. 3:96 CV 2546(GLG), 2000 WL 133733, at *3 (D. Conn. 2000). In fact, she has commenced so many FDCPA actions that the court noted it "g[a]ve rise to a suspicion of barratry and champerty." Id. at *4. Considering her history, the amount of hours expended warrants reduction, especially when the case consisted of a single letter from among a series of collection letters about multiple unpaid debts by the plaintiff.

   B.    The Hourly Rate Is Not Reasonable For The Task Billed.

Some of the hours billed should be calculated by the hourly rate of a paralegal, law clerk or secretary, rather than plaintiff's counsel's expert hourly rate. See Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 414 (S.D.N.Y. 2003) (reducing the billing rate to a paralegal's hourly rate for tasks that could have been performed by a paralegal or clerk rather than the attorney assigned to the case). Counsel employed no staff or legal assistance at all, thereby billing all tasks at her hourly

rate rather than the lower rates of a paralegal, law clerk, or secretary. For example, plaintiff's counsel devoted one hour to researching the defendant on the Internet at $350 an hour, a task that could have been performed by staff at lower rates. (Pl.'s Aff.) Counsel also listed more than ten hours for "review docs," "draft summons, complaint cover," "notice depo," etc., which indicates functions not requiring an attorney at $350 an hour. Counsel's failure to employ economical assistance should not allow her to reap financial benefits from the defendant.

In paragraph 8 of Plaintiff's Fee Affidavit, counsel states "[m]y work in connection with these consolidated cases is shown on the schedules attached hereto." The reference to consolidated cases suggests the inherent overlap and redundancy in plaintiff's three lawsuits pending against the defendants at the same time. The last page of the Fee Affidavit, which purports to be the billing statement, contains several cryptic references to what look like clerical tasks, or certainly tasks that do not require the expertise of an attorney who bills at $350 an hour. Examples of apparently clerical work can be found on June 22, 2002 "acknl. mail serv" (.5); June 27, 2002 "offer setl $3000" (.25); July 30, 2002 "to process server" (.25); May 12, 2003 "notice of receipt of discovery" (.10); January 16, 2004 "renotice depo" (.2), January 17, 2004 "revise depo notice" (.1); and September 8, 2005 "review time records billing jdg" (.5). The 9.5 hours moving for summary judgment and the 16.90 hours spent on discovery and deposing Mr. Boyajian also exceed reasonable expectations and appear excessive for a case such as this.

What is not recorded is also noteworthy. Counsel has not recorded any time indicating any communication with her client, the plaintiff, Eveline Goins. The absence of any record of

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

contact with the client suggests that much of the work was performed without plaintiff's knowledge or approval, bringing into doubt whether counsel would have, or could have, billed the client for these extensive hours which she seeks to charge against the defendants.

    C.    <u>The Lodestar Figure Should Be Reduced.</u>

In addition to excluding excessive and duplicative hours, the court may also reduce the lodestar figure in appropriate circumstances. <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434–435 (1983); <u>Carroll v. Abramson</u>, 53 F.2d 408, 413 (2d Cir. 1989) (recognizing court's discretion to adjust lodestar figure since the FDCPA does not mandate a fee in the lodestar award). The party advocating for reduction of the lodestar figure bears the burden of establishing that a reduction is justified. <u>United States Football League v. NFL</u>, 887 F.2d 408, 413 (2d Cir. 1989). The Second Circuit has held that a court can consider the nature of the case when determining whether to reduce the lodestar figure. <u>DiFilippo v. Morizio</u>, 759 F.2d 231, 235–36 (2d Cir. 1985).

Many cases involving FDCPA litigation recognize a lodestar rate lower than plaintiff's claimed rate of $350 per hour. As stated previously, plaintiff herself sought $300 per hour in her fee application in the third and most recently filed action, <u>Goins v. JBC & Associates, LLC, et al.</u>, earlier this year without any explanation for increasing her rate nearly 17 percent when much of the work had been performed in this case prior to the work in the third action. In the Southern District of New York, the court would allow recovery for attorneys experienced in consumer advocacy and consumer rights litigation at hourly rates of no more than $225, rather than the requested rates of $320 and $250, in light of the rates charged by comparable practitioners and

the consumer price index. See Kapoor v. Rosenthal, 269 F. Supp. 2d 408 (S.D.N.Y. 2003).

Debtor's counsel's expenditure of 187 hours involving a single, non-complex legal issue was

excessive and lead to a substantial and comprehensive reduction where counsel was experienced

in such matters and logged a large number of hours researching routine matters in Savino v.

Computer Credit, 71 F. Supp. 2d 173 (E.D.N.Y. 1999). In Withers v. Eveland, 997 F. Supp. 2d

738 (E.D. Va. 1998), the court allowed a fee of $5,380 based on 26.9 hours at a rate of $200 an

hour billed by a recognized specialist in this type of case. And in Florida, a reasonable rate for

the debtor's attorney was $200 where debtor's expert opined that an hourly rate between $250

and $325 was reasonable and defendant's expert testified that FDCPA lawyers charged between

$195 and $225 per hour, debtor's attorney had limited experience with FDCPA cases and a more

experienced FDCPA attorney could have accomplished many tasks in less time where the law at

issue was not excessively complex. See In re Martinez, 266 B.R. 523, entered 2001 WL

1175504, affirmed 271 B.R. 696, affirmed 311 F. 3d 1272 (S.D. Fla. 2001).

As discussed above, this case consisted of a single letter with a miscalculation covering

two debts of the plaintiff and a technical violation. There was no allegation of harassment and

no showing of any payment by the plaintiff. It did not require extensive discovery, numerous

hours of research, or extensive efforts to brief or prepare for the case, especially since plaintiff's

counsel is an expert in FDCPA litigation. See DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d

Cir. 1985) (noting that a district court can consider all of these factors when assessing the extent

of work necessary for the type of case at issue). Defendants should not have to carry the entire

financial burden where the plaintiff's attorney failed to make a reasonable assessment of the case by devoting an unnecessary amount of time to achieve results for the plaintiff. See Altergott v. Modern Collection Techniques, 864 F. Supp. 778, 783 (N.D. Ill. 1994) (reducing the lodestar figure by 50 percent where plaintiff's attorney failed to reasonably assess a relatively minor case by pursuing it in an aggressive manner). Here, plaintiff's counsel claims more than 55 hours to pursue a single violation of the FDCPA. Defendants should not have to carry plaintiff's entire financial burden where counsel pursued the matter in a particularly aggressive manner for such a simple case. Clearly counsel has not billed the plaintiff herself for this time.

In addition, the fact that the defendants' violation consisted of a single letter violation of the FDCPA and did not amount to harassment or ongoing conduct further suggests that a lodestar calculation of $19,271 is inappropriate. A district court may also use its discretion to award fees bearing some rational relationship to the nature of the defendant's violation. See Carroll v. Abramson, 53 F.3d 626, 630 (4th Cir. 1995) (finding no abuse of discretion where the district court reduced the lodestar figure in a nominal damage suit establishing a single technical violation of the FDCPA); Vera v. Trans-Cont'l Credit & Collection Corp., No. 98 CIV. 1866(DC), 1999 WL 292623, at *2 (S.D.N.Y. 1999) (reducing fees from $10,570 to $3,500 where the violation of the FDCPA was a technical one on a bill for only $8.00). Here, defendants committed a technical violation of the FDCPA in a single letter including an incomplete description of the amount owed. There was little or no risk the technical violation would not be established. Given the extensive amount of work undertaken by plaintiff in her two

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

other pending actions against defendants, the relative simplicity of the matter at issue in this case, the absence of legal or clerical assistance for numerous tasks, and the minimal risk of loss, a fee award of one-third the amount claimed is appropriate.

### III.    CONCLUSION

Defendants object to plaintiff's fee application and question the extensive amount of time devoted to various tasks in such a simple, straightforward case, especially for an expert in FDCPA law. Plaintiff's counsel expended excessive, duplicative, and wasteful hours towards a single letter violation of the FDCPA. In addition, plaintiff's counsel unreasonably billed all tasks at a $350 hourly rate (inexplicably $50 more per hour than her time for the other, later-filed matter representing the same plaintiff against these defendants) when some of the tasks could have been performed by a paralegal or law clerk at considerably lower rates. Defendants request the court to exclude excessive, wasteful, and duplicative hours and/or reduce the lodestar figure to reflect the modest nature of the case.

DEFENDANTS,
JBC & ASSOCIATES, P.C., JACK H.
BOYAJIAN, MARVIN BRANDON

By:    _____

Peter R. Reynolds
Federal Bar Number (ct06535)
preynolds@mrglaw.com
MacDermid, Reynolds & Glissman, PC
86 Farmington Avenue
Hartford, CT  06105
Tel. (860) 278-1900
Fax (860) 547-1191

## CERTIFICATION

This is to certify that a copy of the foregoing memorandum in opposition to plaintiff's fee

application was forwarded via e-mail and first class mail, postage prepaid, this 28th day of

October, 2005 to the following counsel of record:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

_____

Peter R. Reynolds