IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRICIA BUTLER,

               Plaintiff,

      v.

JBC LEGAL GROUP, P.C.; JACK H.
BOYAJIAN; and MARV BRANDON,

          Defendants.

CIVIL ACTION FILE

NO. 1:04-CV-2607-BBM

### O R D E R

This matter is before the court on Plaintiff's Motion for An Award of Costs and Attorneys' Fees [Doc. No. 35].

## I.  **Factual and Procedural Background**

On September 7, 2004, Plaintiff Tricia Butler ("Ms. Butler"), filed a Complaint on behalf of herself and all others similarly situated against Defendants JBC Legal Group, P.C., Jack H. Boyajian, and Marv Brandon (collectively, the "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

On December 30, 2004, McGuireWoods LLP ("McGuireWoods") filed a Motion to Withdraw and for Extension of Time to Answer or Otherwise Plead (the "First Motion to Withdraw").  On January 3, 2005, Defendants filed their Answer to Ms. Butler's Complaint.  On January 5, 2005, Ms. Butler filed a motion opposing the First

Motion to Withdraw, arguing both that McGuireWoods' withdrawal would leave Defendants entirely without counsel and that, in filing the First Motion to Withdraw, Defendants had failed to comply with the Local Rules. The court agreed with Ms. Butler, denying the First Motion to Withdraw.

On March 31, 2005, McGuireWoods again filed a Motion to Withdraw (the "Second Motion to Withdraw"), which the court granted by Order of April 5, 2005. In an Order entered the following day, the court instructed Defendants that within 20 days they had to "notify the court of the identity of [their replacement] counsel . . . ." (Apr. 6, 2005 Order 2.)

On May 17, 2005, Ms. Butler filed a Motion for Leave to Amend her Complaint, which sought to add an additional party defendant to the action. That same day, the court, on its own initiative, entered an Order (hereinafter, the "Show Cause Order") requiring Defendants to show cause, on or before May 31, 2005, why judgment should not be entered against them due to their failure to abide by the Order of April 6, 2005, which had required them to identify their replacement counsel. On May 31, 2005, Defendants notified the court that Finley & Buckley, P.C., would serve as their counsel.

On June 6, 2005, the court denied Ms. Butler's request to add a new defendant. The court found that this addition, which was requested only two weeks before the

close of discovery on June 2, 2005, would result in a prejudicial delay of the proceedings. The court also found an extension of the discovery period to be impermissible under Local Rule 26.2B, which permits such an extension when the need for it results from "an 'exceptional' circumstance previously unknown to counsel." (June 6, 2005 Order 2.)

On June 22, 2005, Ms. Butler filed a Reply to Defendants' Response to Show Cause Order of May 17, 2005. Two days later, on June 24, 2005, Ms. Butler filed a Motion for Class Certification, which set out her legal theory of the case but provided scant analysis of the actual facts. Ms. Butler appears to acknowledge this deficiency, attributing it to Defendants' alleged failure to participate in discovery. See Pl.'s Mem. in Supp. of Pl.'s Mot. for Class Certification 3-4.)

By Order of June 27, 2005, the court deemed "the May 17, 2005[,] Show Cause Order to have been reasonably responded to, and that . . . the circumstances of this case [did not] justify the entry of a default judgment against the defendants at th[at] time." (June 27, 2005 Order 1.) Also on June 27, 2005, Ms. Butler filed a Motion for Summary Judgment. The court did not decide this motion, because on July 11, 2005, Ms. Butler filed notice of her Acceptance of Defendant's Offer of Judgment, which provided in relevant part for payment of both $1,501.00 to Ms. Butler and reasonable costs and attorneys' fees.

On July 14, 2005, Defendants filed both a Response in Opposition to Plaintiff's Motion for Class Certification and a Motion for Attorneys' Fees and Memorandum of Law in Support Thereof.  Defendants assert, in turn, that they are owed attorneys' fees on the basis that Ms. Butler's Motion for Class Certification was untimely and was brought in bad faith and for the purpose of harassment.  On July 18, 2005, the parties filed a Consent Motion to Extend Time to Respond to Summary Judgment Motion.  On July 25, 2005, the court held a telephone conference with the parties. Therein, Ms. Butler withdrew both her Motion for Class Certification and her Motion for Summary Judgment.  By verbal Order, the court denied Defendants' Consent Motion for Extension of Time as moot.

On August 8, 2005, Ms. Butler filed a Motion for An Award of Costs and Attorneys' Fees (the "Motion for Fees").  The Motion for Fees sets forth that, at various stages of this action, Ms. Butler sought the legal services of (1) O. Randolph Bragg ("Mr. Bragg"), a partner at the Chicago law firm Horwitz, Horwitz & Associates; (2) Jim Smith ("Mr. Smith") and Toria Lund ("Ms. Lund"), both third-year law students who serve as clerks at Horwitz, Horwitz & Associates; (3) and Dwight Bowen ("Mr. Bowen") of Atlanta, Georgia.  The Motion for Fees seeks $12,805.00 in attorneys' fees and $673.91 in costs for Mr. Bragg's firm and $8,178.00 in fees for Mr. Bowen.  On August 22, 2005, Defendants filed a Response in Opposition to Ms.

Butler's Motion for Fees. Three days later, Ms. Butler filed a reply brief in support of her Motion for Fees.

On September 12, 2005, Ms. Butler filed declarations supplementing her Motion for Fees, which documented her counsel's expenses in preparing the Motion for Fees. These declarations implicate the work of an additional attorney, Craig M. Shapiro ("Mr. Shapiro"), who apparently also works at Horwitz, Horwitz & Associates. These declarations seek an additional $4,063.50 in fees and $63.57 in costs for Mr. Bragg's firm and $812.00 in fees for Mr. Bowen. All told, then, Mr. Bragg's firm seeks $16,868.00 in fees and $737.48 in costs and Mr. Bowen seeks $8,990.00 in fees.

The parties have built the record with additional affidavits and documentation providing conflicting accounts of this litigation. The court will discuss these accounts only as the ensuing analysis requires.

## II.    <u>Attorneys' Fees Standard</u>

Under the American Rule, awards of attorneys' fees are inappropriate except when authorized by statute or court rule. <u>See</u> <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 249-58, 268 n.40 (1975). Ms. Butler has moved for attorneys' fees pursuant to the Fair Debt Collection Practices Act (the "Act"), which makes any debt collector who fails to comply with the Act liable to a plaintiff who has brought a "successful action to enforce" the Act in the amount equal to the sum of

"the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). When the court deems that the action was "brought in bad faith and for the purpose of harassment," however, "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Id.

With one exception, in the Eleventh Circuit there are no bright-line rules that determine whether an action qualifies as "successful" under 15 U.S.C. § 1692k(a)(3) ("section 1692k(a)(3)"). That exception is that "to be 'successful' the plaintiff must receive some relief beyond mere entry of judgment . . . ." Nagle v. Experian Info. Solutions, Inc., 297 F.3d 1305, 1306 (11th Cir. 2002). "[T]o obtain attorneys' fees," the plaintiff must first be "awarded some other form of damages . . . ." Id. at 1307.

Once the plaintiff meets that threshold showing, "[t]he determination of a reasonable attorney's fee is left to the sound discretion of the trial judge." Weeks v. S. Bell Tel. & Tel. Co., 467 F.2d 95, 97 (5th Cir. 1972).[1] In exercising this discretion, the court is "*required*" to undertake a so-called "lodestar" analysis. Natco Ltd. P'ship v. Moran Towing of Fla., Inc., 267 F.3d 1190, 1196 (11th Cir. 2001) (emphasis added)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981.

(affirming award of attorneys' fees pursuant to a contract).  The lodestar is the

number of hours reasonably worked by a lawyer multiplied by a reasonable hourly

rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The court "is itself an expert on

the question [of attorneys' fees] and may consider its own knowledge and experience

concerning reasonable and proper fees and may form an independent judgment either

with or without the aid of witnesses as to value."  Norman v. Hous. Auth. of the City

of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation omitted).  "[H]ours that

are excessive, redundant, or otherwise unnecessary" should be excluded from the

amount claimed.  Hensley, 461 U.S. at 434.  Additionally, parties cannot be

compensated for time spent on discrete and unsuccessful claims if counsel's work on

the unsuccessful claim is unrelated to counsel's work on the successful claim.  Id. at

434-35.[2]

---

[2]The court notes that many of the fee-shifting decisions relied on in establishing the meaning of the terms of section 1692k(a)(3) "arose in the context of civil rights statutes, and not the [Act] . . . ."  Thorpe v. Collection Info. Bureau, Inc., 963 F. Supp. 1172, 1174 n.2 (S.D. Fla. 1996).  However,

> [E]ach of these statutes use the term "reasonable attorney's fee" and serve the same general purpose of shifting fees in order to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws.  Fee-shifting statutes' similar language is a strong indication that they are to be interpreted alike.

Id. (citations and some internal quotations omitted).

"After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation."  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).  "There is no precise rule or formula for making these determinations.  The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  Hensley, 461 U.S. at 436-37.

"The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable."  Duckworth, 97 F.3d at 1396.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.  Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.

Norman, 836 F.2d at 1299 (citations omitted).

## III.  **Analysis**

The court must first determine whether Ms. Butler's action was successful so as to qualify for an award of attorneys' fees under section 1692k(a)(3).  Per Ms.

Butler's acceptance of Defendants' offer to pay damages, it is clear that she has "receive[d] some relief beyond mere entry of judgment . . . ." Nagle, 297 F.3d at 1306. Thus, at least as a threshold matter, Ms. Butler's action was "successful" pursuant to section 1692k(a)(3).  15 U.S.C. § 1692k(a)(3).

The court must next determine what constitutes a "reasonable attorney's fee" for the prosecution of this "successful" action.  Id.  As to this issue, the parties agree on little:  Defendants object to Ms. Butler's costs; Defendants challenge not only the number of hours Ms. Butler's counsel have billed, but also the rate at which they have billed them; and Defendants submit that *they* should be awarded fees on the basis that Ms. Butler's Motion for Class Certification was allegedly untimely and brought in bad faith and for purposes of harassment.  Without further introduction, the court will address each of these objections.

A.    Hourly Rates

The court must consider whether the hourly rates charged by Ms. Butler's counsel reflect the hourly rates prevalent in the Northern District of Georgia for claims arising under the Act.

1.    *Mr. Bragg*

Mr. Bragg has billed his time at $350.00/hour.  Mr. Bragg has extensive qualifications:  He is a member in good standing of the bars of multiple courts; he has

over thirty years of experience as an attorney and has represented various interests in consumer cases; he has authored several articles on debt collection; and he was once a member of the Board of Directors of the National Association of Consumer Advocates. The Laffey Matrix, a tool adopted by the United States District Court for the District of Columbia to establish hourly rates for attorneys practicing in that district, suggests that an attorney of Mr. Bragg's experience might bill at $390.00/hour.[3] (See Reply. Br. in Supp. of Pl.'s Mot. for An Award of Costs and Attorneys' Fees, Ex. 1.) Based upon Mr. Bragg's experience in this field, the court finds Mr. Bragg's rate of $350.00/hour to be reasonable.

2. *Mr. Bowen*

Mr. Bowen has billed his time at $290.00/hour. Mr. Bowen is admitted to the bars of a number of courts and has at least twenty years of experience as an attorney. This experience includes consumer actions in federal court. The Laffey Matrix suggests that an attorney of Mr. Bowen's experience might bill at $390.00/hour. The court thus also finds Mr. Bowen's rate of $290.00/hour to be reasonable.

3. *Mr. Shapiro*

---

[3]The court acknowledges that the Laffey Matrix, which references the cost of living and working in the District of Columbia – not the Northern District of Georgia – is certainly not preclusive on the subject of attorneys' fees in this jurisdiction. However, the court will look to the Laffey Matrix to provide a rule of thumb to be departed from as the court sees fit.

Mr. Bragg has billed the time of Mr. Shapiro at $185.00/hour.  Ms. Butler claims in her pleadings that Mr. Shapiro is admitted to the bars of the Supreme Court of Illinois and the United States District Court for the Northern District of Illinois and that he is a first year associate at Horwitz, Horwitz & Associates.   The court, however, cannot identify substantial record evidence pertaining to Mr. Shapiro's qualifications.  As Ms. Butler has thus failed to carry her burden of proof on the issue of the reasonableness of Mr. Shapiro's fees, these fees must be excluded from the lodestar calculus.  See  Norman, 836 F.2d at 1299.

    4.    *Mr. Smith and Ms. Lund*

Mr. Bragg has billed the services of Mr. Smith and Ms. Lund at $100.00/hour. The court's review of the record indicates that as law students Mr. Smith and Ms. Lund performed administrative tasks as well as legal research typical of practicing lawyers.   The Laffey Matrix suggests such clerks might bill at the rate of $110.00/hour.  The court thus finds Mr. Smith and Ms. Lund's rate of $100.00/hour to be reasonable.

    B.    Recovery of Fees Related to Drafting Discovery Documents

Defendants argue that the court should reject the entire 3.6 hours Ms. Butler's counsel spent drafting discovery-related documents because those documents were

-11-

not timely served on Defendants.  These hours include the 3.4 hours Mr. Smith spent

drafting the discovery documents and the .2 hours Mr. Bragg spent  reviewing them.

Local Rule 5.2A(1) provides in pertinent part:  "An original of all complaints,

answers, amendments, motions, and other pleadings and papers shall be filed with

the clerk at the public filing counter, unless the court expressly authorizes filing by

other means." LR 5.2A(1), N.D. Ga.  The court will not award attorneys' fees for work

product not timely filed with the court.    Furthermore, by Order of June 6, 2005, the

court determined that the discovery period for this action had ended on June 2, 2005,

and that Ms. Butler had not made the requisite showing for an extension.[4]  The court

will not assess attorneys' fees for discovery served later than June 2, 2005.

Ms. Butler has failed to file discovery requests with this court and has also

failed to produce evidence that she served discovery within the scheduled discovery

period.  Ms. Butler has thus failed to carry her burden of proving reasonable fees in

relation to her discovery requests.  Therefore, the court excludes from the lodestar

calculus the sum of $340.00, which represents the fees of Mr. Smith, and $70.00,

which represents the fees of Mr. Bragg.

C.    Motion for Class Certification

---

[4]Ms. Butler argues that the Defendants' failure to be represented by legal counsel
was the source of any delay in serving the Defendants with discovery.  The court has
already heard this argument, however, and rejected it in its June 6, 2005 Order.

Defendants argue that the court should reject Mr. Bowen's application for fees associated with 2.8 hours of time expended in drafting and filing the Motion for Class Certification because that Motion was untimely.   Local Rule 23.1B provides in pertinent part that "[t]he plaintiff shall move within ninety (90) days after the complaint is filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be maintained as a class action." LR 23.1B, N.D. Ga.  The court will not grant fees concerning an untimely class-determination motion.

In this action, Ms. Butler filed her Complaint on September 7, 2004.  Ms. Butler might therefore have filed her Motion for Class Certification, at the latest, on December 6, 2004.[5]   Ms. Butler, who filed her Motion for Class Certification on June 24, 2005, failed to move within ninety days after filing her Complaint for a class determination under Local Rule 23.1B.  Thus attorneys' fees related to her filing of the Motion for Class Certification are unreasonable.  The court therefore excludes

---

[5]Federal Rule of Civil Procedure 6 provides that "[i]n computing any period of time prescribed or allowed . . . by order of court . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . ." Fed. R. Civ. P. 6(a).  If the period so computed exceeds 10 days, then Saturdays, Sundays, and legal holidays are included in the computation.  <u>Id.</u>  If the last day of any period of time prescribed by Order of the court falls on a Saturday, a Sunday, or a legal holiday, then that period shall "run[] until the end of the next day which is not one of the aforementioned days." <u>Id.</u>

from the lodestar calculus the sum of $812.00, which represents Mr. Bowen's fees concerning the Motion for Class Certification.

Defendants have further demanded they be awarded attorneys' fees in the amount of $780.00 for their counsel's work in drafting and filing the Response to Plaintiff's Motion for Class Certification. The court can award such fees if it finds that Ms. Butler filed the Motion for Class Certification in bad faith. Ms. Butler filed the Motion substantially after the deadline set by Local Rule 23.1B and failed to withdraw that Motion until July 25, 2005, long after it should have been clear to her that the Motion was untimely. The court thus finds that Ms. Butler brought the Motion in bad faith and awards Defendants $780.00 in fees.

D.  **Summary Judgment Motion**

Defendants maintain that Ms. Butler is not entitled to fees incurred in preparing her Motion for Summary Judgment, because that motion was "unreasonable, frivolous and abusive." (Defs.' Opp'n to Pl.'s Pet. for Attorneys' Fees and Costs 11.)

By Order of June 6, 2005, the court directed the parties to file dispositive motions within 20 days. The June 6, 2005 Order, read alongside Federal Rule of Civil Procedure Rule 6,[6] indicates that the deadline for filing Ms. Butler's Motion for

---

[6]See supra note 5.

Summary Judgment was June 27, 2005.  Ms. Butler complied with that deadline.

Additionally, Federal Rule of Civil Procedure 68 provides 10 days during which an offer of judgment may be accepted.  Neither party has produced evidence as to when Defendants actually served their Offer of Judgment (the "Offer") on Ms. Butler's counsel, though she claims that her counsel "did not receive the Offer . . . until June 25, 2005."  (Reply Br. in Supp. of Pl.'s Mot. for An Award of Costs and Attorneys' Fees 6.)  Even if Defendants *had* served their Offer on Ms. Butler's counsel on the very date that the Offer was signed by Defendants' counsel – that is, June 22, 2005 – service on that day would still have left Ms. Butler until July 6, 2005, to accept or reject the Offer.  Ms. Butler's decision to file her Motion for Summary Judgment prior to accepting the Offer thus complied with Defendants' "best-case scenario" reading of the limitations period governing Ms. Butler's consideration of the Offer. Insofar as Ms. Butler complied with the June 6, 2005 Order and the Federal Rules of Civil Procedure, the court finds that the assessment of fees pursuant to the Motion for Summary Judgment is reasonable.

The court must further consider, however, whether the *quantity* of time expended in the production of Ms. Butler's Motion for Summary Judgment is reasonable.  Mr. Bragg spent 20.4 hours and Mr. Bowen spent 5.8 hours researching and drafting the Motion for Summary Judgment.  Mr. Bragg and Mr. Bowen both

have many years of experience as lawyers, which suggest that they should have more quickly completed this Motion. Furthermore, the Motion for Summary Judgment, in part, sought judgment in favor of a class Ms. Butler failed to establish. Thus, the court finds that Mr. Bragg can seek reasonable fees only for 12.0 hours of work and Mr. Bowen can seek reasonable fees for only 3.0 hours of work. Therefore, the court excludes from the lodestar calculus $2,106.00, which represents 8.4 hours of Mr. Bragg's time, and $812.00, which represents 2.8 hours of Mr. Bowen's time.

     E.     <u>Ms. Butler's Reply To Defendants' Response to the Show Cause Order</u>

Defendants argue that Ms. Butler should not be awarded the entirety of fees which she seeks for work undertaken in opposing the Defendants' timely response to the Show Cause Order. The court agrees. The court issued the Show Cause Order to Defendants, and Defendants complied with it. Ms. Butler's brief characterizing the procedural history of the case as well as the Defendants' efforts in attempting to find counsel, was unnecessary and unhelpful. Therefore, the court will disallow the 1.4 hours expended by Mr. Bragg on this project, as well as the 8.7 hours expended by Mr. Bowen.

-16-

F.     <u>The Complaint</u>

Defendants argue that the 6.5 hours Ms. Butler's attorneys have billed for the preparation of the Complaint is unreasonable.   In light of the essentially cut-and-paste nature of this Complaint, the court excludes from the lodestar calculus $80.00, which represents .8 hours of Ms. Lund's time; $525.00, which represents 1.5 hours of Mr. Bragg's time; and $203.00, which represents .7 hours of Mr. Bowen's time.

G.     <u>Costs</u>

Defendants seek to prevent the collection of various costs incurred by Ms. Butler over the course of the litigation.   These costs include a $222.41 messenger fee and a $19.75 UPS fee.   While Defendants concede that Ms. Butler is "entitled to recover reasonable costs relating to service of process, pro hac admission costs and mailings," Defendants believe Ms. Butler's utilization of both UPS and a messenger service was unreasonable because similar results "could have been accomplished by regular mail."  (Defs.' Opp'n to Pl.'s Pet. for Attorneys' Fees and Costs 15.)  The court, however, finds that these costs are both reasonably incident to the conduct of litigation in the federal system.

Defendants further contend that LexisNexis fees totaling $134.18 constitute the unbillable overhead of Mr. Bragg's law firm and are unrecoverable pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides a default rule governing the

collection of costs.  The Eleventh Circuit has not explicitly ruled on whether expenses incurred in accessing online databases such as LexisNexis constitute recoverable costs; however, the Eleventh Circuit has ruled on whether paralegal expenses constitute such costs within the meaning of Rule 54(d).  This ruling sheds some light on how the Eleventh Circuit might approach the issue of online database access as a recoverable cost.

> Even though separately billed to the client, paralegal expenses are not "costs" within the meaning of Rule 54(d).  Such expenses are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses, and even then only to the extent that the paralegal performs work traditionally done by an attorney.  Otherwise, paralegal expenses are separately unrecoverable overhead expenses.

Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (11th Cir. 1982) (citation omitted); see Corsair Asset Mgmt., Inc. v. Moskovitz, 142 F.R.D. 347, 353 (N.D. Ga. 1992) (Forrester, J.).  Mindful of the Allen Court's reasoning, this court finds that even though LexisNexis expenses might be "separately billed to the client," they are not "separately recoverable."  Allen, 665 F.2d at 697.  Therefore, Ms. Butler's $134.18 in LexisNexis expenses are not separately recoverable as costs.

    H.    Ms. Butler's Supplemental Pleadings

Ms. Butler seeks attorneys' fees for the work her attorneys performed in drafting various pleadings that had as their sole purpose the recovery of attorneys'

fees and costs. Defendants challenge the award of fees pursuant to these supplemental pleadings.

### 1.    Mr. Shapiro

Mr. Shapiro billed a total of 9.1 hours at $185.00/hour for preparing these supplemental pleadings. Pursuant to the analysis offered in Part III.A.3 of this Order, the court declines to award any fees for Mr. Shapiro's work on this case. Therefore, the court excludes $1,683.50 from the lodestar calculus.

### 2.    Mr. Bragg & Mr. Bowen

Mr. Bragg has billed 6.8 hours for the preparation of the supplemental pleadings, while Mr. Bowen has billed an additional 2.8 hours. The court finds these hours to be excessive for two reasons: (1) the issues briefed were relatively uncomplicated; and (2) the spelling and syntax errors evident in these pleadings suggest that they were not completed with the attention to detail that the court expects given the quantity of hours billed. Mr. Bragg can reasonably bill for only 4.0 hours of work and Mr. Bowen can bill for only 2.0 hours of work on these supplemental pleadings. Therefore, the court excludes from the lodestar calculus $980.00, which represents 2.8 hours of Mr. Bragg's time, and $232.00, which represents .8 hours of Mr. Bowen's time.

H.    <u>Total Award</u>

Pursuant to the forgoing analysis, Plaintiff's Motion for Costs and Attorneys' Fees is GRANTED as follows: Mr. Bragg's firm shall collect from Defendants $9,760.00 in fees and $603.30 in costs.  Mr. Bowen shall collect from Defendants $4,408.00 in fees.  The court has also awarded attorneys' fees to Defendants' attorneys in the amount of $780.00.

IV.    **<u>Summary</u>**

Plaintiff's Motion for An Award of Costs and Attorneys' Fees [Doc. No. 35] is GRANTED.  This matter has been resolved as between the parties, and all other outstanding issues have now likewise been resolved, it has been fully adjudicated, and it is hereby DISMISSED.

IT IS SO ORDERED, this 14th day of October, 2005.


s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE