UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS,                          :

    Plaintiff,                      :

        vs.                     : No. 3:02CV1069(WIG)

JBC & ASSOCIATES, P.C.,                 :
JACK H. BOYAJIAN,
MARVIN BRANDON,                         :

    Defendants.                     :

-----------------------------X

## RULING ON PLAINTIFF'S FEE APPLICATION [# 68]

Plaintiff has applied for an award of attorney's fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(3), ("FDCPA"), in the amount of $19,271, plus expenses of $156.  Plaintiff's application will be granted to the extent set forth below.

## Discussion

The FDCPA, 15 U.S.C. § 1692k(a)(3), provides for an award of costs and "a reasonable attorney's fee as determined by the court" in the case of any successful action to enforce liability under the FDCPA.  Once a violation of any provision of the FDCPA has been established, the Second Circuit has held that an award of reasonable attorney's fees and costs to the prevailing plaintiff is mandatory.  *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989).  The Court, however, has

1

broad discretion in fashioning an award of reasonable attorney's fees under the FDCPA. *See Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989).

In this case, plaintiff obtained partial summary judgment in her favor on two of her FDCPA claims. *See* Memorandum of Decision dtd. Sept. 3, 2004, at 9 (Kravitz, U.S.D.J.). She then reached an out-of-court settlement as to damages, leaving the issue of attorney's fees for resolution by the Court.[1] The Court finds, as a preliminary matter, that plaintiff is a "prevailing party," entitled to an award of reasonable attorney's fees and costs under the FDCPA.

Plaintiff's counsel, Joanne Faulkner, has requested a fee award of $19,271 based upon an hourly rate of $350/hour for 55.06 hours. No upward departure from the lodestar amount was requested. Defendants, however, have challenged both her requested rate and the requested number of hours, which they characterize as excessive and as including "duplicative and wasteful hours." Additionally, they have suggested that the nature of the case warrants an overall reduction in the lodestar calculation. (Defs.' Mem. at 1.) Defendants have not contested the requested costs of $156, which the Court finds to be

---

[1] This case was originally assigned to the Hon. Mark R. Kravitz, U.S.D.J. The parties subsequently consented to proceed before a United States Magistrate Judge for all purposes, and this matter was then transferred to the Undersigned.

reasonable.

*1.  The Requested Rate*

To determine whether an attorney's hourly rate is reasonable, the Court must look to the prevailing market rates of the relevant community for legal services of the same character, performed by attorneys of comparable skill and experience.  *See Blum v. Stenson*, 465 U.S. 886, 895-96 (1984).  The Court has recently found that a rate of $300/hour was reasonable for Ms. Faulkner's legal services based upon prevailing rates in the Connecticut legal community with which the Court is familiar, and given Ms. Faulkner's forty-plus years of legal experience, her expertise in the area of consumer matters including FDCPA cases, her involvement in significant cases before the United States Supreme Court, the Second Circuit, and this Court, and her membership and positions held on various committees of the Connecticut Bar Association and other state and federal bar organizations.  *See Cashman v. Ricigliano,* No. 3:02cv1423(MRK) (WIG), Rec. Ruling dtd. Apr. 6, 2005.

Attorney Faulkner attempts to justify the increase in her requested rate of $350/hour based upon an award by Judge Hall in *Petrolito v. Arrow Financial Services,* 3:02cv484(JCH), which she argues makes $350/hour the "market rate."  (Pl.'s Reply Mem. at 4.)  While the Court certainly does not take issue with the fees awarded in *Petrolito,* it does not agree with plaintiff that this

one fee award established the "prevailing market rate." More importantly, however, the basis for the fee award in *Petrolito* was different than in the instant case. *Petrolito* was a class action in which class counsel, including Ms. Faulkner, achieved an award of over $11,000,000 for the plaintiff class. The motion for attorneys' fees was brought pursuant to the common fund doctrine, in which a reasonable fee is based on a percentage of the value achieved for a class. *See Petrolito,* Pl.'s Mem. in Support of Fee Appl'n at 1. While Ms. Faulkner did submit a fee affidavit in that case, setting forth her fees based on a rate of $350/hour, the Court, in making a lump-sum award of fees for class counsel, made no finding that $350/hour was a reasonable rate or the prevailing market rate in FDCPA cases. Instead, it appears that the Court based her award on a percentage of the value achieved for the class, as requested by plaintiffs' class counsel.

This case, as discussed below, involves the application of a lodestar calculation, not the common fund doctrine. The instant case covers approximately the same time period as did the *Cashman* case. Based on the Court's extensive experience with attorney's fees in Connecticut, the Court is not convinced that $350/hour is reflective of prevailing market rates in this legal community for attorneys with similar experience as Attorney Faulkner. The Court will adhere to its earlier and still recent ruling, finding

4

$300/hour to be a reasonable rate for Attorney Faulkner's
services.

## 2. *The Requested Hours*

Defendants challenge the hours requested by Plaintiff's
counsel as excessive, duplicative, and wasteful.  While they
concede that there is a strong presumption that the lodestar
formula (number of hours reasonably expended multiplied by a
reasonable hourly rate) represents a reasonable fee, *see
Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air,*
478 U.S. 546, 565 (1986), they argue that the Court should
exclude excessive, redundant, or otherwise unnecessary hours
before awarding fees.  *See Quarantino v. Tiffany & Co.*, 166 F.3d
422, 425 (2d Cir. 1999).  They characterize this matter as a
"small FDCPA case, involving a single miscalculation covering two
debts of plaintiff and a technical violation, and simple legal
issues." (Defs.' Mem. at 4.)  They claim that 55.06 hours are
excessive and represent "a great deal of duplication and
redundancy of labor considering plaintiff's counsel filed two
additional cases against the defendants surrounding the same
collection efforts against the plaintiff."  (Defs.' Mem. at 6.)

When a party advocates that the lodestar amount should be
reduced, he or she bears the burden of establishing that a
reduction is justified.  *United States Football League v.
National Football League*, 887 F.2d 408, 413 (2d Cir. 1989).

A review of the docket sheet in this case indicates that, during the three years this case has been pending, seventy-four (74) documents have been filed, including the following documents filed by plaintiff's counsel: the complaint, the 26(f) report, a revised 26(f) report, a motion for sanctions, a motion to compel discovery, a motion for reconsideration, a motion for partial summary judgment with supporting memorandum and two reply briefs, another motion for reconsideration with a supporting memorandum and a reply brief, a motion for costs and fees with a supporting affidavit and memorandum and a reply brief. Additionally, there were a number of status conferences held by the Court. Thus, a substantial amount of legal work was performed by plaintiff's counsel in this FDCPA case, for which she should be compensated. That, however, does not necessarily mean that the time recorded was reasonable.

The fees awarded in this case should only reflect time actually spent on this case, as opposed to any other matter plaintiff's counsel may have filed against these defendants. For example, to the extent that the same motion or brief was filed in two cases, the hours expended on the motion or brief should be divided between the two cases. Plaintiff's counsel appears to have made this reduction in several time entries, where her time sheet indicates "½ time."

After a careful review of plaintiff's counsel's time

records, the Court concludes that the time spent on the remaining activities is reasonable.  The Court knows Attorney Faulkner to be a well-prepared and thorough attorney, and the Court will not second-guess the amount of preparation that she felt was necessary for a deposition, for example, as defendants have asked the Court to do.

Accordingly, the Court finds the requested hours of 55.06 to be reasonable.  Based on an hourly rate of $300, the lodestar fee calculation in this case would be 55.06 hours X $300/hour for a total fee of $16,518.

### 3.  _Whether a Reduction in the Lodestar is Warranted_

Finally, defendants argue that the lodestar figure should be reduced based on the lack of complexity of the legal issues in the case, the fact that plaintiff's counsel pursued this "simple case" in a "particularly aggressive manner," and the nature of defendants' violation of the FDCPA.  (Defs.' Mem. at 12.)

As plaintiff points out, an award of attorney's fees under the FDCPA is designed not only for plaintiff's benefit but also to serve as a deterrent to defendants and others similarly situated.  As the Third Circuit held in _Graziano v. Harrison,_ 950 F.2d 107, 113 (1991), "the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general."  Indeed, the Second Circuit has required an award of

7

attorney's fees even where violations of the FDCPA were so
minimal that statutory damages were not warranted.  *See, e.g.,*
*Pipiles,* 886 F.2d at 28; *Emanuel v. American Credit Exchange*, 870
F.2d 805, 809 (2d Cir. 1989).   The Court in *Graziano* further
noted that the FDCPA contains a section discussing the relevant
factors to be considered by the Court in determining the amount
of damages to be awarded for liability purposes, 15 U.S.C. §
1692k(b), yet the section setting forth attorney's fees to be
awarded, 15 U.S.C. § 1692k(a)(3), contains no parallel provision.
*Graziano*, 107 F.3d at 113.   Thus, the *Graziano* Court concluded
that it was inappropriate to read into the attorney's fees
section, § 1692k(a)(3), the factors set forth in § 1692k(b)
relating to conduct by the defendant, including the frequency and
persistence of noncompliance, the nature of such noncompliance,
and the extent to which such noncompliance was intentional.  *Id.;*
*see also Teng v. Metropolitan Retail Recovery Inc.*, 851 F. Supp.
61, 70-71 (E.D.N.Y. 1994).

    Based on this authority, the Court declines to reduce the
lodestar calculation based on the nature of defendants' violation
of the FDCPA, as defendants have requested.  In that regard, the
Court would note that plaintiff has cited to numerous cases in
which JBC & Associates has been a defendant.

    The Court has addressed defendants' remaining arguments in
favor of a downward adjustment in its discussion of the

reasonableness of the requested hours.

The Court finds that defendants have not carried their burden of proving that a reduction of the lodestar figure is warranted.

## **Conclusion**

Therefore, the Court grants Plaintiff's Application for Fees [**Doc. # 68]** and awards fees in the amount of $16,518 and costs of $156.  The Clerk is directed to enter Judgment accordingly.


SO ORDERED, this ___28th___ day of ___November___, 2005, at Bridgeport, Connecticut.



_____/s/ William I. Garfinkel_____
WILLIAM I. GARFINKEL,
United States Magistrate Judge