UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELYN GOINS : | |
| : | |
| Plaintiff, : | CASE NO. 3:02-CV-01069-WIG |
| : | |
| VS. : | |
| : | |
| JBC & ASSOCIATES, P.C. : | |
| JACK H. BOYAJIAN : | |
| MARVIN BRANDON : | |
| Defendants. : | JULY 7, 2006 |

## WESTERN UNION FINANCIAL SERVICES, INC. OBJECTION TO PLAINTIFF'S MOTION FOR TURNOVER ORDER

Western Union Financial Services, Inc., a non-party to the subject litigation, but having been served with a post judgment garnishment/attachment, by and through its undersigned counsel, herein objects to the Plaintiff's Motion dated June 16, 2006. Western Union Financial Services, Inc. submits that the pending Motion filed by Plaintiff is inappropriate as Western Union Financial Services, Inc. does not possess any funds which constitute the property of any of the Defendants in this action, as is more particularly set forth in the attached Affidavit Re: Exempt Funds from Linda Hundon, Esq.

Wherefore, Western Union Financial Services, Inc. objects to the Plaintiff's Motion.

RESPECTIVELY SUBMITTED

By: _____
Richard B. Polivy, Esq.
Counsel for Western Union Financial Services, Inc.
Polivy & Taschner, LLC
Six Central Row
Hartford, CT 06103
(860) 560-1180
Federal Bar No. ct07336

David J. Finkler, Esq.
Counsel for Western Union Financial Services, Inc.
Law Offices of David J. Finkler, P.C.
266 Harristown Road, Suite 204
Glen Rock, New Jersey 07452
(201) 689-0001

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELYN GOINS | : |
| Plaintiff, | : CASE NO. 3:02-CV-01069-WIG |
| VS. | : |
| JBC & ASSOCIATES, P.C.<br>JACK H. BOYAJIAN<br>MARVIN BRANDON | : |
| Defendants. | : JULY 7, 2006 |

### CERTIFICATE OF SERVICE

This is to certify that copies of the Objection to Plaintiff's Motion For Turnover Order were mailed, postage prepaid, on this 7th day of July, 2006 to:

Joanne Faulkner, Esq.
123 Avon Street
New Haven, Connecticut 06511

Edward S. Shelton, Esq.
MacDermid, Reynolds & Glissman
86 Farmington Avenue
Hartford, CT 06105

Peter Reynolds, Esq.
MacDermid, Reynolds & Glissman
86 Farmington Avenue
Hartford, CT 06105

Richard B. Polivy, Esq.
Counsel for Western Union Financial Services, Inc.
Polivy & Taschner, LLC
Six Central Row
Hartford, CT 06103
(860) 560-1180
Federal Bar No. ct07336

UNITED STATES DISTCT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS,                :
    Plaintiff,              :   AFFIDAVIT RE: EXEMPT FUNDS
                              :
v.                            :   Civil No. 3:02CV 1069 (WIG)
JBC & ASSOCIATES, P.C.        :
    Defendant.              :


State of Colorado   )
                    )   ss.;
County of Arapahoe  )

    Linda Hundon, Esq., being duly sworn deposes and states as follows:

    1. I am the Manager of Litigation for Western Union Financial Services, Inc. (hereinafter Western Union) and as such I am fully familiar with the matter before this Court through my personal knowledge and review of the records maintained in the usual course of business by the Company.

    2. I have received and reviewed the within demand by Plaintiff for a turnover of funds held in a bank account in the control of Western Union.

    3. Western Union is not a party to this litigation and the subject matter, as far as I am aware, has nothing to do with Western Union.

    4. The basis for this objection and refusal to pay over any funds to the Plaintiff is that none of the funds maintained in the designated bank account are the property of Defendant JBC & Associates (hereinafter "JBC").

    5. Rather, the JBC is merely a business customer of Western Union. Western Union acts as an intermediary for the payment of bills by third-party consumer/senders who utilize the Western Union "Quick Collect" bill pay service at the direction of JBC. Annexed hereto as Exhibit "A" is a copy of our Quick Collect Service Agreement with JBC.

    6. In practical terms, a third-party consumer comes to Western Union and pays a fee for the transmission of funds to a designated bank account suggested by JBC. The consumer/sender intends that the payment be earmarked for a specific bill of the consumer/sender. Essentially, Western Union acts as a courier conduit between the sender and the receiver transferring money between them.

7. Western Union enters into Quick Collect agreements with its consumer/senders who designate where they want Western Union to send their money and in turn Western Union has a contractual obligation to get this money to the party intended, usually for payment of a bill.

8. Western Union contractually agrees to transmit the funds of the consumer to a designated recipient, however, this does not mean that the funds belong to the recipient.

9. Here Defendant JBC was in the business of collections and made the same known to Western Union. Consequently, the funds in question placed into the care and control of Western Union could be intended to pay a mortgage, car payment, etc. by the consumer/sender.

10. At no point in the process does Western Union hold funds of JBC, nor does Western Union own the funds, rather, the funds belong to various consumers/senders throughout the process.

11. Funds are being transferred into and out of the Western Union bank account at all times from different locations because the transactions are instantaneous.

12. The Quick Collect agreement is between the consumer sender and Western Union only. The Defendant JBC pursuant to the Service Application clearly recognized at paragraph "1" that:

**Western Union agrees to receive payments from Customers of Client...**

13. Moreover, paragraph "5" establishes that Western Union is responsible to the consumer/sender for the proper application of the funds to the appropriate source for the payment, not Defendant JBC:

**Western Union shall be responsible for responding to and resolving inquiries and complaints from Customers arising out of Western Union's Quick Collect service...**

14. In sum, any chose in action for the transaction funds belong to the consumer/senders, not JBC, as the property is that of the consumer/senders. See, Conn. Statutes section 52-356a.

15. There is nothing in the agreement between Western Union and JBC that would somehow give JBC a chose in action to the transaction funds.

16. Western Union has no way of knowing to whom the funds ultimately belong. The only obligation of Western Union is to courier the money pursuant to the instructions of its consumer/sender customers.

17. Under Connecticut law, an execution may only be achieved if right, title and interest to the subject property belongs to the judgment debtor. Here no such right exists. See, Staub v. Anderson, 198 A2d. 207, 151 Conn. 384 (1964).

18. Finally, to permit the Plaintiff to garnish the Western Union account threatens disruption of the stream of money transfer commerce. By seeking garnishment over Western Union's money transfer services, Plaintiff is basically trying to tackle the mailman in the midst of delivery. A garnishment would impact Western Union <u>and</u> its customers. Not only would a garnishment have detrimental effects upon the trust of consumers of Western Union services but would essentially be a taking of money that belongs to senders and is intended to pay off consumer debts creating a host of liability issues when consumer mortgages are not paid, cars loans are or remain in default, etc.

19. It is the position of Western Union, therefore, that none of the funds in the subject account are the property of the Defendant, JBC and, as such, the turnover should be denied.

_____
Linda Hundon

Sworn to before me this
30th day of June, 2006

_____
Notary Public

My Commission Expires 07/29/2001
9/26/09

# EXHIBIT "A"

( ~~NAME CHANGE ONLY~~ ! )   ( ~~NAME CHANGE ONLY~~ ! )

# WESTERN UNION QUICK COLLECT® SERVICE APPLICATION

★ EXTRA CODE CITY ★

★ EXTRA CODE CITY ★

This information will be used to set up your *Quick Collect* Account. All information in this Application may be verified by Western Union Financial Services, Inc. Client may cancel this Application at any time prior to equipment installation or start of service date. Please type or print neatly.

1. Client's Name: **JBC & ASSOCIATES, P.C.**
   Your Name: **PAUL WALLACE**
   Contact: **PAUL WALLACE**
   Title: **COLLECTION MGR**
   Floor: **6th Floor**

2. Address: **2 BROAD STREET**
   City: **BLOOMFIELD**
   State: **New Jersey**   Zip: **07003**

3. Telephone: **(973) 259-1701**   Fax: **(973) 259-0497**

4. SIC Code: _____

6. Number of collectors at this location: **55**

5. Type of Industry (check one):
   ☐ Credit Card Issuing Bank
   ☐ Finance Company
   ☐ Government
   ☐ Mortgage Company
   ☐ Collection Agency
   ☒ Other

7. Client's Bank ~~...~~
   Address ~~...~~
   Account No. ~~...~~
   Client Tax ID No. ~~223471053~~

8. Client's expected monthly *Quick Collect* transaction volume: ☐ 100-499  ☒ 500-999  ☐ 1,000 plus

9. Number of payments received by overnight delivery service each month **100** (Quick Collect normally displaces this type of service).

10. During a 90-day trial period, Western Union will provide Client with a checkwriter system free of charge. For a checkwriter system thereafter, Client hereby elects the option indicated below:

    ☐ Client will purchase a checkwriter system from Western Union and pay a one time charge of $_____

    ☐ Client will have a right to access a checkwriter system provided by Western Union and pay $_____ per month. Upon termination, Client will return this checkwriter system to Western Union in good operating condition. If Client fails to make any payment for more than 30 days after its due date, Client will return the checkwriter system to Western Union upon request.

    ☐ Client will make other arrangements for a checkwriter system meeting Western Union's specifications.

    Telephone line number to be used with printer (if known) (_____)

By signing this Application, Client agrees to the provisions herein and to the Terms and Conditions attached hereto.

**JBC & ASSOCIATES, P.C.**
Client Name
By: *Paul Wallace*
Title: **COLLECTION MANAGER**
Date: **2/28/02**

WESTERN UNION FINANCIAL SERVICES, INC.
By: *Lynda Pritchard*
Title: *Sales Account Rep*
Date: **3/8/02**

3-8-02

Note: For provision of the *Quick Collect* service, Western Union requires current Client financial information. Please send us your most recent Annual Report with this Application or complete and return the Western Union Credit Application. Client agrees to provide to Western Union financial statements or similar financial information from time to time upon request.

For Internal Use: _____   Account No.: **APH001742**   Install Date: **2/20/97**

NAME CHANGE (EXTRA CODE CITY)
PAY TO: JBC & ASSOCIATES, PC

CODE CITY !
JBC PC
STATE: N.J

INCOMMONWUCOMMWUCOMMWUQCCFD.FRM.DOC