```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

EVELINE GOINS,                      :

     Plaintiff,                     :

         vs.                        : No. 3:02CV1069(WIG)

JBC & ASSOCIATES, P.C.,             :
JACK H. BOYAJIAN,
MARVIN BRANDON,                     :

     Defendants.                    :
------------------------------X
```

### Ruling on Plaintiff's Oral Motions to Strike Affidavit and to Compel Responses to Discovery Requests

On October 12, 2006, the Court heard oral argument and testimony on Plaintiff's Motion for Turnover Order addressed to Western Union Financial Services. This request for a turnover order, based on Conn. Gen. Stat. § 52-356b, was necessitated by Western Union's objection to Plaintiff's attempted garnishment of funds of JBC & Associates PC held by Western Union.

Prior to the hearing, pursuant to the Court's instructions and in an effort to avoid costly and time-consuming discovery, counsel for Plaintiff and Western Union were to have informally exchanged relevant documents and information concerning Western Union's Quick Collect system, which is at the heart of this controversy, and its agreements with JBC & Associates. That informal exchange did not occur to any meaningful degree. Plaintiff's counsel then served formal requests for production on

1

Western Union, to which Western Union interposed generic, non-specific, blanket objections to all requests, which objections were clearly improper under the Federal Rules. 7 <u>Moore's Federal Practice</u> § 34.13[2][b] (3d ed. 2005). At the hearing, Western Union produced a number of documents, but it was not at all clear to the Court that all of the documents necessary to the resolution of the issues presented by Plaintiff's motion were produced. Most troubling were the inconsistencies in the account numbers for JBC & Associates PC.

Thus, treating Plaintiff's oral objections to Western Union's discovery responses as an oral motion to compel, the Court hereby orders Western Union to produce for Plaintiff's counsel the following documents:

1. Any and all contracts between Western Union and JBC & Associates PC, including <u>but not limited to</u> those relating to Accounts APH001742 and APH149967;

2. Any and all records reflecting bank accounts of JBC & Associates PC to which Western Union transferred funds, from May 10, 2006, to present;

3. Activity summary reports for all JBC & Associates PC accounts with Western Union from May 10, 2006, to present;

4. Any and all reports of refunds of money to consumers which had originally been designated for payment to JBC & Associates PC, from May 10, 2006, to present;

5. Any and all other documents reflecting Quick Correct payments to JBC & Associates PC or receipt of funds by Western Union from consumers for payment to JBC & Associates PC, from May 10, 2006, to present.

These documents should be produced as soon as possible, but no later than October 19, 2006. By that date, Western Union's counsel should also submit to the Court for <u>in camera</u> inspection a sample agency agreement, as discussed on the record in open court.

Additionally, at the hearing Plaintiff's counsel moved for an order striking the affidavit of Linda Hundon, Esq., who is the in-house Manager of Litigation for Western Union. The Court took this motion under advisement. The Court will grant the motion to the extent that it will strike all legal arguments set forth in her affidavit. These arguments should be made by counsel in the legal briefs, which are to be filed no later than October 27, 2006 (with reply briefs, if any, due November 19, 2006).

SO ORDERED, this ___12th___ day of October, 2006, at Bridgeport, Connecticut.

                                           ___/s/ *William I. Garfinkel*___
                                           WILLIAM I. GARFINKEL,
                                           United States Magistrate Judge