**Westlaw.**

Not Reported in A.2d                                                                                                             Page 1
Not Reported in A.2d, 2006 WL 1075179 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Briefs and Other Related Documents
Caruso, Burlington v. PerlowConn.Super.,2006.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of New Haven.
CARUSO, BURLINGTON et al.
v.
Frieda PERLOW.
**No. CV054005085S.**

April 7, 2006.

**Background:** Judgment creditor filed application to turnover rental payments on certain real **property owned** in Connecticut by New Jersey **judgment debtor**, as means of enforcing three certified foreign **judgments**. **Debtor** sought a stay of the enforcement of **judgments**.

**Holdings:** The Superior Court, Judicial District of New Haven, Mark H. Taylor, J., held that:

(1) although **judgments** were originally entered as defaults in Florida, they no longer fell within the default **judgment** exception to the definition of "enforceable foreign **judgments**," but

(2) **creditor** failed to show that the specific turnover order, which sought both current and future rental payments, not yet owed to **judgment debtor**, was needed.

Application denied.

**[1] Judgment 228 ⟶823**

228 Judgment
    228XVII Foreign **Judgments**
        228k814 **Judgments** of State Courts
            228k823 k. Enforcement in Other States. Most Cited Cases
Although **judgments** were originally entered as defaults in Florida, they no longer fell within the default **judgment** exception to the definition of "enforceable foreign **judgments**," where **judgment debtor's** motions to vacate **judgments** were denied after a hearing before the Florida court, which referred to the hearing as a "final hearing" and entitled the memorandum of decision as a "Final **Judgment**." C.G.S.A. § 52-604.

**[2] Judgment 228 ⟶819**

228 Judgment
    228XVII Foreign **Judgments**
        228k814 **Judgments** of State Courts
            228k819 k. Errors and Irregularities. Most Cited Cases

**Judgment 228 ⟶823**

228 Judgment
    228XVII Foreign **Judgments**
        228k814 **Judgments** of State Courts
            228k823 k. Enforcement in Other States. Most Cited Cases
Even if Superior Court disagreed with the Florida court's finding that there was no defense to **claims** under guarantee that gave rise to foreign **judgments**, Superior Court could not permissibly substitute its **own judgment** for that of the Florida court, in action to enforce foreign **judgments**.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                           Page 2
Not Reported in A.2d, 2006 WL 1075179 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

C.G.S.A. § 52-604 et seq.

[3] Execution 161 ⚚369

161 Execution
    161XIV Supplementary Proceedings
        161k369 k. Existence of Other Remedy. Most Cited Cases
With the multitude of pending actions and remedies sought by **judgment creditor** in various courts, **creditor** failed to show that the specific turnover order, which sought both current and future rental payments, not yet owed to **judgment debtor**, was needed. C.G.S.A. § 52-356b(a, b).

Brown & Welsh P.C., Meriden, for Caruso, Burlington et al.
Weigand Mahon & Adelman PC, Meriden, for Frieda Perlow.MARK H. TAYLOR, Judge.

*I. Background*

*1 The plaintiff seeks the enforcement of three certified foreign judgments by an application to turnover rental payments on certain real property owned in Connecticut by defendant. The judgments were originally entered as default judgments against the defendant in the state of Florida and were based upon a contract to guarantee the payment of attorneys fees owed by the defendant's son in a separate action involving the dissolving of his marriage. A motion to vacate these default judgments was denied in Florida [FN1] and they are not currently the subject of an appeal.

    FN1. After a hearing before the 15th Judicial Circuit Court in Florida, the defendant's motion to vacate default judgment was denied. It was found and determined by the court that there was inexcusable neglect on the part of the defendant and further that there was no meritorious defense that could be prosecuted in the case. *Caruso, Burlington et al. v. Perlow,* Case No. CA 03-02345 AB, Circuit Court of the 15th Judicial Circuit In And For Palm Beach County, Florida. (See Exhibit A of each of the plaintiff's applications to record foreign judgments.)

The defendant is a resident of New Jersey, where the enforcement of the same foreign judgments have been stayed.[FN2] The defendant similarly seeks a stay of the enforcement of the Florida judgments in Connecticut pursuant to General Statute § 52-506.[FN3] The basis for seeking this stay is the pending appeal of the dissolution matter, wherein the proper division of attorneys fees is a subject of the appeal.[FN4]

    FN2. After a hearing before the court in New Jersey, the defendant's motion to stay the enforcement of the Florida judgments was granted. The New Jersey court reasoned that: "This court does find as argued by counsel for Freida Perlow that the pending matter in the Florida [court] does rise to the level of showing a, it's not to be described as so peripheral or tangential as not to have a direct impact on this particular **judgment**, and more importantly not just the **judgment** but enforcing the **judgment**." (See Transcript of Motion dated August 19, 2005 at p. 26 lines 9-15: Exhibit C of defendant's Motion for Stay of Proceedings, dated March 20, 2006.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2006 WL 1075179 (Conn.Super.)
(Cite as: Not Reported in A.2d)

Page 3

FN3. General Statute § 52-606 provides: "(a) If the **judgment debtor** shows the court that an appeal from the foreign **judgment** is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign **judgment** until the appeal is concluded, the time for appeal expires or the stay of execution expires or is vacated, upon proof that the **judgment debtor** has furnished the security for the satisfaction of the **judgment** required by the state in which it was rendered. The **judgment debtor** shall provide notice of the stay of enforcement to the **judgment creditor** (1) by registered or certified mail, postage prepaid, return receipt requested, restricted delivery, or (2) by verified delivery to the **judgment creditor** as the named addressee by private messenger delivery or courier service. (b) If the **judgment debtor** shows the court any ground upon which enforcement of a **judgment** of a court of this state would be stayed, the court shall stay enforcement of the **judgment** for an appropriate period, upon requiring the same security for satisfaction of the **judgment** as is required in this state. The **judgment debtor** shall provide notice of the stay of enforcement to the **judgment creditor**."

FN4. By order of the Florida trial court in the separate dissolution action, the defendant's son was ordered to pay $538,730.72 of his former wife's attorneys fees. These fees are in addition to his **own** legal fees, which are the sole subject of the guarantee. This dissolution is currently the subject of an appeal.

The defendant further argues that a turnover order pursuant to General Statutes § 52-356b requires a "showing of need for the order[,]" FN5 and that the plaintiff has failed to show the need for an order in this case. In support of this argument, the defendant claims that there is a pending judgment lien FN6 and foreclosure proceeding in Connecticut, FN7 and that there is sufficient equity in that property to secure the debt.

FN5. General Statutes § 52-356b(b), as amended by Number 05-288 of the 2005 Public Acts, provides: "(b) The court may issue a turnover order pursuant to this section, after notice and hearing or as provided in subsection (c) of this section, on a showing of need for the order. If the order is to be directed against a third person, such person shall be notified of his right pursuant to section 52-356c to a determination of any interest claimed in the property."

FN6. The court takes judicial notice of a judgment lien certificate, dated January 16, 2006 in the amount of 205,808,85, appended as "Exhibit D" to the plaintiff's complaint in the companion foreclosure matter, entitled *Edna L. Caruso v. Frieda Perlow*, Docket No. NNI CV05 4005085 and filed in the Judicial District of New Haven at Meriden.

FN7. The foreclosure action has been filed in the judicial District of New Haven at Meriden and is entitled *Edna L. Caruso v. Frieda Perlow*, Docket No. NNI CV05 4005085. The defendant has requested in her

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                         Page 4
Not Reported in A.2d, 2006 WL 1075179 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

brief that any stay that may be ordered by the court be applied to the foreclosure case, as well as to this case. Although the issues are similar and it would more efficient to expedite the decision in the foreclosure matter, the court will rule only on the matter that is currently before the court.

## II. Discussion

### A. Enforcement of Foreign Judgments

Chapter 928 of the General Statutes provides for the enforcement of foreign judgments. "A foreign judgment is a final judgment of any court 'entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment.' General Statutes § 52-604. A foreign judgment may be domesticated pursuant to § 52-605(a) by filing 'a certified copy of [the] foreign judgment ... in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part ... and that the enforcement of [the] judgment has not been stayed ...' Such a domesticated foreign judgment is not subject to collateral attack absent allegations implicating lack of personal or subject matter jurisdiction." Collard and Roe, P.C. v. Klein, 87 Conn.App. 337, 347-48, 865 A.2d 500 (2005); see Nastro v. D'Onofrio, 76 Conn.App. 814, 823-24, 822 A.2d 286 (2003).

The defendant seeks a stay of the enforcement of the **judgment** pursuant to General Statutes § 52-506(a), which provides in relevant part: "If the **judgment** **debtor** shows the court that an appeal from the foreign **judgment** is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign **judgment** until the appeal is concluded, the time for appeal expires or the stay of execution expires or is vacated, upon proof that the **judgment debtor** has furnished the security for the satisfaction of the **judgment** required by the state in which it was rendered."

\*2 [1] In this case, there is a final **judgment** in the state of Florida and there is no pending appeal. Although these **judgments** were originally entered as defaults in Florida, the defendant's motions to vacate these **judgments** were denied after a hearing before the Florida court. The Florida court referred to the hearing as a "final hearing" and entitled the memorandum of decision as a "Final **Judgment**." In light of these proceedings, these Florida **judgments** no longer fall within the default **judgment** exception to the definition of enforceable foreign **judgments**, as provided in General Statutes § 52-604.[FN8]

> FN8. General Statutes section 52-604 provides: "As used in sections 52-604 to 52-609, inclusive, 'foreign **judgment**' means any **judgment**, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of **judgment**."

[2] The defendant has provided the court with a copy of the Florida Rules of Civil Procedure, directing its attention to Rule 1.540 regarding relief from **judgment**, decrees or orders. However, this court

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

should not consider the Florida rules of procedures for it would constitute an inappropriate collateral attack on a Florida **judgment**. Although this court may disagree with the Florida court's finding that there is no defense to the plaintiff's **claims** under the guarantee, this court may not permissibly substitute its **own judgment** for that of the Florida court, except under limited circumstances. "Except for defenses such as lack of personal or subject matter jurisdiction in the out-of-state court or fraud in the procurement of the out-of-state **judgment**, the foreign **judgments** act therefore does not allow the merits of a foreign **judgment** to be reopened or reexamined by the state where it is recorded." (Internal quotation marks omitted.) *Nastro v. D'Onofrio,* 76 Conn.App. 814, 822, 822 A.2d 286 (2003). Nonetheless, "[e]nforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the evenhanded control of forum law." *Nastro v. D'Onofrio, supra,* 76 Conn.App. at 820, 822 A.2d 286.

*B. The Turnover Order*

[3] General Statutes § 52-356b(a) may be used by a **judgment creditor** in the execution of **judgments**, as follows: "If a **judgment** is unsatisfied, the **judgment creditor** may apply to the court for an execution and an order in aid of the execution directing the **judgment debtor**, or any third person, to transfer to the levying officer either or both of the following: (1) Possession of specified personal **property** that is sought to be levied on; or (2) possession of documentary evidence of title to **property** of, or a debt owed to, the **judgment debtor** that is sought to be levied on." General Statutes § 52-356b(b), as amended by Number 05-288 of the 2005 Public Acts, further provides, in relevant part, that "[t]he court may issue a turnover order pursuant to this section, after notice and hearing ... on a showing of need for the order." The defendant **claims** that the plaintiff has failed to show sufficient need for the order in light of other pending actions and sufficient security in attached **property owned** by the defendant in Connecticut.

In this case, the plaintiff filed a certification of three Florida **judgments** on December 23, 2005. The plaintiff thereafter filed an application for a turnover order on January 26, 2006. Subsequent to filing the turnover application, on March 8, 2006 the plaintiff filed an application for an execution on a financial institution which has not been returned to court either satisfied or unsatisfied. In addition, the court takes judicial notice of a judgment lien certificate, dated January 16, 2006 in the amount of $205,808.85, appended as "Exhibit D" to the plaintiff's complaint in a companion foreclosure matter, entitled *Edna L. Caruso v. Frieda Perlow,* Docket No. NNI CV06 50000370, filed in the Judicial District of New Haven at Meriden.

*3 General Statutes § 52-356b(b) specifically requires a showing of need for an order to turnover specified property in the possession of a third party. Other Superior court judges who have considered the application of this statute have found that "an order of execution is a condition precedent to a turnover order under General Statutes § 52-356b." *Cross v. S & E Investment,* Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. CV 95 0465236 (October 16, 1996, Arena, J.). Also see *Cadle Co. v. Glen Developers,* Superior Court, judicial district

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                          Page 6
Not Reported in A.2d, 2006 WL 1075179 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

of New Haven, Docket No. CV 92 0341912 (November 22, 2000, Meadow, J.)

In this case, the plaintiff seeks a turnover order of all periodic rental payments owed to the defendant, "as is required to satisfy the plaintiff's judgment in this action." (See Application For Turnover Order, filed January 24, 2006.) The court interprets this to mean that the plaintiff seeks an order to turnover all periodic rental payments owed at this time, as well as in the future. In addition to this turnover order, there is an execution in the amount of $205,808.85, ostensibly in the hands of a levying officer as there is no return in the file, as well as a pending action for the foreclosure of a judgment lien on real property in Meriden for the same debt. The plaintiff also seeks to execute the very same judgments in a separate, albeit stayed, action in New Jersey.

With the multitude of pending actions and remedies sought by the plaintiff in this case and others, the plaintiff has failed to show that the specific turnover order sought in this case is needed at this time. Moreover, the order sought by the plaintiff is for both current and future rental payments, not yet owed to the defendant, and may be overly broad, especially in light of other actions progressing here and in other jurisdictions at the same time. If some or all of the pending collection remedies were to be effectuated, there could be substantial, irreparable and unjustifiable harm done to the defendant.

### III. Conclusion

The court finds the Florida judgments to be valid foreign judgments for purposes of enforcement under Connecticut law. The application for a turnover order is denied without prejudice.

Conn.Super.,2006.
Caruso, Burlington v. Perlow
Not Reported in A.2d, 2006 WL 1075179 (Conn.Super.)

Briefs and Other Related Documents (Back to top)

• NNI-CV-05-4005085-S (Docket) (Dec. 23, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.