UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                              CASE NO. 3:02CV 1069 (WIG)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON                                  October 27, 2006

PLAINTIFF'S MEMORANDUM RE MOTION FOR TURNOVER ORDER

On and after July 12, 2006, plaintiff began repeated efforts to get information for the turnover hearing requested by Western Union and set for October 12, 2006. The day before the hearing, plaintiff's counsel received Western Union's objection to every single discovery request. Before the hearing, plaintiff had received only Exhibit C, evidently an integrated Checkwriter contract for a previously installed Checkwriter system. That document indicated a volume of 500-999 expected monthly Quick Collect transactions, consistent with discovery from JBC as to the volume of collections, the number of collectors, and the monetary goals per collector.

At the hearing, however, defendant testified to a wire transfer system and produced Ex. D with a different account number (from a much later date, if the numbers are sequential) showing only eight transactions over five months. The undersigned was chagrined to learn that no money appeared to have been in the hands of Western Union on the date of the garnishment.

Before seeing Ex. D, the undersigned had the impression that the case

involved significant sums of money and a high volume of transfers, with Western Union playing untenable word games about ownership of funds, even though its possession with an obligation to pay JBC as directed by the consumer was sufficient to authorize garnishment.

If Ex. D indeed represented the only JBC items, Western Union should have disclosed this at the outset, instead of deceptively asserting "that none of **the funds** in the subject account are the **property** of the Defendant, JBC and, as such, the turnover should be denied." Aff. Of **Attorney** Linda Hundon, ¶ 19; see also ¶¶ 4, 10.

Instead, Western Union imposed on the time and good will of the Court to propose a novel theory even though there was no money at stake, and therefore no case or controversy. An Article III court may not give advisory opinions. Flast v. Cohen, 392 U.S. 83, 96 (1968); United States v. Fruehauf, 365 U.S. 146, 157 (1961).

Plaintiff accordingly withdraws the Motion. However, plaintiff's counsel spent a minimum of ten hours preparing for and at the hearing, and the Court spent and hour and a half of scarce time, with other litigants cooling their heels, and with the Law Clerk, the Court Reporter, and the Courtroom Deputy involved as well.

Plaintiff respectfully suggests that the Court may see fit to order sanctions pursuant to 28 U.S.C. § 1927 or its inherent power. "[T]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the

court's inherent power may be made against an attorney, a party, or both." <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1273 (2d Cir. 1986). See <u>Sakon v. Andreo</u>, 119 F. 3d 109, 114 (2d Cir. 1997), citing <u>Shafii v. British Airways, PLC</u>, 83 F.3d 566, 571 (2d Cir. 1996) (§ 1927 sanctions to be awarded only "when there is a clear showing of bad faith on the part of the attorney"); <u>Keller v. Mobil Corp</u>., 55 F.3d 94, 99 (2d Cir. 1995) (to warrant sanctions under §1927, attorney's actions must be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay" (internal quotation marks omitted)).

Western Union knew that no money was at issue; it seems obvious that it pursued this matter for the improper purpose of getting an advisory opinion, despite this Court's lack of Article III jurisdiction. For Attorney Finkler to stonewall discovery, to the detriment of the Court's resources, as well as plaintiff's, seems to exhibit a lack of good faith. "Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case." <u>Abrahamsen v. Trans-State Express</u>, 92 F.3d 425, 428-29 (6th Cir. 1996). "A primary purpose of discovery is to enhance the reliability of the fact-finding process by eliminating distortions attributable to gamesmanship." <u>Traxler v. Ford Motor Co</u>., 576 N.W.2d 398, 409 n.1 (Mich. App. 1998). The purpose of discovery was obviously frustrated in this matter.

CONCLUSION

The Court may deny the turnover order but may see fit to impose some kind of monetary sanction payable to the Court or the plaintiff to deter Western Union from litigating a non-issue.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on October 27, 2006, postage prepaid, to:

David Finkler
266 Harristown Rd
Glen Rock NJ 07452

__/s/ Joanne S. Faulkner___
Joanne S. Faulkner