```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

EVELINE GOINS,                    :
         Plaintiff,               :
         vs.                      :   No. 3:02cv1069(WIG)
JBC & ASSOCIATES, INC.,           :
JACK H. BOYAJIAN,
MARVIN BRANDON,                   :
         Defendants.              :
------------------------------X
```

CIVIL CONTEMPT ORDER

     On December 12, 2006, this Court issued an Order to Show Cause addressed to each named Defendant, ordering each Defendant to show cause as to why that Defendant should not be held in contempt of Court for failure to obey this Court's Order dated August 28, 2006, ordering Defendants to serve responses to Plaintiff's Post-Judgment Interrogatories. Said Order was duly served upon each Defendants, as evidenced by the Affidavits of Service filed with the Court. Defendants were given until February 13, 2007, to respond to the order and to request a hearing. To date, Defendants have done neither.

    "Courts possess the inherent power to enforce compliance with their lawful orders through civil contempt." <u>Bank of Credit and Commerce Int'l (Overseas) Ltd. v. Tamraz</u>, No. 97 Civ. 4759(SHS), 2006 WL 1643202, at *2 (S.D.N.Y. June 13, 2006) (internal citations and quotation marks omitted). Additionally,

1

Rule 37(b)(2)(D), Fed. R. Civ. P., specifically authorizes the imposition of contempt sanctions for a party's failure to obey a court order requiring discovery responses.

A party may be held in civil contempt for failure to comply with a court order if (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner. Paramedics Electromedicina Comercial, Ltda v. G.E Med. Sys. Info Tech, Inc., 369 F.3d 645, 655 (2d Cir. 2004). In this case, the Court's order was clear and unambiguous. Defendants were ordered to respond to Plaintiff's post-judgment interrogatories. Proof of their failure to obey this Order is clear and convincing. Defendants, who are two attorneys and a law firm, have made no effort whatsoever to comply with the Court's Order. Additionally, the Court notes that in a related case, Goins v. Brandon, No. 3:02cv1537(AVC) (D. Conn.), Defendant Brandon was sanctioned in November 2006 for his continued failure to respond to post-judgment interrogatories. Order dtd. Nov. 8, 2006 (unpublished). Thus, the Court finds that an order of civil contempt is warranted. See Bank of Credit, 2006 WL 1643202, at *3;

The issue then becomes the severity of the sanctions to be imposed in order to secure Defendants' compliance and to compensate Plaintiff for their past non-compliance. Initially,

the Court finds that an award of monetary sanctions is warranted to punish each Defendant for his or its contempt of this Court's order and to compensate Plaintiff for the costs and attorney's fees incurred in having to pursue this matter.  The Court assesses a fine of $250/day against each Defendant, commencing on July 16, 2007, for a period of up to a maximum of fifteen (15) days or until that Defendant complies with the Court's Order of August 28, 2006, by providing full and complete answers to Plaintiff's post-judgment interrogatories.  This money shall be paid to Plaintiff's counsel, Joanne Faulkner, 123 Avon Street, New Haven, CT 06511, who shall hold this money for the benefit of her client.  At the end of this fifteen-day period, upon written certification from Plaintiff's counsel that any Defendant has failed to provide answers to interrogatories or failed to comply with this Court's order requiring it to pay a daily fine, that Defendant shall appear at the United States Courthouse, Bridgeport, Connecticut, on August 6, 2007, at 10:00 a.m. to be examined under oath by Plaintiff's counsel with the supervision of the Court.  If any Defendant fails to appear at said time and place, the Court shall order that said Defendant be arrested by the United States Marshal and be incarcerated until such time as that Defendant purges himself of civil contempt by providing the requested answers to Plaintiff's post-judgment interrogatories and/or pays the fine, whichever was delinquent.  See Tamraz, 2006

WL 1643202, at *3.

A copy of this Order shall be sent by the Clerk's Office to Defendants Boyajian and Brandon at their last known addresses, as reflected on the docket sheet.  Prior to July 16, 2007, Plaintiff's counsel will also have a copy served on the corporation, which is no longer represented by counsel, and shall filed proof of service with the Court.

SO ORDERED, this ___5th___ day of July, 2007, at Bridgeport, Connecticut.

                              ___/s/ *William I. Garfinkel*___
                              WILLIAM I. GARFINKEL
                              United States Magistrate Judge