UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELINE GOINS,<br><br>Plaintiffs,<br><br>-v-<br><br>JBC & ASSOCIATES, P.C., JACK H. BOYAJIAN, MARV BRANDON<br><br>Defendants. | CASE NO. 3:02CV 1069(WIG)<br><br><br><br>July 30, 2007 |

## MOTION TO SET ASIDE CONTEMPT ORDER

Defendants, Jack H. Boyajian, Marvin Brandon, and JBC & Associates, P.C. by and through undersigned counsel, move this Court to set aside its Contempt Order dated July 5, 2007. In support of this motion, counsel avers that Mr. Boyajian did not willfully violate the Court's order or intentionally seek to evade post-judgment discovery. The Defendants in this case, are out of state and suffering from severe economic impairments. Mr. Brandon has the additional impairment of suffering from Parkinson's disease. Accordingly, the Defendants have been at a significant disadvantage in case. Under their individual circumstances, they have made a good faith effort to comply with the post-judgment discovery of the Plaintiffs

As attested on the attached Affidavit, Mr. Boyajian (hereinafter "Boyajian. Aff.") and the Affidavit of Mr. Brandon ("Brandon Aff.") neither Defendant received notice of the Plaintiff's discovery requests or the Court's order of August 28, 2006.

**ORAL ARGUMENT REQUESTED**

Mr. Boyajian attests in his affidavit that the Plaintiff's attorney had been using the address of his former and now closed law office in Bloomfield, New Jersey. (Boyajian. Aff. ¶ 21)[1]. Upon learning of the late discovery requests and the Court's Order, Mr. Boyajian sought local representation by way of Attorney Janice Thompson. (Boyajian. Aff. ¶ 23). Many other problems were occurring in Mr. Boyajian's life at this time and other than a brief telephone call, he did not discuss the case at length with Attorney Thompson prior to retaining her. He also believed that her involvement would be limited to assisting him in complying with the discovery requests.

However, Ms. Thompson later declined representation, when she learned that the case was not filed in State Court, but Federal Court where she was not admitted. (Boyajian. Aff. ¶ 25). Ms Boyajian believed that Ms. Thompson had communicated with the Plaintiff's Attorney and forwarded his answers to her discovery requests (Boyajian. Aff. ¶ 28). The next time Mr. Boyajian heard of this matter, was on July 10, 2007. (Boyajian. Aff. ¶ 29).

On July 13, 2007, Mr. Boyajian forwarded revised discovery responses to the Plaintiff's attorney. As of today, he has revised his discovery responses for a third time to remove any objection and now stands in compliance.

WHEREFORE, the Defendants, moves this Court to set aside its order of contempt as he has faithful complied with the Plaintiff's discovery requests, and never acted with ill will toward the Plaintiff or in a deliberate manner to disobey and order of this Court.

---

[1] Mr. Boyajian was assisting Mr. Brandon in his compliance, both as his former employer and as a friend, because of Mr. Brandon's Parkinson disease. Mr. Boyajian is also the principal of JBC & Associates, P.C. and responds on its behalf.

2

Respectfully Submitted,

THE DEFENDANT:

Jack H. Boyajian, et. al.

Glenn L. Formica, Federal
Bar No. 21053
Formica, P.C.
27 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 789-8456
Facsimile: (203) 785-0778
gformica@formicalaw.com

CERTIFICATION

This is to certify that the foregoing Motion to Set Aside Order of Contempt were e-mailed on this date, July 30, 2007 to all counsel and pro se parties of record with facsimiled confirmation of receipt:

Joanne S. Faulkner
123 Avon Street
New Haven, Connecticut 06511-2422
Facsimile to: (203) 772-0395
j.faulkner@snet.net

_____
Glenn L. Formica
Attorney for the Defendant

3