UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELINE GOINS, | : |
| Plaintiffs, | : CASE NO. 3:02CV 1069 (WIG) |
| -v- | : |
| JBC & ASSOCIATES, P.C., JACK H. BOYAJIAN, MARV BRANDON | : |
| | : July 30, 2007 |
| Defendants. | : |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET-ASIDE ORDER
OF CONTEMPT DATED JULY 5, 2007

The defendants, Jack H. Boyajian, Marvin Brandon, and JBC & Associates, P.C. submit this Memorandum of Law in support of their motion to set aside the Order of Contempt issued by this Court on July 5, 2007. Affidavits of Jack H. Boyajian and Marv Brandon are submitted herewith and cited as ("Boyajian Aff. ¶ __" and "Brandon Aff. ¶ __".)

I.   BACKGROUND

Mr. Boyajian is the president of Boyajian and Brandon Legal Group, P.C., formerly known as JBC Legal Group, P.C. ("JBC"), a defendant in the above captioned matter. JBC is now an inactive law firm organized as a California professional corporation with a single office located in Newport Beach, California. (Boyajian. Aff. ¶ 3). JBC's office in Bloomfield, New Jersey was closed in 2006. (Boyajian. Aff. ¶ 4). Marvin Brandon, a defendant in this matter, was employed as an associate attorney based in the New Jersey office of the firm and left the

1

firm when the office was closed. (Boyajian. Aff. ¶ 5). The Plaintiff received her settlement payment of $1,500.00 several years ago, but her attorney, Joanne Faulkner, was awarded the sum of $16,674.00 per defendant on December 1, 2005 as attorney's fees by the Court. Mr. Boyajian has been unable to pay the judgment.

Based upon representations of the Plaintiff's attorney, certain Post-Judgment Interrogatories were served on March 23, 2006. But Mr. Boyajian swears under oath that he did not receive notice of these interrogatories or a subsequent order to compel compliance, which was entered by the Court on August 28, 2006. (Boyajian. Aff. ¶ 20). Mr. Boyajian reasonably believes that this was connected with the fact that he was closing the Bloomfield, New Jersey law office around that time and if the interrogatories were sent, they were overlooked or lost. (Boyajian. Aff. ¶ 21, 22). Only in December 2006, did Mr. Boyajian become aware of the Interrogatories and the Court's order. (Boyajian. Aff. ¶ 20). He did try to retain a local attorney, Janice Thompson, to assist him. (Boyajian. Aff. ¶ 23). However, there was miscommunication with Attorney Thompson who thought that the matter was pending in State Court. (Boyajian. Aff. ¶ 25). She subsequently declined further representation, because she was not admitted in Federal Court. Id. Mr. Boyajian did request that she contact the Plaintiff's attorney on his behalf to negotiate more time to allow him to locate the materials included in the discovery requests. (Boyajian. Aff. ¶ 26). In February he forwarded his responses to her discovery requests. He did not hear from the Plaintiff's attorney. (Boyajian. Aff. 28, 29).

During this same time, Mr. Boyajian was in the process of closing his Bloomfield, New Jersey Office, negotiating with numerous other creditors — including a $800,000.00 judgment from the IRS, responding to a grievance filed by the Plaintiff's Attorney in California in connection with payment of attorney fees in this case, and numerous other personal matters — all while trying to maintain his marriage of many years and be a father to his four children.

The next time that Mr. Boyajian heard from the Plaintiff's attorney was on July 10, 2007. (Boyajian. Aff. ¶ 29). He immediately revised his compliance on July 13, 2007 and has revised his compliance a third time with the filing of this Motion. (Boyajian. Aff. ¶ 30).

Defendant Marvin Brandon was an associate with the Defendant, JBC & Associates, P.C. (Brandon Aff. ¶ 2). He is Seventy-Two Years old and suffers from Parkinson disease. (Brandon Aff. ¶ 6). He has diminished capacity and has relied primarily on Mr. Boyajian to assist with his compliance to the Plaintiff's discovery requests. (Brandon Aff. ¶ 9).

II.    ARGUMENT

"In the middle of my fourth decade of life, I am not having my best years." (Boyajian. Aff. ¶ 14). This statement from Mr. Boyajian best summarizes the compliance issue before the Court. He is a mess. He owes the IRS $800,000.00; he has been sued out of his law practice; he has lost his house; his former employee, friend, and co-defendant (Mr. Brandon) has Parkinson disease; his family has received death threats; and the Plaintiff's attorney has filed a grievance against him California. (Boyajian. Aff. ¶¶ 8, 9, 12).

But he is not intentionally trying to evade compliance with post-judgment discovery or disrespect this Court.

The primary purpose of sanctions for civil contempt is to coerce the contemnor into "future compliance and to remedy past non-compliance" rather than to punish him. <u>Vuitton et Files S.A. v. Carousel Handbags</u>, 592 F.2d 126, 130 (2d Cir.1979); *see* <u>Shillitani v. United States</u>, 384 U.S. 364, 370 (1966). The court has broad discretion in fashioning sanctions to ensure its orders are followed. *See,* <u>Vuitton</u>, supra. Moreover, the Defendants filed a second compliance with the discovery requests on July 13, 2007 and further compliance as of the present date with the filing of this Motion. The Defendants have made every attempt to comply with the discovery requests and but for their inability to pay, would have paid the judgment of the Attorney Fees. The Court is asked to consider the equities involved and find that they purged the contempt. <u>International Union, United Mine Workers v. Bagwell</u>, 512 U.S. 821 (1994)("authorizing coercive civil sanction of $2.8 million provided that the contemnor have opportunity to purge contempt after issuance of the sanction).

The perceived disobedience of the Defendants in this case is not out of disrespect to the Court, the judicial process, or the Plaintiff's attorney. The Defendants in this case are under profound financial and personal stress, including a grievance proceeding in California against Mr. Boyajian that was initiated by the Plaintiff's attorney in connection with her intent to satisfy her judgment. (Boyajian. Aff. ¶¶ 10, 27). Mr. Brandon, is suffering from Parkinson

4

disease. He is seventy-two years old and financially distressed. (Brandon Aff. ¶ 5, 6). His non-compliance is by no means volitional.

In light of the fact that the Defendants are able to explain their non-compliance, and did in fact attempt to comply prior to July 16, 2007 (the date set forth in its order) the Court is asked to set aside its order of contempt. If the Court should set aside its contempt order, its discretion would be appropriately employed as the concern in such cases is whether a district court abused its discretion. In re Newton, 718 F.2d 1015 (11th Cir. 1983). Under this standard, abuse of discretion is found where a civil contempt order is imposed in the absence of clear and convincing proof of a violation of a court order which is itself clear and specific in its terms. Erhardt v Prudential Group. Inc., 629 F.2d 843 (2nd Cir. 1980). Any ambiguities or uncertainties in court orders must be read in a light favorable to the person charged with contempt. NBA Properties v. Gold, 895 F.2d 30 (1st Cir. 1990). In the present case there is ambiguity and uncertainty because the Defendants did attempt responses. Whether those responses were adequate or reasonable is a question of perception. This is not a situation, where a defendant out right refuses to respond to discovery. Moreover, the Plaintiff has her post-judgment discovery. And the Defendants were not in anyway trying to evade discovery.

III.    CONCLUSION

As the Defendants have demonstrated an attempt to disclose prior to July 16, 2007 and have explained very real and profound reasons for their difficulties in connection with making a timely response, the Court is asked to set aside it Order for Contempt.

                Respectfully Submitted,

                THE DEFENDANT:

                Jack H. Boyajian, et. al.

Glenn L. Formica, Federal Bar No. 21053
Formica, P.C.
27 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 789-8456
Facsimile: (203) 785-0778
gformica@formicalaw.com

### CERTIFICATION

This is to certify that the foregoing Memorandum of Law Motion to Set Aside Order of Contempt were e-mailed on this date, July 30, 2007 to all counsel and pro se parties of record with facsimiled confirmation of receipt:

Joanne S. Faulkner
123 Avon Street
New Haven, Connecticut 06511-2422
Facsimile to: (203) 772-0395
j.faulkner@snet.net

_____
  Glenn L. Formica
  Attorney for the Defendant

6