UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EVELINE GOINS,** | : |
| **Plaintiffs,** | : CASE NO. 3:02CV 1069 (WIG) |
| | : |
| -v- | : **AFFADAVIT OF** |
| | : **JACK BOYAJIAN** |
| **JBC & ASSOCIATES, P.C., JACK H. BOYAJIAN, MARV BRANDON** | : |
| | : |
| **Defendants.** | : **July 27, 2007** |
| | : |

I, Jack Boyajian, declare as follows,

1. I have personal knowledge of the information set forth herein below, unless noted as based information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. I am the president of Boyajian and Brandon Legal Group, P.C., formerly known as JBC Legal Group, P.C. ("JBC"), a defendant in the above captioned matter.

3. JBC is an inactive law firm organized as a California professional corporation with a single office located in Newport Beach, California.

4. JBC's office in Bloomfield, New Jersey was closed in 2006.

5. Marv Brandon, a defendant in this matter, was employed as an associate attorney based in the New Jersey office of the firm and left the firm when the office was closed.

1

6. The plaintiff received her settlement payment of $1,500.00 several years ago, but her attorney, Joanne Faulkner, was awarded the sum of $16,674.00 on December 1, 2005 as attorney's fees by the Court.

7. I have been unable to pay this judgment in full, but would be able to make payments.

8. Over the past several years, JBC has endured significant litigation and ultimately was forced to abandon legal collection activities.

9. I have been under significant financial distress. I have substantial debts and judgments against me personally, including an IRS lien for over $800,000 with interest and penalties to date. For those creditors that are willing to work with me, I have made arrangements or have entered into structured settlements to pay them over time.

10. I have also been under considerable personal stress, because of the aforementioned reversals with my law practice.

11. I am the father of four children and married.

12. I have lost nearly all my assets and presently have my family living in a home owned by my mother whom I am paying rent to when I can.

13. I have received numerous death threats against myself and my family in connection with my former law practice as a debt collector (a "creditor's rights advocate").

14. In the middle of my fourth decade of life, I am not having my best years.

15. It has not always been this way. I have a Law Degree from Rutgers University and a business degree from the Wharton School of Finance.

16. I have succeeded and failed numerous times in the past, including a successful career in real estate during the late 1980's, which ended with a massive tax obligation in 1992.

17. I built a considerable collection practice, which has now ended with a series of law suits and judgments.

18. Being familiar and experienced with personal and financial reversals, I expect to recover from my present circumstances and clear all present obligations.

19. In December, 2006, I was made aware for the first time that interrogatories which were propounded on me and my co-defendants had not been answered and that there was a court order issued in August of 2006 requiring that they be answered.

20. On information and belief, plaintiff counsel was using JBC's Bloomfield office addresses in her communication which was not forwarded to me. In addition, my paralegal was on an extended maternity leave during the summer and fall of 2006 which partially affected the paper flow in office.

21. Moreover, this Bloomfield office was in the process of closing.

22. I answered the plaintiff's interrogatories and then sought to retain a Connecticut attorney, Janice Thompson, for legal assistance in connection with resolving this post-judgment litigation and to file my answers with the Court and plaintiff's counsel.

23. While retaining Ms. Thompson, I was in the midst of many other problems, and did not have the time to provide her with sufficient background. I also viewed this as a matter to be settled with a workout on the payments and did not foresee this matter continuing to the present point.

24. Thereafter, Ms. Thompson advised me that she thought the matter was venued in state court when she agreed to represent me and my co-defendants and since she is not admitted to practice in Federal District Court, she was unable to provide representation.

25. Ms. Thompson advised me that she tried contacting Ms. Faulkner by telephone on several occasions to discuss the matter and provide the information sought, but Ms. Faulkner never returned the calls.

26. I am also defending a grievance with the California Bar, which was, to some degree, initiated by Ms. Faulkner in connection with this action.

27. On information and belief, Ms. Thompson sent Ms. Faulkner a letter on February 14, 2007 explaining the circumstances and provided answers to the interrogatories, a copy of which has been attached hereto as Exhibit A.

28. I did not hear from Ms. Faulkner regarding this matter until July 10, 2007 when she sent the Court order holding me in contempt for failure to answer plaintiff's interrogatories. I never received any moving papers from Ms. Faulkner regarding the referenced order and had I been provided notice of Ms. Faulkner's order, I would have responded by providing the Court and her with the information continued herein and my answers to the interrogatories.

29. On July 13, 2007, I provided Ms. Faulkner my updated answers to plaintiff's interrogatories, fully and completely, with the appropriate objections.

30. I received an email the next morning from Ms. Faulkner declaring that my answers were not satisfactory and that I could not object to any of the interrogatories.

31. I contacted several attorneys admitted to practice in this court seeking representation. Several of them reviewed my answers and told me that, in their opinion, my answers and objections were reasonable. Because of death threats that have been made against me, my wife and my four young children, I am asking the Court to order that my home address be sealed in order to protect my family.

32. It is and always has been my intent to be responsive to the Court's orders.

I declare under the penalty of perjury under the laws of the state of New Jersey that the foregoing is true and correct and that this affidavit was executed at Rutherford, New Jersey on July 27, 2007.

_____
Jack Boyajian

Sworn and Subscribed to before me
this  27th  day of July 2007

_____
Notary Public

KAREN HOPKINS
Notary Public, State of New Jersey
My Commission Expires
December 18, 2010