UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EVELINE GOINS,** | : |
| **Plaintiffs,** | : CASE NO. 3:02CV 1069 (WIG) |
| -v- | : AFFADAVIT OF<br>: MARV BRANDON |
| **JBC & ASSOCIATES, P.C., JACK H. BOYAJIAN, MARV BRANDON** | : |
| **Defendants.** | : July 27, 2007 |

I, Marv Brandon, declare as follows,

1. I have personal knowledge of the information set forth herein below, unless noted as based information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. I was an associate in the law firm of Boyajian and Brandon Legal Group, P.C., formerly known as JBC Legal Group, P.C. ("JBC"), a defendant in the above captioned matter.

3. I am seeking indemnity from JBC as to all claims and damages relating to this matter.

4. I resigned from JBC over a year ago and am no longer employed.

5. I am 70 years old and have limited sources of income including social security, dividends and interest.

6. I have advanced Parkinson Disease, among other ailments, and am under doctor's orders to limit my travel.

1

7. The plaintiff received her settlement payment of $1,500.00 several years ago, but her attorney, Joanne Faulkner, was awarded the sum of $16,674.00 on December 1, 2005 as attorney's fees by the Court.

8. Since I left JBC, I was not aware of any interrogatories propounded by the plaintiffs in this matter until December, 2006, when I was made aware for the first time that such interrogatories were propounded on me and my co-defendants and had not been answered and that there was a court order issued in August of 2006 requiring that they be answered.

9. I answered the plaintiff's interrogatories and asked JBC to have their attorney file my answers with theirs with the Court and plaintiff's counsel.

10. I did not hear from Ms. Faulkner regarding this matter until July 10, 2007 when she sent the Court order holding me in contempt for failure to answer plaintiff's interrogatories. I never received any moving papers from Ms. Faulkner regarding the referenced order even though she knew that I was not represented by counsel at that time.

11. On July 13, 2007, I provided Ms. Faulkner my updated answers to plaintiff's interrogatories, fully and completely, with the appropriate objections.

12. I received an email the next morning from Ms. Faulkner declaring that my answers were not satisfactory and that I could not object to any of the interrogatories.

13. It is and always has been my intent to be responsive to the Court's orders.

I declare under the penalty of perjury under the laws of the state of New Jersey that the foregoing is true and correct and that this affidavit was executed at Rutherford, New Jersey on July 25, 2007.

	_____
	Marv Brandon

Sworn and Subscribed to before me

this ___27th___ day of July 2007

_____
Notary Public

KAREN HOPKINS
Notary Public, State of New Jersey
My Commission Expires
December 18, 2010

State of New Jersey
## PRESCRIPTION BLANK

PRINCETON & RUTGERS NEUROLOGY, P.A.
STEPHANUS BUSONO, M.D.
NEUROLOGY
51 VERONICA AVENUE
SOMERSET, NJ 08873
732-246-1311   FAX: 732-246-3501

DEA # _____                            LIC # 25MA06923500
BATCH #TRI061101100512181-16                     SERIAL # _____

IF PRESCRIPTION IS WRITTEN AT ALTERNATE PRACTICE SITE, CHECK HERE ☐
AND PRINT ALTERNATE ADDRESS AND TELEPHONE NUMBER ON REVERSE SIDE

PATIENT __Maw Brandon__          D.O.B. _____
ADDRESS _____          DATE 7/5/07

**Rx**

This pt should not travel
over 30 minutes due to serious
his Parkinson's symptoms

SUBSTITUTION PERMISSIBLE _____   DO NOT SUBSTITUTE _____
DO NOT REFILL _____   SIGNATURE OF PRESCRIBER _____
REFILL _____ TIMES

Use separate form for each controlled substance prescription
THEFT, UNAUTHORIZED POSSESSION AND/OR USE OF THIS FORM INCLUDING ALTERATIONS OR FORGERY, ARE CRIMES PUNISHABLE BY LAW