UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                         CASE NO. 3:02CV 1069  (WIG)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON                                      August 20, 2007

PLAINTIFF'S OPPOSITION TO MOTIONS TO SET ASIDE CONTEMPT

Each defendant filed a separate duplicative motion and memorandum to set aside

contempt, Doc. Nos. 115, 116, 117. Regrettably, the motions are based on the false claim that

defendants purged themselves by providing the discovery. Moreover, Defendants' posture

impugns the integrity of defendants' Connecticut counsel.  Finally, the briefs embellish on the

vague Brandon and Boyajian affidavits, which themselves are at least partially inadmissible.[1]

Plaintiff files herewith a countering affidavit. Plaintiff submits that nothing in the defendants'

affidavits, motions, or briefs warrants relief from contempt.

Brandon Affidavit. Mr. Brandon's affidavit is vague as to when he left JBC. He claims

it was "over a year ago" (¶ 4) but the discovery was served earlier than that. Brandon claims

he was not represented by counsel at some point (¶ 9), but the docket shows that he was

represented by counsel when the discovery was served and well thereafter. He claims to have

answered the interrogatories at some indeterminate point prior to July, 2007, but does not

attach copies or documentation that he communicated with anyone about them. ¶ 8, 9. He

admits that when he finally answered the interrogatories on July 13, he objected --- well

beyond any permissible time frame to object. ¶ 11.  He does not claim to have supplemented

---

[1] Affidavits, to the extent they are based on "information and belief," are inadmissible. Chandler v. Coughlin, 763 F.2d 110 (2d Cir 1985) ("information and belief").

the interrogatories, which expressly gave Mr. Boyajian's information in response to Int. 4, 5, instead of his own, and an incomplete response to Int. 15.  In his Affidavit at ¶ 3, he claims to be seeking "indemnity" from JBC, but he has paid nothing for which to be indemnified. There is no basis to set aside the contempt order as to Mr. Brandon.

Boyajian affidavit. Mr. Boyajian's affidavit is likewise vague about dates. JBC's office closed "in 2006." ¶ 4. He claims his "considerable practice" has now ended. ¶ 19. He can only be referring to JBC, because his ongoing "Boyajian & Brandon Law Office" or "Boyajian and Brandon Legal Services PC," or Boyajian and Brandon Legal Group" is unmentioned. His practice has historically abandoned corporate names and reopened under a new corporate name. Connecticut District Court records show lawsuits since 1999 against JBC & Associates, P.C., JBC & Associates, Inc., JBC Legal Group, P.C. or Boyajian Law Offices, PC. He does not mention his thriving California business practice (the only state in which he can practice law).

Mr. Boyajian's claim that he did not receive the discovery until December, 2006, speculating that it was served at the closing Bloomfield office of JBC (¶¶ 19-21), impugns the integrity of his lawyer, Peter Reynolds, upon whom the discovery was served. The undersigned submits an affidavit with the history of service in this matter, and of emails to defendants' lawyers and associates regarding the same. Mr. Boyajian claims to have answered the interrogatories at some indeterminate time, but does not attach the answers. Then he claims that instead of sending them to me, he forwarded them to another Connecticut attorney, Ms. Thompson, who is defending him in Burke [Banking Commissioner] v Boyajian et al, CV-06-4025521-S (Connecticut Superior Court, Hartford County).  He also includes hearsay about her purported efforts to contact me ¶¶ 22-25 (contradicted by my affidavit filed

2

herewith). Finally, he refers to a letter Ms. Thompson sent to me (after declining to represent him) but does not attach it. ¶ 27. No such letter was received by the undersigned in any event. He appeals to the advice of several unnamed Connecticut attorneys who advised him it was appropriate to include objections with the answers well after they were overdue, and despite this Court's Order to provide "full and complete" answers. ¶31. Where is the affidavit from Attorney Thompson? Where is the affidavit from Attorney Reynolds? Where are the affidavits of the Connecticut attorneys on whose advice he claims to have relied?

Like Mr. Brandon, Mr. Boyajian does not claim to have updated the July 13 non-responses/ objections, despite Attorney Formica's memorandum representing that those responses were updated.

Motion and Memorandum. Each Defendant's motion and memorandum repeats much of the hearsay in the affidavits, and indeed embellishes thereon to make the story sound more appealing, including adding two years to Mr. Brandon's age. The memoranda claim Mr. Brandon is "financially distressed." E.g, Doc. 115-2 at 6. Brandon's Affidavit shows income from  social security, interest and dividends, and his vague discovery response shows he has "stocks at Bank of America for $350,000" and "Vanguard Mutual Funds" of $375,000. There is nothing in Mr. Boyajian's affidavit about losing his house, yet the briefs make that claim. [I am told Mr. Boyajian's residence has always been owned by his mother.]  Several other aspects of the memoranda are unsupported by the affidavits or by any admissible evidence.

In any event both the affidavits and the memoranda are so carefully drafted and vague as to be misleading. The Order of the Court, to provide "full and complete" answers by a date certain, was deliberately disobeyed by the defendant lawyers' objections and evasive responses.

Defendants are lawyers and a law firm. They could have checked the dockets of the

cases against them, in the unlikely event that Attorney Reynolds had not kept them advised.

> An interpretation of Rule 4(a)(6) that allowed parties to ignore entirely the electronic information at their fingertips would severely undermine the benefits for both courts and litigants fostered by the CM/ECF system, including ease and speed of access to all the filings in a case.  In addition, such an interpretation would defy common sense:  It might be one thing not to penalize a party who did not learn about the issuance of an appealable order in the bygone days of hiring "'runners' to physically go to the courthouse to check the docket," but here all Harris had to do was register his email address with the district court's CM/ECF system to receive the court's orders.  Id.  Failing that, Harris simply had to scan periodically the electronic docket for recent activity.

Kuhn v. Sulzer Orthopedics, Inc., __  F.3d __, slip op. at 6 (6th Cir. Aug. 10, 2007) (late filing

of an appeal not excused).

This Court is well aware of the standards for contempt. Collins v. Ford Motor Co.,

Civ. No. 3:97cv757 (PCD) (WIG) (D. Conn. March 1, 2007). It has already found defendants

in contempt. Plaintiff respectfully suggests that the Court issue a **supplemental contempt**

**order** mandating that  Brandon transfer enough of his considerable assets to Connecticut to

pay the judgment herein and in the other two cases against him.

> Federal courts possess inherent powers that provide necessary tools "to promote efficiency in their courtrooms and to achieve justice in their results." *Eash v. Riggins Trucking Inc*., 757 F.2d 557, 564 (3d Cir. 1985); see *Chambers*, 501 U.S. at 58 (Scalia, J., dissenting) (some elements of inherent authority are "indefeasible, among which is a court's ability to enter orders protecting the integrity of its proceedings."); *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp*., 871 F.2d 648, 652 (7th Cir. 1989) ("inherent authority to preserve the efficiency, and more importantly the integrity, of the judicial process"). "At the very least, the inherent power must continue to exist to fill in the interstices." *Chambers*, 501 U.S. at 46.

Dennis v INS, 2002 U.S.Dist. LEXIS 3518 *7, 3:01cv 279 (SRU) (D. Conn. Feb. 19, 2002)

(ordering defendant to return petitioner to the U.S.).  Courts have authority to order that assets

be brought into the state in support of a pre-judgment remedy. Lyons Hollis Assoc., Inc. v.

New Technology Partners, Inc., 278 F. Supp. 2d 236, 246 (D. Conn. 1973).  Here, we have a

final judgment that defendant lawyers and law firm are refusing to pay. In view of their

intransigence and ability to pay, such a remedy would be appropriate.

CONCLUSION

Defendants deserve the sanctions imposed. They have not complied with discovery

and have made no move to pay the amounts awarded. The finding of contempt should not be

vacated, and the defendants should again be ordered to appear subject to arrest if they do not

pay the sanctions already imposed and appear. Further, defendant Brandon should be ordered

to transfer his assets to Connecticut insofar as the judgments, with interest, remain unpaid.

THE PLAINTIFF


BY_/s/ Joanne S. Faulkner_____
   JOANNE S. FAULKNER ct04137
     123 Avon Street
   New Haven, CT  06511-2422
    (203) 772-0395
    j.faulkner@snet.net



This is to certify that the foregoing was mailed on August 17, 2007, postage
prepaid, to:

Glenn Formica
27 Elm St
New Haven CT 06510


____/s/ Joanne S. Faulkner___
      Joanne S. Faulkner