UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                    CASE NO. 3:02CV 1069  (WIG)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON                        August 20, 2007

<u>DECLARATION OF JOANNE FAULKNER</u>

I, Joanne Faulkner, declare:

1.      I am making this declaration based upon my personal knowledge, and if called to testify, I could and would competently testify to the following facts based upon said personal knowledge.

2.      My clients have filed several cases against entities operated by Jack Boyajian, including JBC & Associates, P.C., JBC & Associates, Inc., JBC Legal Group, P.C. or Boyajian Law Offices, P.C.

3.      I have obtained judgments entered in <u>Goins v. JBC & Assocs., Jack Boyajian, & Marvin Brandon</u> 352 F. Supp. 2d 262 (D. Conn. 2005); an earlier case also entitled  <u>Goins v. JBC & Assocs., Boyajian, & Brandon</u>,  2004 WL 2063562 (D.Conn. Sept. 3, 2004); <u>Goins v. Brandon</u>, 367 F.Supp.2d 240 (D. Conn. 2005) (staff attorney at JBC); and <u>Sellers v. Boyajian Law Offices, P.C. & Jack H. Boyajian</u>, Civil No. 3:05CV 1833 (WWE).

4.      Neither Mr. Boyajian nor his entities have paid the attorney's fee portion of the judgments in the following cases: <u>Goins v. JBC & Associates, P.C. et al.</u>, 2006 WL 540332 (D.Conn. March 06, 2006) ($24,316.19); <u>Goins v. JBC & Associates P.C. et al</u>, Civil No. 3:02CV1069, Doc. No. 76 (D. Conn. Dec. 1, 2005)  ($16,674); <u>Goins v Brandon</u>, Civil No. 3:02cv1537 (April 28, 2006 ) ($20,308.31).

1

5. Accordingly, I served post-judgment discovery on February 23, 2006 in <u>Goins v. JBC & Associates P.C. et al</u>, Civil No. 3:02CV1069; and on May 8, 2006 in <u>Goins v Brandon, Civil No. 3:02cv1537</u>.

6. Both sets of discovery in the <u>Goins</u> matters were served on the attorney who had appeared for defendants. Peter Reynolds of MacDermid, Reynolds & Glissman, P.C., Hartford CT. Attorney Reynolds had an ethical obligation to see that his clients responded, and it appears from the attached series of emails that he made efforts to do so.

7. The attached emails are true and correct copies of emails which show

- April 27, 2006 reminder that post judgment discovery was overdue

- Attorney Reynolds' return email: "I have not received a response from my clients and am therefore unable to tell you what they are going to do with respect to the fee award or the discovery you filed."

- I thereafter filed motions to compel responses.

- August 9, 2006, reminder to Attorney Reynolds that an order compelling response had been entered in case no. 1537, and that the next step would be contempt.

- August 29, 2006, reminder to Attorney Reynolds that an order compelling response had been entered in case no. 1069, and requesting responses.

- September 13, 2006, email reminding Attorney Reynolds that his clients had been ordered to respond to post judgment interrogatories in the two cases.

- September 30, 2006 email to Sandra Kelsey, of counsel to Boyajian Law Offices, seeking compliance with attachment: order to show cause in responses to the post judgment discovery in no. 1537.

- September 30, 2006 email to Attorney Reynolds, seeking compliance with attachment: order to show cause in responses to the post judgment discovery in no. 1537.

- Nov. 13, 2006 email to Boyajian and Hopkins seeking compliance with the post judgment discovery in no. 1537.

- Dec. 20, 2006 email to Hopkins attaching post judgment discovery requests and contempt order.

- December 20, 2006 from Hopkins directing that service be made to a Newport Beach CA address, which I complied with.

- December 21, 2006 to Hopkins requesting payment of sanctions ordered in no. 1537. The sanctions remain unpaid.

- Attached also are proofs of service of the Order to Show Cause *served at Rutherford NJ* contrary to defendants' speculation that service at Bloomfield may have been the cause of the problems.

8.     Defendants Boyajian and Brandon are attorneys who have the obligation to demonstrate competence and diligence in their legal affairs.  The position that they did not timely know about the post-judgment discovery requests impugns the integrity of Attorney Reynolds, who did not withdraw from their representation until October, 2006.

9.     Boyajian claims to believe that he responded to the discovery through attorney Janice Thompson. Her name is Janese Thompson. She left a telephone message for me on February 13, 2007 with a call back number. When I returned the call, I got a message saying the number was not in service. I called again on February 17, 2007, but was cut off when I tried to leave a message. I called again on February 22, 2007 and left a message. She did not return the call. I have not received any letter from her. She has not sent me any discovery responses.

10.     Boyajian, as a lawyer, knows that such hearsay is inadmissible. Moreover, his affidavit does not explain the delay between his admitted receipt of discovery in December 2006 and Ms. Thompson's mid February effort to communicate.

11.     Boyajian's affidavit claims to have remedied the defects in his July 13, 2007 belated responses to post-judgment interrogatories. Instead, his new counsel resubmitted the identical inadequate responses with improper belated objections. I have yet to receive any original signature page.

12.    Under Connecticut ethical standards, failure to pay a judgment is conduct prejudicial to the administration of justice. Rules of Professional Conduct 8.4(4). Defendants have yet to pay the balances listed above.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 17, 2007.

_/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT  06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on August 17, 2007, postage prepaid, to:

Glenn Formica
27 Elm St
New Haven CT 06510

____/s/ Joanne S. Faulkner___
Joanne S. Faulkner