UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELINE GOINS, | : |
| Plaintiffs, | : CASE NO. 3:02CV 1069 (WIG) |
| -v- | : |
| JBC & ASSOCIATES, P.C., JACK H. BOYAJIAN, MARV BRANDON | : |
| | : November 19, 2007 |
| Defendants. | : |

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS MOTION FOR PROTECTIVE ORDER FOR
DISCLOSURE OF CERTAIN INFORMATION AND DOCUMENTS.

The defendants, JBC Associates, P.C., Jack H. Boyajian, and Marv Brandon, collectively submit this Memorandum of Law in Support of their Motion for a Protective Order.

I.   BACKGROUND

Jack Boyajian is the president of Boyajian and Brandon Legal Group, P.C., formerly known as JBC Legal Group, P.C. ("JBC"), a defendant in the above captioned matter. JBC is now an inactive law firm organized as a California professional corporation with a single office located in Newport Beach, California. (Boyajian. Aff. ¶ 3). JBC's office in Bloomfield, New Jersey was closed in 2006. (Boyajian. Aff. ¶ 4). Marvin Brandon, a defendant in this matter, was employed as an associate attorney based in the New Jersey office of the firm and left the firm when the office was closed. (Boyajian. Aff. ¶ 5). The Plaintiff received her

1

settlement payment of $1,500.00 several years ago, but her attorney, Joanne Faulkner, was awarded the sum of $16,674.00 per defendant on December 1, 2005 as attorney's fees by the Court.  Mr. Boyajian has been unable to pay the judgment.

II.     LEGAL STANDARD

A court is given broad discretion regarding whether to issue a protective order under Rule 26(c). Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir.1992)(grant and nature of protection is singularly within the district court's discretion); Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir.1992)(order regarding sequence of discovery at discretion of trial judge). However, a court may issue a protective order only after the moving party demonstrates that good cause exists for the protection of the material. In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir.1987). To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal), No. 94 Civ. 1402, 1995 WL 234710, at *10, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995)(quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986)) If the moving party establishes good cause for protection, "the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." Rofail v. U.S.A., 227 F.R.D. 53, 55 (E.D.N.Y.2005) *citing,* Hasbrouck v. BankAmerica Housing Services, 187 F.R.D. 453, 455 (N.D.N.Y.1999).  The

Defendants have established good cause because the requested information will result in the disclosure of confidential third party information.

III.     DISCOVERY SOUGHT TO BE PROHIBITED

In post-judgment discovery dated, October 10, 2007 (motion for extension of time granted until October 20, 2007) the Plaintiff requested the following production, to which the Defendants object:

>     4.    All tax returns for any Boyajian trust including children's and family trusts, that you authorized, approved, signed or caused to be filed with the United States at any time since October 1, 2001.
>
>     7.    All documents, including but not limited to deeds, warranties, invoices, purchase orders or bills of sale which identify any personal property with a value in excess of $1,000.00 in which you have any degree of legal or equitable ownership interest, or had the right to exercise any degree of control, at any time since October 1, 2004.
>
>     11.   All agreements for the provision of legal services by Boyajian Law Offices, P.C. or any other law firm with which you have been associated since 2002 to a client that was represented at any time by JBC.
>
>     12.   For the period August 1, 2004 through July 31, 2007, all documents identifying the recipient(s) of any funds disbursed from any JBC trust account.
>
>     13.   For the period July 1, 2004 through July 1, 2007, all documents showing any wire transfer from a JBC bank account.
>
>     15.   All documents showing any payments made by JBC Legal, by, to, or on behalf of, Boyajian Law Offices, P.C.
>
>     16.   All documents showing any payment of legal fees or costs incurred by defendant, at any time from August 1, 2004 to the present.
>
>     18.   All documents showing payment of any financial obligation of defendant, at any time from March 1, 2006, to the present.

The Defendants object to production on the following grounds.

3

IV.  ARGUMENT

There are two categories of reasons why the Defendants should be protected from disclosure of the above documents.  The first is that the information sought by the Plaintiff would involve the disclosure of records and documents sensitive to third parties.  This includes both the financial information of third parties and confidential client materials related to their respective law practices. The second reason for a protective order is that the information requested would require an untenable acquisition of information not easily available for assembly by the Defendants and is well beyond the scope of discovery in light of this being a Federal Rule of Civil Procedure 69 proceeding. This latter point will be addressed first as it becomes the important back drop to considering claims of confidentiality.

    A.    <u>The Plaintiff's Request is beyond the scope of discovery related to a Rule 69 Proceeding</u>.

Federal Rule of Civil Procedure 69(a) states:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable....

Rule 69(a) is a procedural mechanism for a court's exercise of its jurisdiction to enforce a judgment in a supplemental proceeding, which is a type of ancillary jurisdiction. <u>Argento v. Village of Melrose Park</u>, 838 F.2d 1483, 1487 & n. 6 (7th Cir.1988).  Under Rule 69(a), discovery is allowed to the extent permissible under

the Federal Rules for pretrial discovery.  <u>Natural Gas Pipeline Co. v. Energy Gathering, Inc.</u>  2 F.3d 1397, 1405 (5th Cir. 1993).

The Plaintiff's requests go well beyond Rule 69(a) in that it is essentially a fishing expedition into all of the Defendants' legal and financial troubles of the past five years.  Indeed many of the Plaintiff's requests are to unrelated information such as transfers from client accounts and the like.  The Defendants have ceased their law practice operations and therefore such information, aside from being protected as discussed *infra*, could not reasonably be connected with pertinent information for the limited scope of a Rule 69(a) proceeding.  In addition, the subject discovery requests follow previous discovery obtained by the Plaintiff as to current assets and is therefore cumulative.

    B.    <u>The Plaintiff is seeking information that will cause the Defendants to violate client confidence.</u>

Generally, the scope of discovery is limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action, or appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b). "Relevancy is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" <u>Carey</u>, 1991 WL 44843, U.S. Dist. LEXIS 3776 (S.D.N.Y.1991), *quoting,* <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). However, Federal Rule of Civil Procedure 26(c) provides that "upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from

annoyance, embarrassment, oppression or undue burden or expense, ..." For example, in Chazin, the court limited discovery from the subpoenas to material that pertained to acts specified in the complaint. Chazin, 129 F.R.D. at 98. Here discovery should be limited to current assets of the Defendants.

For the Defendants to comply with the discovery requests of the Plaintiff would necessarily cause the disclosure of the Defendants' client information. And this could make the Defendants subject to Bar discipline. The Model Rules of Professional Conduct prescribe that:

> RULE 1.6 Confidentiality of Information
>
> (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).
>
> (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>
> (1) to prevent the client from committing a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm; or
>
> *xiii (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

The information that the Plaintiff requests, incorporates — by necessity of response — the legal, financial, and the business transactional information of the Defendants' clients. This would cause the Defendants to run afoul of the Rules of Professional Conduct by disclosing confidential information of their clients. The attorney-client privilege protects communications between the client and his

attorney, *in confidence*, for the purpose of obtaining or providing legal advice. *See* RESTATEMENT OF THE LAW THIRD, THE LAW GOVERNING LAWYERS § 68 (2000)(emphasis added); *see also* 8 J. WIGMORE, EVIDENCE § 2292, at 554 (McNaughton rev. ed. 1961) ("(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) are made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived").

Designed "to encourage full and frank communication between attorneys and their clients," this rule of confidentiality "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client." Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). It also recognizes that a lawyer's "assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." Hunt v. Blackburn, 128 U.S. 464, 470, 9 S.Ct. 125, 127, 32 L.Ed. 488 (1888); *see also,* Trammel v. United States, 445 U.S. 40, 51, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980); Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). The attorney-client privilege generally forbids an attorney from disclosing confidential communications or documents that pass in the course of professional employment from client to lawyer. *See generally,* 81 Am.Jur. 2d Witnesses § 172 (1976). The privilege also is held to cover communications made to certain agents of an attorney, including accountants hired to assist in the rendition of

legal services. United States v. Kovel, 296 F.2d 918 (2d Cir.1961). As to such agents, "[w]hat is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." Id. at 922 (emphasis in original). Information provided to an accountant by a client at the behest of his attorney for the purposes of interpretation and analysis is privileged to the extent that it is imparted in connection with the legal representation. Id. *See generally,* ANNOTATION, APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE TO COMMUNICATIONS MADE IN PRESENCE OF OR SOLELY TO OR BY THIRD PERSON, 14 A.L.R.4th 594, 635 (1982).

The Attorney-Client relationship is created and exists in accord with the law of the state in which the relationship is created and exists. "The relationship of attorney and client is a matter of contract, expressed or implied." State ex rel. DeFrances v. Bedell, 191 W.Va. 513, 446 S.E.2d 906, 910 (1994). "As soon as the client has expressed a desire to employ an attorney, and there has been a corresponding consent on the part of the attorney to act for him in a professional capacity, the relation of attorney and client has been established; and all dealings thereafter between them relating to the subject of the employment will be governed by the rules applicable to such relation. Keenan v. Scott, 64 W.Va. 137, 61 S.E. 806 (1908). "The attorney-client relationship can exist without an agreement for compensation." State ex rel. DeFrances v. Bedell, *supra* at 910. Weimer-Godwin v. Board of Educ. of Upshur County, 179 W.Va. 423, 429, 369 S.E.2d 726, 732 (1988). "All that is required is the existence of a relationship of attorney and client, a status which can exist without an agreement for

compensation." "[A]n attorney-client relationship may be implied from the conduct of the parties" and "depends on each case's specific facts and circumstances." <u>State ex rel. DeFrances v. Bedell</u>, *supra* at 910. (internal citations omitted).

The Plaintiff is requesting discovery of an extraordinary scope and breadth, and it is made without any respect for the attorney-client relationship between the Defendants and their clients. Under the discovery requests, the Plaintiff would have access to important legal and financial information of the Defendants' clients. Surely those clients never envisioned that their personal and financial information would be disseminated at the time they engaged the Defendants as their counsel. Moreover, these clients would have a reasonable expectation of privacy.

    And yet that information is precisely what would be disclosed:

    11.   All agreements for the provision of legal services by Boyajian Law Offices, P.C. or any other law firm with which you have been associated since 2002 to a client that was represented at any time by JBC.

    12.   For the period August 1, 2004 through July 31, 2007, all documents identifying the recipient(s) of any funds disbursed from any JBC trust account.

    13.   For the period July 1, 2004 through July 1, 2007, all documents showing any wire transfer from a JBC bank account.

    15.   All documents showing any payments made by JBC Legal, by, to, or on behalf of, Boyajian Law Offices, P.C.

By responding to these discovery requests the Defendants would place into view the financial and legal transactions of their clients. Request 11, would disclose the nature and types of legal matters of individuals who may have sought

9

counsel of the Defendants without regard to whether these transactions became public disputes or otherwise matters of public record. Requests 12-13, seeks disclosure of client disbursements. If the Defendants were a banking institution they would not be able to access such account information absent a subpoenas or specific release authorizations. See, RIGHT TO FINANCIAL PRIVACY ACT OF 1978, 12 U.S.C. §§ 3401-22. In request 15, the Defendants are seeking information that would cause the Defendants to disclose the dates they sought legal counsel and from whom. The information also would disclose the Defendants resources — or lack thereof — to maintain and defend the numerous actions that the Plaintiff's attorney is pursuing against the Defendants and would thus provides the Plaintiff's attorney with a strategic windfall and unfair leverage in this and other matters.

    C.    <u>The Plaintiff's Document Requests seek information that belongs to Third Parties and should be requested by subpoena</u>.

Aside from issues of client to attorney confidentiality, the Plaintiff's document requests seek information that is confidential of a financial nature. Third parties to an action may be compelled to disclose confidential information, but such disclosures must be made be subpoena. This is because it is not equitable (and would violate due process) to force the disclosure of confidential third party information without allowing those individuals or entities the opportunity to object or independently seek protection of that information being disclosed.

The Federal Rules of Civil Procedure provides for such situations. Rule 34(c) provides, "A person not a party to the action may be compelled to produce

documents and things or to submit to an inspection as provided in Rule 45." In turn, Rule 45 deals with the subject of subpoenas. Typically, there are two opportunities for compelling the production of evidence pursuant to subpoena. Obviously, one can serve subpoenas on witnesses for trial, under Fed. R. Civ. P. 45. Subpoenas can also be issued to deposition witnesses under Rule 45, pursuant to Fed. R. Civ. P. 30(a)(1). In either instance, subpoenas to witnesses duces tecum or subpoenas for documents only can be issued. Fed. R. Civ. P. 45(a)(1)(C) makes it clear that subpoenas may be used to compel the production of documents as well as, or in lieu of, live witness testimony, and it is clear this rule can be used to operate independent of the discovery rules.  But these subpoenas will be subject to strict review, so as to avoid undue burden, expense, and hardship to those individuals.  Included in this subpoena should be the request for tax returns of defendant Jack Boyajian's trust account tax returns. This will allow the opportunity for those individuals to properly move for a protective order, provided they can meet the standard.

Notwithstanding, the issuance of a subpoena would provide the third parties effected with the opportunity to appear and object to the disclosure of the requested information.

    D.    The Plaintiff may argue that under the Second Circuit Court's decision in Vingelli v. U.S., Drug Enforcement Agency, 992 F.2d 449 (2nd Cir. 1993) the disclosure of fee agreements does violate client confidence, but such an argument is misplaced.

The Plaintiff may look to the Vingelli v. U.S., Drug Enforcement Agency 992 F.2d 449 (2nd Cir. 1993), but that decision was decided in the context of a grand jury subpoena that sought discovery of client fee agreements and wire

11

transfers in connection with a marijuana distribution network. But this is a civil collection action and does not involve a grand jury inquest. Notwithstanding, the holding in Vingelli, ran to the limited issue of whether a fee agreement that merely disclosed the name of a client was confidential. Specifically, the Court ruled that: "Disclosing the client's name would not necessarily reveal his or her purpose in consulting attorney Vingelli." Id. at 453. In the present case, the document request of the Plaintiff seeks the whole fee agreement, which would necessarily involve details of the matter for which the Defendants were retained as attorneys.

Unless the document request of the Plaintiff was designed limited to a client's name and information, then Vingelli, may control. The problem with the Plaintiff's requested information it does not distinguish between what is not confidential and what is confidential.

> E. For the Defendants to produce under the broad and unfiltered scope of the Plaintiff's discovery request would be oppressive and result in undue expense and burden.

While the scope of permissible discovery is broad, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992). Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome ... [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). An order compelling discovery issues

after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case. <u>Gile v. United Airlines, Inc.</u>, 95 F.3d 492, 496 (7th Cir.1996). In the present case, the Plaintiff seeks the Defendant to disclose thousands of transactions over the course of several years.  Moreover, it would require the production of documents from a now closed law practice that would require the Defendants to access stored and closed files with no active administration.

> 7. All documents, including but not limited to deeds, warranties, invoices, purchase orders or bills of sale which identify any personal property with a value in excess of $1,000.00 in which you have any degree of legal or equitable ownership interest, or had the right to exercise any degree of control, at any time since October 1, 2004.
>
> 18. All documents showing payment of any financial obligation of defendant, at any time from March 1, 2006, to the present.

The information contained in these requests is overbroad in would encompass a $5.00 receipt at CVS for a simple pharmacy item.  This is too high of a burden to be met by the Defendants.

Moreover, the information requested by the Plaintiff would likely require months of effort to assemble and produce.  The benefit of such effort would be objectively minimal to the Plaintiff who is, presumably, only concerned with the identification of assets upon which to recover.

V. <u>CONCLUSION</u>

The discovery request of the Plaintiff relates to Federal Rule of Civil Procedure 69.  None of this information is connected with the current assets.  Rather it is an attempt to harass and further complicate what should be a straight

forward inquiry into the Defendants current assets and ability to satisfy the judgment. Therefore, the court should grant this protective order.

        Respectfully Submitted,

        THE DEFENDANT:

           Jack H. Boyajian, et. al.

Glenn L. Formica, Federal
Bar No. 21053
Formica, P.C.
27 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 789-8456
Facsimile: (203) 785-0778
gformica@formicalaw.com

## CERTIFICATION

This is to certify that the foregoing Memorandum in Support of Motion for Protective Order were e-mailed on this date, November 19, 2007 to all counsel and pro se parties of record with facsimiled confirmation of receipt:

Joanne S. Faulkner
123 Avon Street
New Haven, Connecticut 06511-2422
Facsimile to: (203) 772-0395
j.faulkner@snet.net

_____
Glenn L. Formica
Attorney for the Defendant