UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EVELINE GOINS,** | : |
| **Plaintiffs,** | : CASE NO. 3:02CV 1069 (WIG) |
| -v- | : AFFADAVIT OF |
| | : JACK BOYAJIAN |
| **JBC & ASSOCIATES, P.C., JACK H. BOYAJIAN, MARV BRANDON** | : |
| | : **July 25, 2007** |
| **Defendants.** | : |

I, Jack Boyajian, declare as follows,

1. I have personal knowledge of the information set forth herein below, unless noted as based information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. I am the president of Boyajian and Brandon Legal Group, P.C., formerly known as JBC Legal Group, P.C. ("JBC"), a defendant in the above captioned matter.

3. JBC is an inactive law firm organized as a California professional corporation with a single office located in Newport Beach, California.

4. JBC's office in Bloomfield, New Jersey was closed in 2006.

5. Marv Brandon, a defendant in this matter, was employed as an associate attorney based in the New Jersey office of the firm and left the firm when the office was closed.

6. The plaintiff received her settlement payment of $1,500.00 several years ago, but her attorney, Joanne Faulkner, was awarded the sum of $16,674.00 on December 1, 2005 as attorney's fees by the Court.

7.  I have been unable to pay this judgment but have offered a structured settlement to Ms. Faulkner for a sum certain to be paid over time which has been rejected by Ms. Faulkner.

8.  In December, 2006, I was made aware for the first time that interrogatories which were propounded on me and my co-defendants had not been answered and that there was a court order issued in August of 2006 requiring that they be answered.

9.  On information and belief, plaintiff counsel was using JBC's Bloomfield office addresses in her communication which was not forwarded to me. In addition, my paralegal was on an extended maternity leave during the summer and fall of 2006 which partially affected the paper flow in office.

10.  I answered the plaintiff's interrogatories and asked my then Connecticut attorney, Janice Thompson, to file my answers with the Court and plaintiff's counsel.

11.  Thereafter, Ms. Thompson advised me that she thought the matter was venued in state court when she agreed to represent me and my co-defendants and since she is not admitted to practice in Federal District Court, she was unable to provide representation.

12.  Ms. Thompson advised me that she tried contacting Ms. Faulkner by telephone on several occasions to discuss the matter and provide the information sought, but Ms. Faulkner never returned the calls.

13.  On information and belief, Ms. Thompson sent Ms. Faulkner a letter on February 14, 2007 explaining the circumstances and provided answers to the interrogatories, a copy of which has been attached hereto as Exhibit A.

14.  I did not hear from Ms. Faulkner regarding this matter until July 10, 2007 when she sent the Court order holding me in contempt for failure to answer plaintiff's interrogatories. I never received any moving papers from Ms. Faulkner regarding the referenced order and had I been provided notice of Ms. Faulkner's order, I would have responded by providing the Court and her with the information continued herein and my answers to the interrogatories.

15.     On July 13, 2007, I provided Ms. Faulkner my updated answers to plaintiff's interrogatories, fully and completely, with the appropriate objections.

16.     I received an email the next morning from Ms. Faulkner declaring that my answers were not satisfactory and that I could not object to any of the interrogatories.

17.     I contact several attorneys admitted to practice in this court seeking representation.  Several of them reviewed my answers and told me that, in their opinion, my answers and objections were reasonable.

18.     It is and always has been my intent to be responsive to the Court's orders.  If the Court deems overrules my objections, I will provide all answers and information thereto.

I declare under the penalty of perjury under the laws of the state of New Jersey that the foregoing is true and correct and that this affidavit was executed at Rutherford, New Jersey on July 25, 2007.

_____
Jack Boyajian