UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.  CASE NO. 3:02CV 1069 (WIG)

JBC & ASSOCIATES, P.C. et al.  November 26, 2007

PLAINTIFF'S OPPOSITION TO PROTECTIVE ORDER

Plaintiff opposes defendants' Motion for Protective Order (Doc. No. 133) as procedurally and substantively defective. Moreover, despite lack of any timely objection from defendant Brandon (Doc. No. 134-3), he has produced no documents.[1] Likewise, defendant Boyajian has produced no non-corporate documents. Defendant Boyajian's unsworn affidavit does not provide any factual details in support of the claim of privilege or client confidences, and there can be none.

I. RETAINER AND INVOICES ARE NOT PRIVILEGED

It is beyond doubt that a collection / retainer agreement is not privileged. The fact of legal employment, the client's identity, the attorney's fees, and the scope and nature of employment are not privileged. Upjohn Co. v. U.S., 449 U.S. 383, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981). *See also* Yancey v. Hooten, 180 F.R.D. 203, 212-23 (D. Conn. 1998); Vingelli v. U.S., 992 F.2d 449, 453 (2d Cir. 1993); Salter v. I.C. System, Inc., 2005 U.S. Dist. LEXIS 41299 (D. Conn. June 3, 2005); Boutvis v. Risk Mgmt. Alternatives, Inc., 2002 U.S. Dist. LEXIS 8521 (D. Conn. May 2, 2002); Kimbro v. I.C. System, Inc., 2002 WL 1816820 (D.

---

[1] The documents attached to the production request relate to the corporate entity. There should be W-2s or 1099s in response to Production 10, contrary to the response.

Conn. July 22, 2002); Pullen v. Arrow Fin. Servs., LLC., 2002 U.S. Dist. LEXIS 27823 *12 (D. Conn. 2002).

II. THERE IS NO PRIVILEGE LOG

Defendants' Mem. at 6-10 claims privilege/ confidentiality. D. Conn. L. Civ. Rule 37(a)1 mandates a privilege log, but defendants did not provide one as required by law. Nor did they comply with Fed. R. Civ. P. 26(b)(5).  In re The County of Erie, 473 F. 3d 413, 419 (2007) ("A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice").  The predominant purpose of the communication must be to obtain legal advice. Id. at 420.

Defendants did not provide any evidentiary or legal support for their claim, possibly because of their mistaken belief that *any* attorney client communication is automatically privileged.[2] As the court said in United States v. Construction Prods. Research, 73 F.3d 464 (2d Cir. 1996), "The descriptions and comments simply do not provide enough information to support the privilege claim, particularly in the **glaring absence** of any supporting affidavits or other documentation. See *Bowne*, 150 F.R.D. at 475; *Allendate Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) (privilege log should provide "a specific explanation of why the document is privileged")." Id. at 473-74.

---

[2] It is elementary that "Simply because a document was 'prepared by counsel' or was the result of 'interviews between counsel and the Defendant' does not necessarily mean that it is protected by the attorney-client privilege." Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165, 168 (D. Conn. 2005)

Magistrate Judge Smith has ruled on privilege issues repeatedly.

> The purpose of preparing the privilege log is to assist the court and the parties in performing the careful analysis that a privilege or immunities evaluation demands. An invocation of a claim of privilege without producing an accompanying privilege log can be an unfair discovery tactic that increases delay in the resolution of lawsuits, fosters excessive motion practice, increases the costs of litigation, and greatly increases the work of the court. In addition, the very act of preparing a privilege log has a salutary effect on the discovery process by requiring the attorney claiming a privilege to actually think about the merits of assertion before it is made, and to decide whether such a claim is truly appropriate. Moreover, the requirement of a privilege log is intended to underscore the gravity, if not the solemnity, of an assertion that otherwise presumptively discoverable documents are exempt from discovery. The requirement that detail be provided operates to discourage pro forma, half-baked, dilatory, and even jocular assertions of privilege.
>
> There is a considerable body of law on what privilege logs should contain. The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected.

<u>Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.</u>, 240 F.R.D. 44, 47 (D. Conn. 2007).

> Broadly, the attorney-client privilege applies only to "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). However, the privilege is more narrow: its purpose being to "shelter the confidences a client shares with his or her attorney when seeking legal advice, in the interest of protecting a relationship that is the mainstay of our system of justice." *Clute v. Davenport*, 118 F.R.D. 312, 314 (D. Conn. 1988) (emphasis added) (drawing a distinction between "confidences entrusted to an attorney by a client" and "conclusions of an attorney that have been related to a client"). Moreover, regarding advice of counsel, "unless the legal advice reveals what the client has said, no legitimate interest of the client is impaired by disclosing the advice." *SCM Corp. V. Xerox Corp.*, 70 F.R.D. 508, 522 (D. Conn. 1976).

<u>Ruran v. Beth El Temple of W. Hartford, Inc</u>., 226 F.R.D. 165, 168 (D. Conn. 2005).

> It is of the essence of the attorney-client privilege that it is limited to those communications which are intended to be confidential. 'The moment confidence ceases,' said Lord Eldon, 'privilege ceases.' Parkhurst v. Lowten, 2 Swanst. 194, 216 (1819). Consult 8 Wigmore on Evidence §§ 2311-2316 (3rd ed. 1940). Thus it is well established that communications between an attorney and his client, though made privately, are not privileged if it was understood that the information communicated in the conversation was to be conveyed to others. *In re Fisher*, D.C.S.D.N.Y.1931, 51 F.2d; *Wilcoxon v. United States*, 10 Cir., 1956, 231 F.2d 384, certiorari denied 351 U.S. 943, 76 S.Ct. 834, 100 L.Ed. 1469; *United States v. Shibley*, D.C.S.D.Cal.1953, 112 F.Supp. 734.

United States v. Tellier, 255 F.2d 441, 447 (2d Cir. 1958).

Defendants were acting under the aegis of variously named collection agencies, not as attorneys, so any privilege is unlikely. In re Edwin Shapiro, 381 F. Supp. 21, 22 (N.D. Ill. 1974) (where the attorney acts as a business advisor or collection agent, the communications between him and his client are not protected by the privilege); FTC v. Lundgren, 1997 U.S. Dist. LEXIS 9557 *6-7 (E.D. Cal. 1997), agreeing that that the privilege does not apply when the attorney is acting as a debt collector, summarizes the federal law of privilege as follows:

> The privilege applies, however, only when it is "necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). The privilege protects only those disclosures necessary to obtain informed legal advice and which would not have been made but for the privilege; The person claiming the privilege has the burden of establishing it. *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988).

Defendants' attorney client privilege claims should be denied, not only because they were acting as collection agencies, not attorneys, but under well established principles:

(1) The privilege claim is strictly confined within the narrowest possible limits since it is in derogation of the plaintiff's right to evidence. In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000); United States v. Weissman, 195 F.3d 96, 100 (2d Cir. 1999).

(2) It is the defendants' burden to establish *all* elements of the privilege claim. In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000); United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

(3) It is the defendant's burden to submit a detailed privilege log as to every element of the privilege, including affidavits or testimony to fill in the gaps. Id. It is well-settled that the party invoking a privilege has the burden of proving the facts on which the privilege claim is based, and it must do so with competent and specific evidence and may not rely on conclusory assertions. Id.

(4) If a document does not seek legal advice, it is not privileged. United States v. Intern. Broth. of Teamsters, AFL-CIO, 119 F. 3d 210, 215 (2d Cir. 1997); United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995); In re Turner's Appeal, 72 Conn. 305, 318 (1899) (seeking factual information).

(5) If the information in a letter from a client to an attorney is intended to be disclosed, rather than kept confidential, the communication is not privileged. United States v. Intern. Broth. of Teamsters, AFL-CIO, 119 F. 3d 210, 215 (2d Cir. 1997).

(6) Information provided by a client to an attorney for the purpose of use in litigation, or for disclosure to others, is not privileged. United States v. Oloyede, 982 F.2d 133, 141 (4th Cir. 1992) (information conveyed to be used to file citizenship application, client had no intent to keep confidential); United States v. Tellier, 255 F. 2d 441, 447 (2d Cir. 1958) (information intended to be conveyed to others not confidential); In re Grand Jury Investigation, 557 F. Supp. 1053, 1056 (E.D. Pa. 1983) (information intended to be disclosed in filing litigation, or matters of public record, not privileged); (United States v.

Lawless, 709 F.2d 485, 488 (7th Cir. 1983) (gathered for tax return even though not actually disclosed therein); Computer Network Corp. v. Spohler, 95 F.R.D. 500, 502 (D.D.C. 1982) (purpose "was to obtain facts to represent to the court, and not for the purpose of rendering legal advice").

(7) Communication *from* the attorney to the client is within the privilege only insofar as it discloses confidential information provided to the lawyer by the client. In re Six Grand Jury Witnesses, 979 F.2d 939, 943-44 (2d Cir. 1992); Ullman v. Connecticut, 230 Conn. 698, 714, 647 A.2d 324 (1994) (factual communication from attorney to client not privileged unless inextricably intertwined with giving legal advice); Loftis v. Amica Mut. Ins. Co., 175 F.R.D. 5, 9 (D. Conn. 1997).

(8) Communication *from* the attorney to the client which conveys public record information, or information from a third party, is not privileged. Matter of Grand Jury Subpoenas, 959 F.2d 1158 (2d Cir. 1992) (third party documents and information not subject to privilege, citing Hickman v. Taylor, 329 U.S. 495, 508 (1947)); Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995) (facts from third party conveyed by attorney to client not privileged) ; In re Sealed Case, 737 F.2d 94, 99 (D.C. Cir. 1984) (same).

(9) What the attorney did, and events which occurred after the consultation are not privileged. State v. Yates, 174 Conn. 16, 20, 381 A.2d 536 (1977); United States v. Brickey,, 426 F.2d 680, 685 (8th Cir. 1970) (attorney's acts or services during course of representation not privileged because they are not private professional communications).

III. DEFENDANTS' RESPONSES MAY REVEAL TRANSFERS IN FRAUD
OF JUDGMENT CREDITORS

Defendants claim (at 4-5) that the discovery request is beyond the scope of Rule 69. However, income and asset discovery allows plaintiff to trace manipulation of those items by payments to third parties. In particular, defendant Boyajian may have carefully transferred his income and assets to ensure their availability to his wife and four children, rather than to his creditors. Defendant Brandon admits to having significant assets but has not provided the documentation essential to execution.

Defendants claim (at 10-11) that plaintiff should subpoena information from as-yet-unknown third parties. The argument is contrary to Fed. R. Civ. P. 1 and 26(b)(2)(C).

Defendants claim that the discovery would be oppressive and burdensome. Once again, that conclusory assertion is factually unsupported. Boilerplate, unsubstantiated objections are invalid. "[T]he mere statement by a party that [an] interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982); Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections are insufficient).

A burdensome objection "must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." Chubb Integrated Systems v. Nat'l Bank of Washington, 103 F.R.D. 52, 59-60 (D.D.C. 1984).

CONCLUSION

Since defendants did not interpose a privilege log or affidavit substantiating their boilerplate objections with competent evidence, their Motion for Protective Order should be denied. Since defendants have defied the Court's order to produce the documents no later than November 20, all objections should be overruled with documents to be produced by a date certain under penalty of contempt.

        THE PLAINTIFF

        BY____/s/ Joanne S. Faulkner____

         JOANNE S. FAULKNER ct04137
          123 Avon Street
          New Haven, CT 065l1
         (203) 772-0395
         j.faulkner@snet.net

This is to certify that the foregoing was mailed on November 24, 2007, postage prepaid, to:

Glenn L. Formica
Formica, P.C.
27 Elm Street
New Haven, Connecticut 06510

        ___/s/ Joanne S. Faulkner____
        Joanne S. Faulkner